GREENBAUM, ROWE, SMITH & DAVIS LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
Attorneys for Defendant Wachovia Dealer Services, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANEE N. POLLITT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRS TOWING, LLC, d/b/a ADVANCED FINANCIAL SERVICES, WACHOVIA DEALER SERVICES, INC. d/b/a WDS, INC., WFS FINANCIAL, WFS FINANCIAL, INC., and JOHN DOES 1 to 10,<br><br>Defendants. | CIVIL ACTION NO.<br><br><br><br><br>*Electronically Filed* |

**NOTICE OF REMOVAL OF DEFENDANTS Wachovia Dealer Services, Inc. and DRS Towing, LLC**

Defendant Wachovia Dealer Services, Inc., formerly known as WFS Financial Inc. ("WDS"),[1] by its counsel, hereby gives notice pursuant to 28 U.S.C. §§ 1453 and 1446 of the removal to this Court of the action commenced against them in the Superior Court of New Jersey, Middlesex County, Law Division, captioned *Shanee N. Pollitt v. DRS Towing, LLC, d/b/a Advanced Financial Services, Wachovia Dealer Services, Inc. d/b/a WDS, Inc., WFS Financial, and WFS Financial, Inc., and John Does 1 to 10*, Docket No. MID-L-473-10. In support of such removal, WDS avers as follows.

---

[1] WFS Financial Inc. is now known as Wachovia Dealer Services Inc. There is no entity named WFS Financial.

## PROCEDURAL HISTORY

1. On or about January 20, 2010, plaintiff commenced this purported class action complaint in the Superior Court of New Jersey, Middlesex County. On February 8, 2010, plaintiff served WDS's registered agent with a copy of the summons and complaint herein. True and correct copies of the summons and complaint served on WDS are attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

2. WDS first received notice of this action through service of the summons and complaint on its registered agent for service of process on February 8, 2010. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

## BASIS FOR REMOVAL JURISDICTION

3. Generally. This action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (2005), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453. This is a putative class action in which at least one member of the class of plaintiffs is a citizen of a state different from that of WDS and the amount in controversy, were plaintiff to prove her allegations, exceeds $5,000,000 exclusive of interest and costs.

4. Covered Class Action. The Class Action Fairness Act defines a "civil action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B). The present action is a "class action" for purposes of the Class Action Fairness Act as plaintiff purports to bring her action individually and "as a class action" under New Jersey law.

5. Diversity. The diversity requirement of Section 1332(d), as amended by the Class Action Fairness Act, is satisfied when any member of a class of plaintiffs is a citizen of a State different from any defendant. Here, plaintiff alleges that she is a citizen

of New Jersey (Compl. ¶ 6). WDS is a California corporation with its principal place of business in California. Accordingly, there is diversity of citizenship between the parties.

6. <u>Matter in Controversy.</u> Pursuant to 28 U.S.C. § 1332(d)(2), this Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." As provided in 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

7. Plaintiff's allegations and prayer for relief place more than $5,000,000 "in controversy." Specifically:

(a) Plaintiff seeks to recover damages on behalf of herself and "two Classes of persons similarly situated to herself." Class A consists of "[a]ll consumer obligors to whom Defendant Wachovia provided an inaccurate redemption amount at any time during the four years prior to the filing of the initial Complaint." (Compl. ¶ 67.) Class B consists of "[a]ll persons who were charged and paid a fee to Defendant DRS as a condition of DRS releasing property that had been in their vehicle when it was repossessed by Defendant DRS at the request of Defendant Wachovia." (Compl. ¶ 67.) WDS estimates that these classes contain in excess of 2,000 members.

(b) Plaintiff seeks to recover actual and statutory damages on "behalf of herself and others similarly situated" under New Jersey's Consumer Fraud Act (the "CFA"), Truth-in-Consumer Contract, Warranty and Notice Act (the "TCCWNA"), and the New Jersey Uniform Commercial Code (the "NJUCC"). Plaintiff further alleges that:

(i) The CFA imposes mandatory treble damages, pursuant to N.J.S.A § 56:8-19;

    (ii) Under the TCCWNA, class members are entitled to minimum statutory damages of $100 per violation, in addition to actual damages, pursuant to N.J.S.A. § 56:12-17; and

    (iii) Under the NJUCC, class members are entitled to actual damages, including damages for losses "resulting from the debtor's inability to obtain, or increased costs of, alternative financing, pursuant to N.J.S.A. § 12A:9-625(b), and that the NJUCC additionally provides for statutory damages in "an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price," pursuant to N.J.S.A. § 12A:9-625(c).

(Compl. at 14.)

  (c) Plaintiff seeks to recover attorney's fees pursuant to N.J.S.A §§ 56:8-19 and 12-17. (Compl. at 14.) The amount of plaintiffs' attorneys' fees should therefore be included in the amount in controversy calculation. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (including in calculation of jurisdictional amount attorneys fees equal to 30% of total damages).

  (d) Plaintiff seeks, for herself and those similarly situated, "injunctive relief prohibiting Defendants from carrying out future violations of the NJUCC, CFA, and TCCWNA similar to the violations alleged [in the Complaint]." (Compl. at 13.) Plaintiff also seeks, for herself and those similarly situated, "other relief as set forth at N.J.S.A. 56:12-17" for violations of the TCCWNA. (Compl. ¶ 117.) Such other relief includes the voiding of the contract at issue. N.J.S.A. § 56:12-17.

  (e) Plaintiff seeks, for herself and those similarly situated, "an order of restitution in an amount to be determined at trial to restore to all affected obligors

all money acquired by Defendants or its successors in interest by means of its unlawful, unfair and fraudulent practices and all interest and profit earned thereon." (Compl. at 14.)

WDS does not concede that it is liable to plaintiff or the purported classes in any amount, or at all. Indeed, WDS contends that plaintiff and the classes she purports to represent are entitled to recover nothing. As the Seventh Circuit has explained, for purposes of removal "the question is not what damages the plaintiff will recover, but what is the amount 'in controversy' between the parties.'" *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."). Nevertheless, without conceding the merit of plaintiff's allegations, a fair reading of the complaint demonstrates that the value of some or all of these demands exceeds $5,000,000. Because the value of plaintiff's demands for relief place more than $5,000,000, exclusive of interest and costs, in controversy, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

8. Counsel for WDS certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the New Jersey Superior Court, Middlesex County, and served on plaintiff promptly.

## NO WAIVER

9. By removing this action, WDS does not waive any defenses or counterclaims it may have, including but not limited to lack of personal jurisdiction. In addition, nothing in this Notice shall be construed as an admission by WDS, implied or otherwise, of any fact or allegation set forth in the Complaint.

**WHEREFORE**, WDS respectfully removes this action from the Superior Court of the State of New Jersey, County of Middlesex, bearing docket MID-L-473-10 to this Court pursuant to 28 U.S.C. §§ 1453 and 1446.

Respectfully submitted,

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendant
Wachovia Dealer Services, Inc., F/K/A/ WFS Financial, Inc.

By: _____
JOHN D. NORTH

Dated: March 10, 2010