UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY – NEWARK VICINAGE

| | | |
|---|---|---|
| SHANEE N. POLLITT, ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED, | : | CIVIL ACTION |
| | : | |
| | : | |
| | : | |
| | : | DOCKET NO.:  10-CV-01285 |
| Plaintiffs, | : | |
| | : | |
| v. | : | **DEFENDANT DRS TOWING, LLC d/b/a** |
| | : | **ADVANCED FINANCIAL SERVICES'** |
| DRS TOWING, LLC d/b/a ADVANCED | : | **ANSWER TO PLAINTIFF'S COMPLAINT** |
| FINANCIAL SERVICES; WACHOVIA | : | **WITH AFFIRMATIVE DEFENSES,** |
| DEALER SERVICES, INC. d/b/a WDS, | : | **CROSSCLAIMS, REPLY TO ALL** |
| INC.; WFS FINANCIAL AND WFS | : | **CROSSCLAIMS AND DEMAND FOR** |
| FINANCIAL, INC., | : | **JURY TRIAL** |
| | : | |
| Defendants. | : | |

Defendant, DRS Towing, LLC d/b/a Advanced Financial Services (hereinafter "DRS") by and through its attorneys, Dickie, McCamey & Chilcote, P.C., avers the following by way of Answer to Plaintiff's Complaint:

### *NATURE OF THE ACTION*

1.      Admitted in part; denied in part.  It is admitted only that Plaintiff has instituted the above-captioned action.  The remaining allegations contained in this paragraph are denied.

2.      Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

3.      Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

4.      Admitted in part; denied in part.  It is admitted only that DRS repossessed Plaintiff's vehicle.  It is further admitted that DRS removed Plaintiff's personal possessions from the vehicle and returned those items to her upon payment of a fee.  The remaining allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

### *VENUE*

5.      Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

### *ALLEGATIONS OF FACT*

6.      Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

7.      Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

8.      Admitted.

9.      Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

10.      Admitted in part; denied in part.  It is admitted only that a document is attached to Plaintiff's Complaint as Exhibit "A" which has the words "Retail Installment Contract" at the top.  The remaining allegations contained in this paragraph are denied.

11.     Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as the copy of the document attached as Exhibit "A" to Plaintiff's Complaint is substantially illegible.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted in part; denied in part.  It is admitted only that DRS removed a number of Plaintiff's personal possession from the subject vehicle.  After reasonable investigation, DRS does not recall the exact items of personal property which were removed from Plaintiff's vehicle and therefore the remaining allegations contained in this paragraph are denied.

17.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

18.     Admitted in part.  Neither admitted nor denied in part.  It is admitted only that a document is attached as Exhibit "B" to Plaintiff's Complaint which contains the phase "Notice of Our Plan to Sell Property".  The remaining allegations contained in this paragraph are directed to parties other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

19.     Admitted.

20.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

21.    Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

22.    Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

23.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

24.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

25.    Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

26.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

27.    Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

28.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

29.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

30.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

31.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

32.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

33.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

34.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

35.    Admitted in part; denied in part.  It is admitted only that Exhibit "C" to Plaintiff's Complaint contains a list of various charges totaling $644.00.  The remaining allegations contained in this paragraph are denied.

36.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

37.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

38.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

39.    Admitted in part; denied in part.  It is admitted that at some point, Plaintiff contacted DRS to inquire about the process for the return of her personal property.  The remaining allegations contained in this paragraph are denied.

40.    Denied.

41.    Admitted.

42.    Admitted.

43.    Admitted.

44.    Admitted.

45.   Admitted.

46.   Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

47.   Denied.

48.   Admitted.

49.   Admitted in part; denied in part. It is admitted that a contract existed between Defendant Wachovia and Defendant DRS which is a document in writing that speaks for itself. The remaining allegations contained in this paragraph are denied.

50.   Admitted in part, denied in part. It is admitted only that Wachovia paid a $350 repossession fee to DRS. The remaining allegations contained in this paragraph are denied.

51.   Neither admitted nor denied. The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

52.   Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and plaintiff is left to her proofs.

53.   Denied.

54.   Denied.

55.   Admitted in part; denied in part. The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs. By way of further response, it is admitted that DRS was permitted to collect the $60.00 fee by Defendant Wachovia.

56.    Admitted in part.  Neither admitted nor denied in part.  It is admitted only that DRS charged Plaintiff a $60.00 fee for the release of her personal property.  The remaining allegations contained in this paragraph are directed to parties other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

57.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

58.    Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

59.    Admitted.

60.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

61.    Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

62.    Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

63.    Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

64.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

65.     Admitted in part; denied in part.  It is admitted only that DRS has charged fees for the release of personal property.  The remaining allegations contained in this paragraph are denied.

