**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Metro Corporate Campus One - P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
Attorneys for Defendant - Wells Fargo Dealer Services, Inc.


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


| | | |
|---|---|---|
| SHANEE N. POLLITT, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-CV-01285 |
| DRS TOWING, LLC, d/b/a ADVANCED FINANCIAL SERVICES, WACHOVIA DEALER SERVICES, INC. d/b/a WDS, INC., WFS FINANCIAL, WFS FINANCIAL, INC., and JOHN DOES 1 to 10, | ) ) ) ) ) ) | DEFENDANT WELLS FARGO DEALER SERVICES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT |
| Defendants. | | |


Defendant Wells Fargo Dealer Services, Inc., formerly known as Wachovia Dealer

Services, Inc. and WFS Financial Inc. ("WDS"),[1] responds as follows to each numbered

paragraph of the Class Action Allegation Complaint ("the Complaint") filed by plaintiff Shanee

N. Pollitt ("Plaintiff") in the above-captioned case.


---

[1] Wachovia Dealer Services, Inc. is now known as Wells Fargo Dealer Services, Inc. There is no entity named WFS Financial.

## INTRODUCTION

1.      Responding to paragraph 1 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

2.      Responding to paragraph 2 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

3.      Responding to paragraph 3 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

4.      Responding to paragraph 4 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

## VENUE

5.      Responding to paragraph 5 of the complaint, Defendant admits that WDS is an out-of-state corporation that conducts business in New Jersey, but insofar as this paragraph states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

## ALLEGATIONS OF FACT

6.      Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 and on that basis denies the averments.

7.      Responding to paragraph 7 of the complaint, Defendant admits that WDS is in the business of servicing motor vehicles and was a subsidiary of Wachovia Bank, N.A.  Except as expressly admitted, Defendant denies the averments of this paragraph.

8.   Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 and on that basis denies the averments.

9.   Responding to paragraph 9 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

10.   Responding to paragraph 10 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant admits that Plaintiff entered a retail installment sales contract (the "RISC") to finance the purchase of a 2002 Toyota Camry from Toyota of Runnemede, and that the RISC was assigned to WFS Financial, Inc.  Except as expressly admitted, Defendant denies the averments of this paragraph.

11.   Responding to paragraph 11 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that the Retail Installment Sales Contract ("RISC") speaks for itself. Except as expressly admitted, Defendant denies the averments of this paragraph.

12.   Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12 and on that basis denies the averments.

13.   Responding to paragraph 13 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 13 and on that basis denies the averments.  Except as expressly admitted, Defendant denies the averments of this paragraph.

14.   Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 and on that basis denies the averments.

15. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15 and on that basis denies the averments.

16. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16 and on that basis denies the averments.

17. Responding to paragraph 17 of the complaint, Defendant admits that Plaintiff contacted Defendant after her vehicle was repossessed to find out how she could redeem the vehicle. Except as expressly admitted, Defendant denies the averments of this paragraph.

18. Responding to paragraph 18 of the complaint, Defendant admits that it sent Plaintiff a Notice of Our Plan to Sell Property. Except as expressly admitted, Defendant denies the averments of this paragraph.

19. Responding to paragraph 19 of the complaint, Defendant states that the Notice of Our Plan to Sell Property speaks for itself. Except as expressly admitted, Defendant denies the averments of this paragraph.

20. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 and on that basis denies the averments.

21. Responding to paragraph 21 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required. To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 and on that basis denies the averments.

22. Responding to paragraph 22 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required. To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 and on that basis denies the averments.

23.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 and on that basis denies the averments.

24.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24 and on that basis denies the averments.

25.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 and on that basis denies the averments.

26.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 and on that basis denies the averments.

27.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27 and on that basis denies the averments.

28.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28 and on that basis denies the averments.

29.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 and on that basis denies the averments.

30.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 and on that basis denies the averments.

31.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31 and on that basis denies the averments.

32.    Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 32 and on that basis denies the averments.

33.    Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33 and on that basis denies the averments.

