UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANEE N. POLLITT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRS TOWING, LLC, d/b/a ADVANCED FINANCIAL SERVICES, WACHOVIA DEALER SERVICES, INC. d/b/a WDS, INC., WFS FINANCIAL, WFS FINANCIAL, INC., and JOHN DOES 1 to 10,<br><br>Defendants. | CIVIL ACTION NO. 3:10-cv-01285<br><br>DISCOVERY CONFIDENTIALITY ORDER<br><br>RECEIVED<br><br>JUN 17 2010<br><br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Order any information, data, document, tangible thing, discovery material, pleading, or testimony, or portion thereof: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who

1

produces or discloses any Confidential material (regardless of medium, e.g., hard copy, electronic media, digital data, etc.), including without limitation any information, data, document, tangible thing, discovery material, pleading, testimony, or portion thereof shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any third party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, data, document, tangible thing, discovery material, pleading, or testimony, or portion thereof, that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, data, document, tangible thing, discovery material, pleading, testimony, or portion thereof shall mark the same with the foregoing or similar legend: "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. The appearance of Confidential or Confidential – Attorney' Eyes Only material on one or more pages of a Document shall not automatically render the entire Document Confidential, and the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend shall appear only on those specific pages thereof containing Confidential or Confidential – Attorney' Eyes Only material. No information that is in the public domain, or which is already known by the receiving party through proper means, or which is or becomes properly available to a party from a source other than the party asserting confidentiality, shall be deemed or considered to be Confidential or Confidential – Attorney' Eyes Only material under this Confidentiality Order. In

addition, and subject to Paragraph 14, the designating party's intentional disclosure of Confidential or Confidential – Attorney' Eyes Only material into the public domain shall constitute a waiver of any Confidential or Confidential – Attorney' Eyes Only designation for the specific portion of the material intentionally placed into the public domain.

4.  Material produced and marked as Attorneys' Eyes Only may be disclosed only to counsel of record and their paralegals for the receiving party in the above-captioned action and to such other persons as counsel for the producing party agrees to in advance in writing, or as Ordered by the Court.

5.  All Confidential material shall be used by the receiving party and its counsel solely for purposes of the prosecution or defense of this above-captioned action, shall not be used by the receiving party or its counsel for any other litigation, governmental, business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party or its counsel to anyone other than those set forth in Paragraph 6, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, by Order of the Court, or in response to a valid subpoena issued directly by a governmental regulatory or executive entity. It is, however, understood that counsel of record for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

6.  Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    (a) Counsel of record who have formally appeared before the Court and been retained by a named party in the above-captioned action (herein defined

3

to include any attorney at a named party's outside law firms) and relevant in-house counsel for a named party;

(b) Outside experts or consultants retained by counsel of record for purposes of this action, provided that each expert or consultant has signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Any deponent may be shown or examined on any information, data, document, tangible thing, discovery material, pleading, or testimony designated Confidential if it appears that the deponent: (i) authored or received a copy of it, (ii) was directly involved in the subject matter described therein, (iii) is employed by the party who produced the information, data, document, tangible thing, discovery material, pleading, or testimony, or (iv) if the producing party consents in writing to such disclosure, provided that any deponent qualifying under (ii) or (iv) has signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(f) Vendors retained by or for a named party or that party's counsel of record to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters not working at the Court, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided that each such vendor has signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

(g) The named parties. In the case of named parties that are corporations or other business entities, "party" shall mean executives and

4

insurance carriers who are required to participate in decisions with reference to this lawsuit.

Any individual who is given access to information designated Confidential material pursuant to Paragraph 6(b), (e), and (f) shall first be provided with a copy of this Discovery Confidentiality Order and shall sign a non-disclosure agreement in the form attached hereto as Exhibit A so as to declare under penalty of perjury that he or she agrees to be bound by the terms of this Order, and that he or she shall be subject to the jurisdiction of this Court for the enforcement of this Order. Counsel of record, their staff, and the named parties shall be bound by the terms of this Order without being required to sign such non-disclosure agreement.

7. Confidential material shall be used only by individuals permitted access to it under Paragraph 6. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel of record for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure. All persons given access to Confidential material through discovery under the terms of the Discovery Confidentiality are permitted to use the Confidential material, including any summaries, analyses, or other information derived from the Confidential material, only to support or defend claims made in this above-captioned action.

8. This Discovery Confidentiality Order shall be without prejudice to the right of a party to bring before the Court at any time the issue of whether any person identified pursuant to Paragraph 6 of this Order is or is not qualified to have access to the Confidential Information.

9. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement

of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 6(a), (c), and (d) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 6(a), (c), and (d) and above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 and 6.

10. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the

6

challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11. If a party seeks to file with the Court documents or other material containing Confidential material produced by another party, the former's counsel shall either (1) notify the latter's counsel in writing (by hand-delivery, fax, or email) of their intent to do so no later than ten (10) business days before the anticipated date of the court filing; or (2) shall file a motion, upon notice to the other party, to seal the Confidential Material ("Motion to Seal"). The Confidential Material subject to the Motion to Seal shall be filed under seal as "Confidential Materials" and shall remain sealed until the Motion to Seal is decided.

12. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

13. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving reasonable advance notice to the producing party and as directed by the Court.

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, data, document, tangible thing, discovery material, pleading, or testimony was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, data, document, tangible thing, discovery material, pleading, or testimony disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, data, document,

7

tangible thing, discovery material, pleading, or testimony as Confidential under this Discovery Confidentiality Order.

