**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
jnorth@greenbaumlaw.com
Attorneys for Defendant
Wells Fargo Dealer Services, Inc.,
Formerly known as Wachovia Dealer Services, Inc.
and WFS Financial, Inc.

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHANEE N. POLLITT, on behalf of herself and all others similarly situated, | *Electronically Filed* |
| Plaintiff, | Civil Action No. 10-CV-01285(AET)(DEA) |
| v. | |
| DRS TOWING, LLC, d/b/a ADVANCED FINANCIAL SERVICES, WACHOVIA DEALER SERVICES, INC. d/b/a WDS, INC., WFS FINANCIAL, WFS FINANCIAL, INC., and JOHN DOES 1 to 10, | **ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT WELLS FARGO DEALER SERVICES, INC., SEPARATE DEFENSES AND CROSSCLAIMS** |
| Defendants. | |

Defendant Wells Fargo Dealer Services, Inc., formerly known as Wachovia Dealer Services, Inc. and WFS Financial Inc. ("WDS"),[1] as and for its Answer to the Amended Complaint, says:

---

[1] Wachovia Dealer Services, Inc. is now known as Wells Fargo Dealer Services, Inc. There is no entity named WFS Financial.

## AS TO THE NATURE OF THE CASE

1.   It denies the allegation in Paragraph 1 that it "unlawfully exploited the New Jersey consumers whose vehicles were repossessed by Wachovia" and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.   It denies the allegations of Paragraph 2.

3.   It denies any liability to plaintiff under the statutes referred to in Paragraph 3.  It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.   It admits that defendant DRS Towing, LLC ("DRS") repossessed plaintiff's 2002 Toyota Camry.  It is without knowledge or information sufficient to form a belief as to the truth the remaining allegations contained in Paragraph 4.

5.   It admits that plaintiff paid it the sum of $9,534.26, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6.   It denies the allegations contained in Paragraph 6.

7.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

## AS TO JURISDICTION

8.   It admits the allegations contained in Paragraph 8.

## AS TO ALLEGATIONS OF FACT

9.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.   It admits that it did business as WDS, Inc. serviced motor vehicle loans and was a subsidiary of Wachovia Bank, N.A. at the times referred to in the Amended Complaint, and denies the remaining allegations contained in Paragraph 10.

11.   It denies the allegations contained in Paragraph 11.

12-14.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 through 14.

15.   It admits the allegations contained in Paragraph 15.

16.   It admits that the Retail Installment Sales Contract ("RISC") between plaintiff and Toyota of Runnemede contains the language quoted contained in Paragraph 16.   It refers to the RISC for its full terms and effect.

17.   It admits that the RISC between plaintiff and Toyota of Runnemede contains the language quoted contained in Paragraph 17.   It refers to the RISC for its full term and effect.

18. It admits that the RISC between plaintiff and Toyota of Runnemede contains the language quoted contained in Paragraph 18. It refers to the RISC for its full term and effect.

19. It admits that the RISC between plaintiff and Toyota of Runnemede contains the language quoted contained in Paragraph 19. It refers to the RISC for its full term and effect.

20-21. It denies the allegations contained in Paragraphs 20 and 21.

22. It admits the allegations contained in Paragraph 22.

23. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. It denies the allegations contained in Paragraph 24.

25. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. It denies the allegation that employees or agents of defendant DRS acted on behalf of WDS. It admits that employees or agents of defendant DRS acted on behalf of defendant DRS and that defendant DRS took possession of plaintiff's 2002 Toyota Camry pursuant to its contract with WDS. It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26.

27.    It admits that defendant DRS took plaintiff's 2002 Toyota Camry to DRS's place of business in Sicklerville, New Jersey, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27.

28-29.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and 29.

30.    It admits that plaintiff contacted WDS after her vehicle was repossessed, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30.

31.    It admits the allegations contained in Paragraph 31.

32.    It admits that the Notice attached to the Amended Complaint as Exhibit "B" contains the language quoted in Paragraph 32.    It refers to the Notice for its full terms and effect.

33.    It denies the allegations contained in Paragraph 33, in that the Notice states the date after which a private sale was to be held.

34.    It admits that plaintiff contacted WDS and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34.

35.  It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.  It denies the allegations of Paragraph 36 in that plaintiff was informed of the amounts due under the RISC and that plaintiff would have to contact the auction to determine the additional charges that plaintiff would be required to pay, and plaintiff obtained that information.    It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36.