## CLASS ALLEGATIONS

66.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

83.     Denied.  After reasonable investigation, DRS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and Plaintiff is left to her proofs.

### *COUNT ONE – VIOLATIONS OF THE NJUCC*

84.     DRS incorporates by reference its responses to paragraphs 1 through 83 of Plaintiff's Complaint as if fully set forth herein at length.

85.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

86.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

87.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

88.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

89.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

90.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

91.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

92.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

93.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

94.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

WHEREFORE, Defendant, DRS Towing, LLC d/b/a Advanced Financial Services demands judgment in its favor dismissing Plaintiff's Complaint and awarding it costs, attorney's fees and any other damages that this Court may deem appropriate.

## *COUNT TWO – VIOLATIONS OF THE CONSUMER FRAUD ACT*

95.     DRS incorporates by reference its responses to paragraphs 1 through 94 of Plaintiff's Complaint as if fully set forth herein at length.

96.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

97.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

98.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

99.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

100.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

101.     Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.

102.     Denied.

103.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

104.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

105.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

106.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

107.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

108.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

109.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

WHEREFORE, Defendant, DRS Towing, LLC d/b/a Advanced Financial Services demands judgment in its favor dismissing Plaintiff's Complaint and awarding it costs, attorney's fees and any other damages that this Court may deem appropriate.

### COUNT THREE
### VIOLATIONS OF THE TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT

110.    DRS incorporates by reference its responses to paragraphs 1 through 109 of Plaintiff's Complaint as if fully set forth herein at length.

111.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and plaintiff is left to her proofs.

112.    Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.  To the extent a response on behalf of DRS is deemed to be required, DRS response as follows:  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

113.    Neither admitted nor denied.  The allegations contained in this paragraph are directed to a party other than DRS and no response on behalf of DRS is required and DRS therefore neither admits nor denies said allegations.  To the extent a response on behalf of DRS is deemed to be required, DRS response as follows:  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and Plaintiff is left to her proofs.

114.    Neither admitted nor denied.  The allegations contained in this paragraph are

directed to a party other than DRS and no response on behalf of DRS is required and DRS

therefore neither admits nor denies said allegations.  To the extent a response on behalf of DRS

is deemed to be required, DRS response as follows:  The allegations contained in this paragraph

constitute conclusions of law to which no response is required and said allegations are therefore

denied and Plaintiff is left to her proofs.

115.    Neither admitted nor denied.  The allegations contained in this paragraph are

directed to a party other than DRS and no response on behalf of DRS is required and DRS

therefore neither admits nor denies said allegations.  To the extent a response on behalf of DRS

is deemed to be required, DRS response as follows:  The allegations contained in this paragraph

constitute conclusions of law to which no response is required and said allegations are therefore

denied and Plaintiff is left to her proofs.

116.    Neither admitted nor denied.  The allegations contained in this paragraph are

directed to a party other than DRS and no response on behalf of DRS is required and DRS

therefore neither admits nor denies said allegations.

117.    Neither admitted nor denied.  The allegations contained in this paragraph are

directed to a party other than DRS and no response on behalf of DRS is required and DRS

therefore neither admits nor denies said allegations.

WHEREFORE, Defendant, DRS Towing, LLC d/b/a Advanced Financial Services

demands judgment in its favor dismissing Plaintiff's Complaint and awarding it costs, attorney's

fees and any other damages that this Court may deem appropriate.

## *AFFIRMATIVE  DEFENSES*

### *FIRST AFFIRMATIVE DEFENSE*

DRS performed each and every duty and obligation owed to the Plaintiff, to the extent

any such duty or obligation existed.

### SECOND AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff are the result of the negligence and/or contributory negligence of the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

DRS was not negligent or careless in any manner in connection with this action.

### FOURTH AFFIRMATIVE DEFENSE

Any damages alleged sustained by the Plaintiff in connection with this action were caused solely or in part by the conduct of third parties over which DRS had no control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the applicable provisions of the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-2.1, et seq.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrine of assumption of the risk.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited under the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrine of waiver.

### .ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by her failure to mitigate her damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the Entire Controversy Doctrine, Rule 4:30-A.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of improper service of process.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrine of accord and satisfaction.

### FIFTEEN AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by release.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrine of res judicata.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred of limited by the doctrine of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the statue of frauds.