34.    Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 34 and on that basis denies the averments.

35.    Responding to paragraph 35 of the complaint, Defendant states that the receipt speaks for itself.  Except as expressly admitted, Defendant denies the averments of this paragraph.

36.    Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 36 and on that basis denies the averments.  .

37.    Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 37 and on that basis denies the averments.

38.    Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 38 and on that basis denies the averments.

39.    Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 39 and on that basis denies the averments.

40.    Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40 and on that basis denies the averments.

41.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 41 and on that basis denies the averments.

42.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 42 and on that basis denies the averments.

43.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43 and on that basis denies the averments.

44.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44 and on that basis denies the averments.

45.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 45 and on that basis denies the averments.

46.     Responding to paragraph 46 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 46 and on that basis denies the averments.

47.     Responding to paragraph 47 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 47 and on that basis denies the averments.

48.     Responding to paragraph 48 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is

required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 48 and on that basis denies the averments.

49.     Responding to paragraph 49 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that the written contract with DRS speaks for itself.  Except as expressly admitted, Defendant denies the averments of this paragraph.

50.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 50 and on that basis denies the averments.

51.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 51 and on that basis denies the averments.

52.     Responding to paragraph 52 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 52 and on that basis denies the averments.

53.     Responding to paragraph 53 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that the RISC speaks for itself.  Except as expressly admitted, Defendant denies the averments of this paragraph.

54.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 54 and on that basis denies the averments.

55.     Responding to paragraph 55 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief

as to the truth of the averments contained in paragraph 55 and on that basis denies the averments. Except as expressly admitted, Defendant denied the averments of this paragraph.

56.     Responding to paragraph 56 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 56 and on that basis denies the averments.

57.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 57 and on that basis denies the averments.

58.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 58 and on that basis denies the averments.

59.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 59 and on that basis denies the averments.

60.     Responding to paragraph 60 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 60 and on that basis denies the averments. Except as expressly admitted, Defendant denies the averments of this paragraph.

61.     Responding to paragraph 61 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 61 and on that basis denies the averments. Except as expressly admitted, Defendant denies the averments of this paragraph.

62.     Responding to paragraph 62 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is

required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 62 and on that basis denies the averments. Except as expressly admitted, Defendant denies the averments of this paragraph.

63.     Responding to paragraph 63 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 63 and on that basis denies the averments. Except as expressly admitted, Defendant denies the averments of this paragraph.

64.     Responding to paragraph 64 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 64 and on that basis denies the averments. Except as expressly admitted, Defendant denies the averments of this paragraph.

65.     Responding to paragraph 65 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 65 and on that basis denies the averments. Except as expressly admitted, Defendant denies the averments of this paragraph.

## CLASS ALLEGATIONS

66.     Responding to paragraph 66 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

67.     Responding to paragraph 67 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be

maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

68.     Responding to paragraph 68 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

69.     Responding to paragraph 69 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

70.     Responding to paragraph 70 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

71.     Responding to paragraph 71 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

72.     Responding to paragraph 72 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

73.     Responding to paragraph 73 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

74.     Responding to paragraph 74 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

75.     Responding to paragraph 75 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

76.     Responding to paragraph 76 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

77.     Responding to paragraph 77 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

78.     Responding to paragraph 78 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff

purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

79.    Responding to paragraph 79 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

80.    Responding to paragraph 80 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

81.    Responding to paragraph 81 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

82.    Responding to paragraph 82 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

83.    Responding to paragraph 83 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Defendant admits that Plaintiff purports to bring this action as a class action, but Defendant denies that it properly may be

maintained as such.  Except as expressly admitted, Defendant denies the averments of this paragraph.