15. When the inadvertent or mistaken disclosure of any information, data, document, or tangible thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, data, document, or tangible thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

16. Nothing herein shall be deemed to waive or diminish any applicable privilege or work product protection.

17. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

18. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

19. Nothing in this Discovery Confidentiality Order shall be deemed to limit, prejudice, or waive any right of any party or person: (a) to resist or compel discovery with respect to, or seek to obtain from the Court additional, more limited, or different protection for, material claimed to be protected privileged, work product, trade secret, or

Confidential material, or material not required to be produced pursuant to the Federal Rules of Civil Procedure; (b) to seek to modify or obtain relief from any aspect of this Order; (c) to object to the use, relevance, or admissibility at trial of any evidence, whether or not comprised of Confidential material governed by this Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

20. All provisions of this Discovery Confidentiality Order restricting the communication or use of Confidential material shall survive the termination of this action and shall remain in full force and effect, unless modified by a further order of this Court or by the written stipulation of the parties filed with the Court.

21. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals of Confidential material, duplicates of Confidential material, and unmarked copies of documents, things, computer media, summaries, and abstracts containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel of record may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

22. Plaintiff may seek to discover information from a defendant that such defendant contends contains or constitutes technical, business or financial information of a most sensitive nature which might be of significant value to an actual or potential competitor of defendant or which might cause significant harm to an actual customer of defendant, and which defendant will contend must be protected by more stringent

9

controls than are set forth in this Discovery Confidentiality Order, potentially including further limitations on the persons authorized to access such information, the means by which such information shall be stored or maintained, the methods by which such information shall be produced, and whether such information may be filed with the Court. In addition, if a class is certified, class counsel may seek to retain copies of a defendant's documents on individual class members for a limited time beyond the conclusion of this litigation. In accordance with Local Civil Rule 5.3(b), the parties agree and contemplate that the parties will attempt in good faith to negotiate additional, separate protections or provisions as required and memorialize any agreements in further agreed protective orders to be submitted to the Court. In accordance with Local Civil Rule 37.1, the parties agree that additional protective orders shall be resolved by agreement if possible, or by formal motion and Court order if necessary, before the production or limited retention of such information shall occur.

IT IS SO ORDERED.

Dated: 6/16/10

_____
United States Magistrate Judge Arpert

EXHIBIT A

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANEE N. POLLITT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRS TOWING, LLC, d/b/a ADVANCED FINANCIAL SERVICES, WACHOVIA DEALER SERVICES, INC. d/b/a WDS, INC., WFS FINANCIAL, WFS FINANCIAL, INC., and JOHN DOES 1 to 10,<br><br>Defendants. | CIVIL ACTION NO. 3:10-cv-01285<br><br><br>AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER |

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.  I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7.  No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

8.  By reason of this agreement, the obligations imposed on me by the Discovery Confidentiality Order shall be enforceable by the party designating Confidential material or their designated agents or assignees to redress any breach of the Order or this agreement.

9.  I hereby submit to the jurisdiction of this Court to enforce this undertaking and the Discovery Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

Signature: _____

Print Name: _____

2843935

GREENBAUM, ROWE, SMITH & DAVIS LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
Attorneys for Defendant Wells Fargo Dealer Services, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANEE N. POLLITT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRS TOWING, LLC, d/b/a ADVANCED FINANCIAL SERVICES, WACHOVIA DEALER SERVICES, INC. d/b/a WDS, INC., WFS FINANCIAL, WFS FINANCIAL, INC., and JOHN DOES 1 to 10,<br><br>Defendants. | CIVIL ACTION NO. 3:10-cv-01285<br><br>DEFENDANT WELLS FARGO DEALER SERVICES, INC.'S SUPPLEMENTAL INITIAL DISCLOSURES<br><br>CERTIFICATION OF COUNSEL IN SUPPORT OF DISCOVERY CONFIDENTIALITY ORDER PURSUANT TO L. CIV. R. 5.3(b)(2) |

STEPHANIE G. RECKORD, being of full age, hereby certifies and says:

1. I am an attorney-at-law of the State of New Jersey and an associate at the law firm of Greenbaum, Rowe, Smith & Davis LLP, attorneys for the Defendant Wells Fargo Dealer Services, Inc. ("WDS") in the above-captioned action. As such, I have knowledge of the facts set forth herein.

2. This certification is submitted pursuant to L. Civ. R. 5.3(b), in support of WDS's submission to the Court of an agreed-upon Confidentiality Order concerning discovery materials in the above-captioned action.

3. The proposed Discovery Confidentiality Order is enclosed herewith. As set forth below, the Plaintiff, Shanee Pollitt, and co-Defendant, DRS Towing, LLC, have consented to the form and content of the proposed Confidentiality Order.

4. Pursuant to L. Civ. R. 5.3(b)(2), discovery in this matter will result in the production in discovery (both paper discovery and deposition discovery) of materials that include, inter alia, loan files relating to Plaintiff, which include financial information, Plaintiff's social security number, telephone number, residential address, and credit information. Discovery may also include similar sensitive information for other WDS customers. Additionally, discovery will include the production of an agreement between WDS and a third party that contains a bilateral confidentiality provision.

5. Discovery in this matter will also result in the production of WDS's confidential and proprietary business information, including, but not limited to, information relating to the functioning of WDS's business, employment data, proprietary, financial, personal, or business data, customer lists, financial information, and technical and operating information – all of which is non-public and confidential information. Disclosures of non-public financial information would cause injury to WDS. Disclosure of WDS's business information would give its competitors an unfair advantage in the competitive lending industry. Confidentiality of this sensitive, non-public information is warranted because of the highly competitive nature of the business of lending.

6. All parties in this matter have consented to the form and content of the proposed Order.

7. Accordingly, WDS respectfully requests that the Court enter the proposed Confidentiality Order enclosed herewith, the form of which the parties have agreed upon.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
STEPHANIE G. RECKORD

DATED: June 15, 2010