37-42.  It denies the allegations contained in Paragraphs 37 through 42, in that plaintiff was referred to the auction for its charges, and plaintiff obtained that information.

43.  It admits that at the times plaintiff contacted WDS, the full amount of State Line Auto Auction ("State Line") charges had not yet been determined and therefore could not be known.    It denies the remaining allegations contained in Paragraph 43.

44.  It denies the allegations contained in Paragraph 44.

45.  It admits that the times of plaintiff's calls to WDS, WDS did not know the exact fees State Line would charge plaintiff, because such fees had not yet been determined.  It is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in Paragraph 45.

46. It admits that WDS representatives informed plaintiff that the amount of principal, interest, late charges and repossession charges totaled $9,534.26, and that in addition, plaintiff would be required to pay State Line's charges, for which it would be necessary for plaintiff to contact State Line directly.

47. It denies the allegations of Paragraph 47 in that plaintiff was informed that it would be necessary for her to contact State Line to determine State Line's charges.

48. It admits that plaintiff was informed that it would be necessary for plaintiff to make payment in the amount of $9,534.26 directly to WDS before plaintiff could regain repossession of her 2002 Toyota Camry.

49-52. It admits the allegations contained in Paragraphs 49 through 52.

53. It denies the allegations contained in Paragraph 53.

54-58. It admits the allegations contained in Paragraphs 54 through 58.

59. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59.

-7-

60.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the communications between State Line and plaintiff.   It denies the remaining allegations contained in Paragraph 60.

61.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

62-66.   It denies the allegations contained in Paragraphs 62 through 66.

67-72.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 67 through 72.

73.   It admits that the receipt attached to the Amended Complaint as Exhibit "C" contains the language quoted in Paragraph 73.   It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73.

74-75.   It denies the allegations contained in Paragraphs 74 and 75.

76-79.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 76 through 79.

80.   It denies the allegations contained in Paragraph 80.

81.   It admits the allegations contained in Paragraph 81.

-8-

82-83.   It admits that the contract between WDS between State Line contains the provisions referred to in Paragraphs 82 and 83, but refers to the contract for its full terms and effect.

84-86. It denies the allegations contained in Paragraphs 84 through 86.

87.   It admits that the contract between WDS and State Line contains the provision referred to in Paragraph 87, but refers to the contract for its full terms and effect.

88.   It admits the allegations contained in Paragraph 88.

89-98.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 89 through 98.

99.   It admits the allegations contained in Paragraph 99.

100.   It admits that the contract between WDS and defendant DRS contains the provision referred to in Paragraph 100, but refers to the contract for its full terms and effect.

101-102.   It admits the allegations contained in Paragraphs 101 and 102.

103.   It admits that under the RISC, plaintiff is not obligated to pay a fee to reclaim personal property.   It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 103.

104-106.   It admits that the contract between WDS and defendant DRS contains the provisions referred to in Paragraphs 104 through 106.   It refers to the contract for its full terms and effect.

107.   It admits that the contract between DRS and WDS does not contain a provision as described in Paragraph 107. It refers to the contract for its full terms and effect.

108-109.   It admits that the contract between WDS and defendant DRS contains the provision referred to in Paragraphs 108 and 109.   It refers to the contract for its full terms and conditions.

110-111.   It denies the allegations contained in Paragraphs 110 and 111.

112-114.   It admits the allegations contained in Paragraphs 112 through 114

115.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115.

116.   It admits the allegations contained in Paragraph 116.

117.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117.

118.   It admits the allegations contained in Paragraph 118.

119.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119.

120-122.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 through 122.

123-127.   It denies the allegations contained in Paragraphs 123 through 127.

128.   It admits the allegations contained in Paragraph 128 that its contracts with repossession agents other than DRS also contain provisions of the type referenced in Paragraph 128.   It refers to such contracts for their full terms and conditions.

129-132.   It denies the allegations contained in Paragraphs 129 through 132.

133.   It admits the allegations contained in Paragraph 133 but refers to the RISC for its full terms and effect.

134.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134.

135.   It denies the allegations contained in Paragraph 135.

136.   It admits that plaintiff paid a repossession fee of $350, and State Line charges of $644.   It admits that it required plaintiff to pay $9,534.26 in principal, interest, late charges and repossession fees. It denies it required plaintiff

-11-

to pay any amounts to reclaim her personal property. It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 136.

137. It admits that plaintiff did not pay a fee for the sale of plaintiff's vehicle. It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 137.