### NINETEENTH AFFIRMATIVE DEFENSE

DRS performed any and all acts as a licensed towing facility duly licensed and authorized by the local, state and/or other necessary authority.

### TWENTIETH AFFIRMATIVE DEFENSE

DRS acted reasonably at all times relevant to the pending action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

DRS did not violate any applicable laws, rules, regulations, statutes or ordinances in connection

with the subject matter of the pending action.

### *CROSSCLAIM FOR CONTRIBUTION*

While denying any liability for damages to Plaintiff, should Defendant, DRS Towing, LLC d/b/a Advanced Financial Services be judged liable to Plaintiff then co-defendants, Wachovia Dealer Services, Inc. d/b/a WDS, Inc., WFS Financial, WFS Financial Inc. and John Does 1-10 are joint tortfeasors and are therefore liable over to Defendant, DRS Towing, LLC d/b/a Advanced Financial Services for  contribution pursuant to the Joint Tortfeasors Act, N.J.S.A. 2A:53A-1, et seq., the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq. and Rule 4:7-5.

### *CROSSCLAIM FOR INDEMNIFICATION*

Defendant, DRS Towing, LLC d/b/a Advanced Financial Services demand contractual and common law indemnification from co-defendants, Wachovia Dealer Services, Inc. d/b/a WDS, Inc., WFS Financial, WFS Financial Inc. and John Does 1-10.

### *REPLY TO ALL CROSSCLAIMS*

Defendant, DRS Towing, LLC d/b/a Advanced Financial Services denies that it is responsible either for indemnification or contribution to co-defendants, Wachovia Dealer Services, Inc. d/b/a WDS, Inc., WFS Financial, WFS Financial Inc. and John Does 1-10.

### *CERTIFICATION PURSUANT TO RULE 4:6*

The undersigned hereby certifies that the within Answer was filed and served pursuant Rule 4:6.

### *CERTIFICATION PURSUANT RULE 4:5-1*

I, Michael K. Willison, Esquire, hereby certifies that to the best of my knowledge, the matter in controversy is not the subject of any other pending Court actions or arbitration.

### *DESIGNATION OF TRIAL COUNSEL*

Please take notice that pursuant to Rule 4:25, Michael K. Willison, Esquire, is hereby designated as trial counsel for Defendant, DRS Towing, LLC d/b/a Advanced Financial Services.

### *JURY DEMAND*

DRS Towing, LLC d/b/a Advanced Financial Services demands a trial by jury on all issues herein.

Respectfully submitted.

DICKIE, McCAMEY & CHILCOTE

BY:_____/S/Michael K. Willison_____
　　　　 Michael K. Willison, Esquire

　　　　 41 South Haddon Avenue, Suite 5
　　　　 Haddonfield, New Jersey 08033
　　　　 (856) 354-0192

　　　　 Attorney for Defendant:
　　　　 DRS Towing, LLC d/b/a Advanced
　　　　 Financial Services

- 19 -

UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY – NEWARK VICINAGE

| | |
|---|---|
| SHANEE N. POLLITT,  ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED, | : CIVIL ACTION<br>:<br>:<br>: |
| Plaintiffs, | : DOCKET NO.:  10-CV-01285<br>:<br>: |
| v. | :          **CERTIFICATE OF SERVICE**<br>: |
| DRS TOWING, LLC d/b/a ADVANCED FINANCIAL SERVICES; WACHOVIA DEALER SERVICES, INC. d/b/a WDS, INC.; WFS FINANCIAL AND WFS FINANCIAL, INC., | :<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

On  March  $\underline{31}$  , 2010, I, the undersigned, mailed by regular mail one copy of the

within Answer on behalf of Defendant DRS Towing, LLC d/b/a Advanced Financial Services to

Plaintiff's Complaint with Affirmative Defenses, Crossclaims, Reply to All Crossclaims and

Demand for Jury Trial to:

> Andrew R. Wolf, Esquire
> Henry Wolfe, Esquire
> Galex Wolf, LLC
> 1520 U.S. Highway 130 – Suite 101
> North Brunswick, NJ 08902
>
> Christopher J. McGinn, Esquire
> The Law Offices of Christopher J. McGinn
> 79 Paterson Street
> New Brunswick, NJ 08901
>
> John D. North, Esquire
> Stephanie G. Reckord, Esquire
> Greenbaum, Rowe, Smith & Davis, LLP
> Metro Corporate Campus One
> P.O. Box 5600
> Woodbridge, NJ 07095

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


    /S/ Michael K. Willison
Michael K. Willison, Esquire