**COUNT ONE**

**(Violations of the NJUCC)**

84.     Responding to paragraph 84 of the complaint, Defendant realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

85.     Responding to paragraph 85 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

86.     Responding to paragraph 86 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

87.     Responding to paragraph 87 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

88.     Responding to paragraph 88 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

89.     Responding to paragraph 89 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

90.     Responding to paragraph 90 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

91.     Responding to paragraph 91 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

92.     Responding to paragraph 92 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

93.     Responding to paragraph 93 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

94.     Responding to paragraph 94 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

**COUNT TWO**

**(Violations of the Consumer Fraud Act)**

95.     Responding to paragraph 95 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

96.     Responding to paragraph 96 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

97.     Responding to paragraph 97 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

98.     Responding to paragraph 98 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

99.     Responding to paragraph 99 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

100.     Responding to paragraph 100 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

101.     Responding to paragraph 101 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

102.     Responding to paragraph 102 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

103.     Responding to paragraph 103 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

104.     Responding to paragraph 104 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

105.     Responding to paragraph 105 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

106.     Responding to paragraph 106 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

107.     Responding to paragraph 107 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

108.    Responding to paragraph 108 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

109.    Responding to paragraph 109 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

**COUNT THREE**

**(Violations of the Truth-in-Consumer Contract, Warranty and Notice Act)**

110.    Responding to paragraph 110 of the complaint, Defendant realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

111.    Responding to paragraph 111 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

112.    Responding to paragraph 112 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

113.    Responding to paragraph 113 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  Except as expressly admitted, Defendant denies the averments of this paragraph.

114.    Responding to paragraph 114 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is required, Defendant states that the RISC speaks for itself.  Except as expressly admitted, Defendant denies the averments of this paragraph.

115.    Responding to paragraph 115 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required.  To the extent that a response is

required, Defendant states that the RISC speaks for itself. Except as expressly admitted, Defendant denies the averments of this paragraph.

116.    Responding to paragraph 116 of the complaint, Defendant states that insofar as it states conclusions of law, no response thereto is required. To the extent that a response is required, Defendant states that the RISC speaks for itself. Except as expressly admitted, Defendant denies the averments of this paragraph.

117.    Responding to paragraph 117 of the complaint, Defendant admits that Plaintiff purports to seek statutory damages and other relief on behalf of itself and other putative class members, but Defendant denies that Plaintiff or any other putative class members are entitled to any relief. Except as expressly admitted, Defendant denies the averments of this paragraph.

118.    Except to the extent specifically admitted herein, Defendant denies each and every averment of the complaint, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following affirmative defenses. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

### FIRST DEFENSE

### [Failure to State a Claim]

1.    The complaint, and each of its purported claims for relief, are barred for failure to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

### [Consent]

2.      The relief sought in the complaint is barred, in whole or in part, by Plaintiff's consent.

## THIRD DEFENSE

### [Preemption]

3.      The complaint, and each of its purported claims for relief, are barred, in whole or part, by the doctrine of federal preemption.

## FOURTH DEFENSE
### [Unclean Hands]

4.      The Complaint, and each of its purported causes of action, is barred in whole or in part by the doctrine of unclean hands.

## FIFTH DEFENSE

### [Accord and Satisfaction, Waiver, Estoppel, Res Judicata, and/or Release]

5.      The complaint, and each of its purported causes of action, is barred in whole or in part by the doctrines of accord and satisfaction, waiver, estoppel, res judicata, and/or release.

## SIXTH DEFENSE

### [Set Off]

8.      To the extent that Plaintiff and any putative class member have outstanding obligations to Defendant, their claims are barred or reduced.

## SEVENTH DEFENSE

### [Statute of Limitations]

9.      The complaint and each of its purported claims for relief are barred by the applicable statute of limitations.

## EIGHTH DEFENSE

### [Claims of Putative Class Members Barred]

10.    The claims of the putative class members are barred by some or all of the defenses that bar Plaintiff's claims.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Defendant Wells Fargo Dealer Services, Inc.

By:_____.
          JOHN D. NORTH

DATED:     March 31, 2010

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify, pursuant to Local Civil Rule 11.2, that the matter in controversy is not, to the best of my knowledge, information, and belief, the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendant Wells Fargo Dealer Services, Inc.

By:_____
JOHN D. NORTH

DATED:  March 31, 2010