138-139. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 138 and 139.

140. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140.

141. It admits that it did not file a notice with the New Jersey Motor Vehicle Commission that its security interest in plaintiff's vehicle had been terminated, and denies the remaining allegations contained in Paragraph 141.

142-147. It denies the allegations contained in Paragraphs 140 through 147.

### AS TO CLASS ALLEGATIONS

148. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

-12-

Paragraph 148, and denies this action satisfies the requirements of applicable law as to class actions.

149. It admits that plaintiff has alleged that there are classes of similarly situated persons, but denies that the classes that have been defined by plaintiff in Paragraph 149 satisfy the requirements of applicable law.

150-151. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 150 and 151.

152-157. It denies the allegations contained in Paragraphs 152 through 157.

158. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158.

159-163. It denies the allegations contained in Paragraphs 159 through 163.

164. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164.

## AS TO COUNT ONE
## VIOLATION OF NJUCC

165. It repeats its Answers to the allegations contained in Paragraphs 1 through 164.

-13-

166.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 166.

167-180.   It denies the allegations contained in Paragraphs 167 through 180.

**AS TO COUNT TWO**
**VIOLATION OF THE CONSUMER FRAUD ACT**

181.   It repeats its Answers to the allegations contained in Paragraphs 1 through 180.

182-187.   It denies the allegations contained in Paragraphs 182 through 187.

188-190.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 through 190.

191.   It denies the allegations contained in Paragraph 191.

192-193.   It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 192 and 193.

194.   It denies the allegations contained in Paragraph 194 that relate to it.   It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 194.

195-198.  It is without knowledge or information sufficient o form a belief as to the truth of the allegations contained in Paragraphs 195 through 198

199-203.  It denies the allegations contained in Paragraph 199 through 203.

### AS TO COUNT THREE
### Violation of the Truth-in-Consumer Contract, Warranty, and Notice Act

204.   It repeats its Answers to the allegations contained in Paragraphs 1 through 203.

205-206.  It admits the allegations of Paragraphs 205 and 206.

207-215.  It denies the allegations of Paragraphs 207 through 215.

### SEPARATE DEFENSES

### First Separate Defenses

The Amended Complaint, and each of its purported claims for relief, are barred for failure to state a claim against defendant upon which relief can be granted.

### Second Separate Defense

The relief sought in the Amended Complaint is barred, in whole or in part, by plaintiff's consent.

### Third Separate Defense

The Amended Complaint, and each of its purported claims for relief, are barred, in whole or part, by the doctrine of federal preemption.

### Fourth Separate Defense

The Amended Complaint, and each of its purported causes of action, is barred in whole or in part by the doctrine of unclean hands.

### Fifth Separate Defense

The Amended Complaint, and each of its purported causes of action, is barred in whole or in part by the doctrines of accord and satisfaction, waiver, estoppel, res judicata, and/or release.

### Sixth Separate Defense

To the extent that plaintiff and any putative class member have outstanding obligations to defendant, their claims are barred or reduced.

### Seventh Separate Defense

The Amended Complaint and each of its purported claims for relief are barred by the applicable statute of limitations.

### Eighth Separate Defense

The damages alleged on behalf of plaintiff and the putative class were caused by third-parties for over whom this defendant has no control and for whom this defendant is not liable.

### Ninth Separate Defense

The "Notice of Our Plan to Sell Property" WDS served upon plaintiff complied with applicable law. Plaintiff's claims against WDS are therefore barred.

### Tenth Separate Defense

Plaintiff was provided with accurate information by WDS and State Line as to the amounts necessary for her to redeem her vehicle and to regain possession from State Line. After receiving that information, plaintiff obtained the necessary funds, paid WDS, paid State Line, redeemed her vehicle from WDS's lien and regained possession from State Line. Therefore, plaintiff has not sustained any damages and her claims are barred.

### Eleventh Separate Defense

Plaintiff has not sustained any damage or loss that was proximately caused by any act or omission of WDS.

### Twelfth Separate Defense

Plaintiff's alleged damages were caused, in whole or in part, by her own conduct.

### Thirteenth Separate Defense

The damages recoverable by plaintiff are limited to the amounts she paid pursuant to the RISC.

### Fourteenth Separate Defense

Defendants State Line and DRS were independent contractors, not agents of WDS. Therefore WDS is not vicariously liable for their conduct.

### Fifteenth Separate Defense

In collecting the allegedly excessive charges referenced in the Amended Complaint, defendants State Line and DRS acted outside the scope of their contracts with WDS and exclusively for their own benefit.   Therefore, WDS has no liability to plaintiff for such charges.

### Sixteenth Separate Defense

Plaintiff is not a third-party beneficiary of the State Line and DRS contracts referred to in the Amended Complaint, and therefore WDS owed plaintiff no duty to enforce the provisions of such contracts.

### Seventeenth Separate Defense

WDS owed plaintiff no contractual, statutory or common law duty to supervise the conduct of State Line or DRS.

### Eighteenth Separate Defense

WDS was not a party to the transactions directly between plaintiff and State Line or DRS, and therefore has no liability to plaintiff in connection with such transactions.

### Nineteen Separate Defense

Plaintiff's claims are barred or reduced by reason of her comparative negligence.

### Twentieth Separate Defense

The claims of the putative class members are barred by some or all of the defenses that bar plaintiff's claims.

## CROSSCLAIMS

WDS, by way of Crossclaim against co-defendants DRS Towing, LLC, d/b/a Advanced Financial Services ("DRS"), and State Line Auto Auction, Inc. ("State Line), says:

### First Count

1. On or about June 25, 2008 WDS and DRS entered into a Repossession Services Agreement (the "Repossession Services Agreement").

2. Acting pursuant to the Repossession Services Agreement, DRS performed the repossession services referred to in the Amended Complaint.

3. Under the Repossession Services Agreement, DRS agreed to indemnify and hold WDS harmless against any and all claims, liability, damage, injury or loss arising out of its conduct or that of its agents in connection with or related to its repossession of vehicles, including indemnification of all amounts adjudged against WDS, costs and attorney's fees.

4. The claims alleged in the Amended Complaint, in whole or in part, arise out of the conduct of DRS or that of its agents, in connection with, or in relation to, the repossession of plaintiff's vehicle and the repossession of other vehicles from members of the putative class.

5. Consequently, DRS is obligated to indemnify and hold WDS harmless from the claims alleged in the Amended Complaint.

**WHEREFORE**, in the event judgment is rendered against WDS in this matter, WDS demands judgment for indemnification from DRS, including all amounts adjudged against it, together with interest, costs, and attorney's fees.

### Second Count

1. On June 15, 2004, WDS entered into an Auction Service Agreement with defendant State Line (the "Auction Service Agreement").

2. Pursuant to the Auction Service Agreement, State Line transported plaintiff's 2002 Toyota Camry to State Line's place of business in Waverly, New York, and stored and prepared the vehicle for resale.

3. Under the Auction Service Agreement, State Line guaranteed the full, faithful and timely performance of all of its covenants and other obligations under the Auction Service Agreement.

4. Under the Auction Service Agreement, State Line also agreed to indemnify and hold WDS harmless from any claims, losses, suits or demands arising out of its possession of any vehicle.

5. The claims alleged in the Amended Complaint arise out of State Line's possession of plaintiff's vehicle.

6. Consequently, State Line is obligated to indemnify and hold WDS from the claims alleged in the Amended Complaint.

**WHEREFORE**, in the event judgment is entered against WDS in this action, WDS demands judgment against State Line for all amounts adjudged against it, together with interest, costs and attorney's fees.

### Third Count

1. While WDS denies any liability to plaintiff, it alleges that if any judgment is recovered by plaintiff against it, then its negligence or liability was merely constructive, passive, imputed, vicarious or secondary and that the negligence or liability of co-defendants DRS and State Line was primary, direct and active, and that, therefore, it is entitled to full indemnification from co-defendants DRS and State Line.

**WHEREFORE,** in the event judgment is entered against WDS in this action, WDS demands judgment against State Line for all amounts adjudged against it, together with interest, costs and attorney's fees.

### Fourth Count

1. While denying any negligence on its part, or any liability to plaintiff, WDS alleges that if it is adjudged to be negligent and/or liable to plaintiff, then the conduct of the co-defendants DRS and State Line is such as to render them joint tortfeasors under the provisions of the New Jersey Joint Tortfeasors Contribution Act.

-21-

**WHEREFORE,** if plaintiff recovers a judgment against WDS, WDS demand judgment against co-defendants DRS and State Line for their pro rata share of any such judgment pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act and the New Jersey Comparative Negligence Act.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Defendant
Wells Fargo Dealer Services, Inc.

By: _____
        John D. North

Dated:   October 27, 2010