**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANEE N. POLLITT, on behalf of herself and all others similarly situated, | Hon. Anne E. Thompson, U.S.D.J. Hon. Douglas E. Arpert, U.S.M.J. |
| Plaintiff, | Civil Action No. 10-CV-01285 (AET) (DEA) |
| v. | ***Document Electronically Filed*** |
| DRS TOWING, LLC, d/b/a ADVANCED FINANCIAL SERVICES, WACHOVIA DEALER SERVICES, INC., d/b/a WDS, INC., WFS FINANCIAL, INC., and JOHN DOES, 1 to 10 | **Return Date:  March 7, 2011** **Oral Argument Requested** |
| Defendant. | |

---

DEFENDANT, WACHOVIA'S BRIEF IN SUPPORT OF ITS MOTION FOR
JUDGMENT ON THE PLEADINGS AND DISMISSAL OF PLAINTIFF'S CLAIM
UNDER N.J.S.A. 12A:9-513

---

Greenbaum, Rowe, Smith
and Davis LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
Attorneys for: Wells Fargo Dealer
Services, Inc. formerly known as
Wachovia Dealer Services, Inc. and
WFS Financial, Inc.

On Counsel & on the Brief:
John D. North

On the Brief:
Emily A. Kaller

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .......................................... 1

FACTS ......................................................... 2

LEGAL ARGUMENT ................................................ 5

    POINT I ................................................... 5

    A COURT MAY GRANT JUDGMENT ON THE PLEADINGS
    PURSUANT TO FED. R. CIV. P. 12(C) ........................ 5

    POINT II .................................................. 6

    PLAINTIFF'S CLAIMS ALLEGING A VIOLATION OF
    N.J.S.A. 12A:9-513 SHOULD BE DISMISSED AS
    PLAINTIFF'S ALLEGATIONS DO NOT STATE A COGNIZABLE
    CLAIM. .................................................... 6

        A.    Security interests in motor vehicles in
               New Jersey are governed by the New
               Jersey Motor Vehicle Law set forth in
               N.J.S.A. 39:10-1, et seq. ...................... 6

        B.    The filing of termination statements
               under N.J.S.A. 12A:9-513 and the
               statutory damages for a violation of
               that provision under N.J.S.A. 12A:9-625
               of the New Jersey Uniform Commercial
               Code does not apply to the creation and
               perfection of security interests in
               motor vehicles in New Jersey. ..................14

CONCLUSION ................................................... 20

## TABLE OF AUTHORITIES

**Page**

**Cases**

Arbaugh v. Y & H Corp.,
  546 U.S. 500 (2006) ........................................... 6

Ashcroft v. Iqbal,
  129 S. Ct. 1937 (2009) ....................................... 6

Barbato v. Livingston Nat. Bank,
  389 U.S. 974 (1967) .......................................... 9

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 127 S. Ct. 1955 (2007) ......................... 6

First County Nat'l Bank & Trust Co. v. Canna,
  124 N.J. Super. 154 (App. Div. 1973) .................... 9, 21

In re Ferro Contracting Co., 380 F.2d 116(3d Cir.) ............. 8

In re Manufacturers Credit Corporation,
  441 F.2d 1313 (3d Cir. 1971) ........................... 8, 21

Kaplan v. Walker,
  164 N.J. Super. 130 (App. Div. 1978) .................... 9, 20

Maio v. Aetna, Inc.,
  221 F.3d 472(3d Cir. 2000) ................................... 6

Muir v. Jefferson Credit Corp.,
  108 N.J. Super. 586 (Law Div. 1970) ................. 9, 15, 16

Nami. v. Fauver
  82 F.3d 63(3d Cir. 1996) ..................................... 6

National City Bank of New York v. Del Sordo,
  16 N.J. 530 (1954) ........................................... 8

**Statutes**

N.J.S.A. 12A:311(b) ........................................... 16

N.J.S.A. 12A:9-102(a)(79) ............................. 1, 17, 19

N.J.S.A. 12A:9-109(c) ......................................... 16

N.J.S.A. 12A:9-311(a) ........................................16

N.J.S.A. 12A:9-513 .....1, 2, 3, 4, 6, 13, 14, 15, 16, 17, 19, 20

N.J.S.A. 12A:9-625(e) ............................1, 14, 15, 20

N.J.S.A. 39:10-1, et seq ..................................2, 6

N.J.S.A. 39:10-10 ...............1, 2, 3, 10, 11, 13, 14, 16, 18

N.J.S.A. 39:10-11(c) ..........................10, 11, 13, 17, 18

N.J.S.A. 39:10-8 ..........................9, 10, 11, 13, 17, 18

N.J.S.A. 39:10-9 ..........................9, 10, 11, 13, 17, 18

**Rules**

Fed. R. Civ. P. 12(h)(2) ....................................5

## PRELIMINARY STATEMENT

Plaintiff's claims in this putative class action relate to the repossession of her vehicle after she defaulted on her loan payments to Defendant Wells Fargo Dealer Services, Inc., formerly known as Wachovia Dealer Services, Inc. and WFS Financial Inc. ("Wachovia").

Plaintiff has asserted a variety of claims in this action, including, most recently in the Amended Complaint, an entitlement to damages under the New Jersey Uniform Commercial Code because Wachovia did not file a termination statement of its security interest pursuant to N.J.S.A. 12A:9-513, and an alleged consequent entitlement to statutory damages of $500 per vehicle for this alleged failure under N.J.S.A. 12A:9-625.

This most recent claim is governed by the New Jersey Motor Vehicle Law, set forth in N.J.S.A. 39, and not, as plaintiff asserts, the secured transactions article of the Uniform Commercial Code, set forth in New Jersey in N.J.S.A. 12A:9. Thus, Wachovia was not required to file a termination statement under N.J.S.A. 12A:9-513. While Wachovia did not file a notice with the Motor Vehicle Commission of the release of its lien, as required by N.J.S.A. 39:10-10, the failure to file a notice of release of lien does not give rise to a private cause of action or damages under the New Jersey Motor Vehicle Law.

As is set forth in detail below, the sections of the New Jersey Uniform Commercial Code relied upon by plaintiff do not apply to the perfection and subsequent removal of security interests in motor vehicles in New Jersey.  The creation, perfection and subsequent release of security interests in motor vehicles in New Jersey is governed by the Motor Vehicle Law, N.J.S.A. 39:10-1, et seq.  The Motor Vehicle Law does not require the filing of a termination statement and does not provide a private cause of action failure to file a notice of release of lien with the Motor Vehicle Commission.

Accordingly, plaintiff's allegation that Wachovia's failure to file a notice of release of lien under N.J.S.A. 39:10-10 also constitutes a violation of N.J.S.A. 12A:9-513 fails to state a claim for which relief can be granted.  Plaintiff's allegations regarding the violation of N.J.S.A. 12A:9-513 should be dismissed as a matter of law.

## FACTS

Plaintiff has alleged a putative class action against defendant Wachovia based upon Wachovia's repossession of plaintiff's vehicle after she defaulted on her car loan. Plaintiff has asserted claims under the New Jersey Uniform Commercial Code ("NJUCC"), the Truth-in-Consumer Contract, Warranty and Notice Act, and the New Jersey Consumer Fraud Act.

In her Amended Complaint, plaintiff Shawnee Pollitt ("Pollitt") alleges that Wachovia violated the NJUCC because Wachovia did not file a termination statement pursuant to N.J.S.A. 12A:9-513 in order to release its lien on plaintiff's motor vehicle in violation of the NJUCC. Plaintiff has asserted that the alleged violation of N.J.S.A. 12A:9-513 triggers an entitlement to statutory damages in the amount of $500 pursuant to N.J.S.A. 12A:9-625. See Amended Complaint at ¶180 attached to Declaration of Emily A. Kaller dated February 11, 2011 ("Kaller Dec.") as Exhibit A.

Specifically, Plaintiff's claim against Wachovia asserts that:

1) "After Ms. Pollitt redeemed her vehicle, Wachovia did not amend the security instrument related to that vehicle that was filed the New Jersey Motor Vehicle Commission as required upon the termination of the security interest pursuant to N.J.S.A. 39:10-10 (and, by proxy, 12A9:-513)." See Amended Complaint at ¶140.

2) "Plaintiff has suffered damages as a result of Defendants' unlawful actions including . . . the diminution of value of Plaintiff's vehicle caused by Wachovia's failure to comply with 12A:9-513(a) in its transactions with Ms. Pollitt and those similarly situated." See Amended Complaint at ¶142.

3)     "Wachovia violated N.J.S.A. 12A:9-625(e)(4) by failing to cause the secured party of record to file or send a termination statement as required by 12A:9-513(a) in its transactions with Ms. Pollitt and those similarly situated." See Amended Complaint at ¶180.

4)     "Wachovia committed an unconscionable business practice, a misrepresentation, and/or a deceptive act in violation of the CFA by failing to comply with 12A:9-513(a) in its transactions with Ms. Pollitt and those similarly situated." See Amended Complaint at ¶202.

Further, plaintiff identifies as a common class question: "(g) Whether Wachovia failed to file a termination statement as required by 12A:9-513(a) in its transaction with Ms. Pollitt and those similarly situated." See Amended Complaint at ¶154(g).

Plaintiff also seeks injunctive relief to compel "Wachovia to comply with 12A:9-513(a) in its transactions with Ms. Pollitt and those similarly situated." See Amended Complaint at ¶215(c).

As set forth below, Wachovia's conduct in releasing its security interest in motor vehicles is not governed by the NJUCC but rather by the New Jersey Motor Vehicle law. The New Jersey Motor Vehicle law does not create a private cause of action for the conduct of which plaintiff complains.

Accordingly, plaintiff's claims alleging a violation of the NJUCC based upon Wachovia's alleged failure to file a termination statement as required by the NJUCC should be dismissed as a matter of law.

## LEGAL ARGUMENT

### POINT I

**A COURT MAY GRANT JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C).**

Federal Rule of Civil Procedure 15(c) provides:

> After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.

Thus, a party may file a motion for judgment on the pleadings based upon the objection that a claim "fails to state a claim upon which relief can be granted," prior to a trial of the case. Fed. R. Civ. P. 12(h)(2); Arbaugh v. Y & H Corp., 546 U.S. 500, 507 (2006).

The standard for a motion for judgment on the pleadings is the same standard applicable to a motion to dismiss. To survive, a complaint must allege facts that adequately set forth the essential elements of the asserted cause of action. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). While a Court must accept all well-pleaded factual allegations, it need not credit bare allegations, conclusory assertions or unwarranted inferences. See Maio v. Aetna, Inc., 221 F.3d 472, 485 n.12 (3d Cir. 2000).

The allegations in a complaint must be sufficient to support a right to relief beyond a speculative level. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). It must show, rather than simply assert, an entitlement to relief. Id. at 555 n.3. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not 'shown' - - that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

When a plaintiff's claim does not meet these requisites, such as here, where the statute allegedly violated does not apply to the defendant's conduct, a motion for judgment on the pleadings is properly granted.

## POINT II

**PLAINTIFF'S CLAIMS ALLEGING A VIOLATION OF N.J.S.A. 12A:9-513 SHOULD BE DISMISSED AS PLAINTIFF'S ALLEGATIONS DO NOT STATE A COGNIZABLE CLAIM.**

Plaintiff's Complaint fails to state a claim for relief under N.J.S.A. 12A:9-513.

**A. Security interests in motor vehicles in New Jersey are governed by the New Jersey Motor Vehicle Law set forth in N.J.S.A. 39:10-1, et seq.**

The Motor Vehicle Certificate of Ownership Law, N.J.S.A. 39:10-1, et seq (the "Motor Vehicle Law") sets forth a comprehensive scheme for the creation, perfection and release of security interests in new and used motor vehicles in New Jersey.

-6-

Its purpose is to "regulate and control titles to, and possession of, all motor vehicles in this state, so as to prevent the sale, purchase, disposal, possession, use or operation of stolen vehicles, or motor vehicles with fraudulent titles, within this state." N.J.S.A. 39:10-3.  The New Jersey Supreme Court has instructed that in interpreting this law, consideration should be given to the "freedom of movement of and transfer of title to automobiles and the considerable volume of credit transactions associated therewith, as well as the motive to reduce thefts and to prevent frauds perpetrated upon individuals and finance companies in this connection." National City Bank of New York v. Del Sordo, 16 N.J. 530, 545 (1954).

Consonant with the law's purpose, the mechanics for the perfection of a security interest in a motor vehicle in New Jersey is governed exclusively by New Jersey's Motor Vehicle Law.  See In re Manufacturers Credit Corporation, 441 F.2d 1313, 1317-19 (3d Cir. 1971) (holding that the exclusionary clause of the NJUCC dictates that security interests in motor vehicles are governed only by New Jersey's Motor Vehicle Law and that financing statements filed with the Secretary of State in accordance with the NJUCC are null); see also In re Ferro Contracting Co., 380 F.2d 116, 118 n.1 (3d Cir.) (finding that if the subject assets are "motor vehicles" under the Motor Vehicle Law, the provisions of the Motor Vehicle Law and not the

NJUCC govern the filing of security interests), <u>cert. den.</u> <u>Barbato v. Livingston Nat. Bank</u>, 389 U.S. 974 (1967); <u>Kaplan v.</u> <u>Walker</u>, 164 N.J. Super. 130, 134 (App. Div. 1978)(holding that the perfection of liens on motor vehicles in New Jersey is governed by the Motor Vehicle Law); <u>First County Nat'l Bank &</u> <u>Trust Co. v. Canna</u>, 124 N.J. Super. 154, 159 (App. Div. 1973)("In New Jersey, under the provisions of the Code and the Motor Vehicle Act, such notation [on a certificate of title] is the method utilized to perfect a security interest which has been created in a motor vehicle by virtue of an appropriate and valid security agreement, in lieu of the financing statement customarily required to be filed to perfect a security interest in other type collateral."); <u>Muir v. Jefferson Credit Corp.</u>, 108 N.J. Super. 586, 591 (Law Div. 1970)(holding the Motor Vehicle Law's provisions and not those of the NJUCC are applicable to the creation of security interests in a motor vehicle).

With respect to security interests to be created in new motor vehicles sold in New Jersey, the Motor Vehicle Law provides in pertinent part:

> . . .

> When a new motor vehicle is sold in this State, the manufacturer, his agent or a dealer shall execute and deliver to the purchaser an assignment of the certificate of origin . . . . If, in connection with such sale, a security interest . . . is

> taken by a person . . . the original
> certificate of origin, with the name and
> business address of the secured party noted,
> may be delivered directly to the Motor
> Vehicle Commission for issuance of a
> certificate of title in the name of the
> purchaser. The name and the business or
> residence address of the secured party or
> his assignee shall be noted on the
> manufacturer's certificate of origin.
> Nothing in this section shall apply to
> security interests in motor vehicles which
> constitute inventory held for sale, but such
> interests shall be subject to chapter 9 of
> Title 12A of the New Jersey Statutes.

N.J.S.A. 39:10-8.

With respect to security interests to be created in used

motor vehicles sold in the State of New Jersey, the Motor

Vehicle Law provides in pertinent part:

> When a used motor vehicle is sold in this
> State, the seller shall, except as provided
> in section 39:10-15 of this Title, execute
> and deliver to the purchaser, an assignment
> of the certificate of ownership . . . . If a
> security interest exists at the time of such
> sale and will continue in effect afterwards
> or if, in connection with such sale, a
> security interest is taken or retained by
> the seller to secure all or a part of the
> purchase price of the motor vehicle, or is
> taken by a person who by making an advance
> or incurring an obligation gives value to
> enable the purchaser to acquire rights in
> the motor vehicle, the name and the business
> or residence address of the secured party or
> his assignee shall be noted on the
> certificate of ownership. If the seller is a
> licensed New Jersey motor vehicle dealer,
> the seller shall not be required to deliver
> an assignment or certificate of ownership at
> the time of sale, provided that the dealer
> has satisfied all liens noted on the

> certificate of title and has the right to
> title as of the time of sale, and provided
> that the dealer represents and attests to
> the same in a writing to be delivered to the
> purchaser at the time of sale. Nothing in
> this section shall apply to security
> interests in motor vehicles which constitute
> inventory held for sale, but such interests
> shall be subject to chapter 9 of Title 12A
> of the New Jersey Statutes.

N.J.S.A. 39:10-9.

The Motor Vehicle Law goes on to provide:

> When the contract or terms of the security
> agreement noted on the certificate of
> origin, or certificate of ownership have
> been performed the seller or secured party
> shall deliver to the buyer the certificate
> of ownership thereto, executed as provided
> in this chapter, with proper evidence of
> satisfaction of the contract or termination
> of the security interest. Within 15 days
> after the performance of the contract or
> termination of the security interest, the
> seller or secured party shall file with the
> director a notice, in such form as the
> director shall prescribe, containing
> evidence of such performance or termination.
> The director shall thereupon cause a
> notation to be made on his records of
> certificate of ownership of the motor
> vehicle that the contract has been satisfied
> or the security interest terminated.
>
> Any person violating the provisions of this
> section shall pay a fine of $ 25.00.

N.J.S.A. 39:10-10.

Thus, a security interest is created in a motor vehicle
when the Motor Vehicle Commission issues a certificate of
ownership evidencing the secured party's interest to the secured

party and provides a copy to the borrower.   N.J.S.A. 39:10-8; N.J.S.A. 39:10-9.   At the same time, the Director of the Motor Vehicle Commission makes a record of the security interest. N.J.S.A. 39:10-11(c).

Upon satisfaction of the borrower's obligation and termination of the security interest, the secured party is required to deliver the certificate of ownership to the borrower with evidence of satisfaction of the borrower's payment obligations and to file a notice of termination of the security interest with the Motor Vehicle Commission within 15 days. N.J.S.A. 39:10-10.   The Motor Vehicle Law provides for a $25.00 fine for the failure of a secured party to file a Notice of Release of Lien.   N.J.S.A. 39:10-10.

Compliance with N.J.S.A. 39:10-8, N.J.S.A. 39:10-9 and N.J.S.A. 39:10-11 constitutes perfection of a security interest in a motor vehicle:

.   .   .

> B.   In the case of a sale subject to a security interest, a certificate of ownership, with the name and address of the holder of the encumbrance or secured party or his assignee recorded thereon, shall be delivered to the holder of the encumbrance or secured party or his assignee and a copy thereof shall be delivered to the buyer . . . .

> C.   Except as hereinafter in this section

otherwise expressly provided, whenever a security interest is created in a motor vehicle, **other than a security interest which is required to be noted on the certificate of origin or the certificate of ownership, as provided in** R.S. 39:10-8 **and** R.S. 39:10-9, there shall be filed with the director the certificate of ownership of the motor vehicle, together with a financing statement on a form prescribed by the director. The director shall make and file a record of the transaction and shall issue a certificate of ownership, recording the name and address of the secured party or his assignee thereon, and shall deliver it to the secured party or his assignee. A copy of the certificate of ownership so issued shall be delivered to the buyer.   .   .   .

. . .

E. Nothing in subsections C. and D. of this section shall apply to security interests in motor vehicles which constitute inventory held for sale, but such interests shall be subject to chapter 9 of Title 12A of the New Jersey Statutes, nor shall anything in the said subsections apply to interests in personal property subject to chapter 28 of Title 46 of the Revised Statutes.

. . .

I. The failure of any person to comply with the requirements of this section shall not constitute a misdemeanor within the provisions of R.S. 39:10-24, nor shall such failure affect the validity of any instrument creating or reserving a security interest in a motor vehicle, as between the parties to such instrument.

J. **The notation of the name and business or residence address of a secured party or his assignee, on the certificate of origin or on the certificate of ownership, as provided in** R.S. 39:10-8 **and** R.S. 39:10-9, **and the**

> **presentation to the director, in accordance with R.S. 39:10-11, of the certificate of origin or certificate of ownership so noted, and the compliance with the requirements of subsections C. and D. of R.S. 39:10-11 shall be in lieu of all filing requirements imposed by chapter 9 of Title 12A of the New Jersey Statutes and shall constitute the perfection of a security interest in the motor vehicle,** and the rights and remedies of the debtors and the secured parties in respect to such security interest shall, except as otherwise expressly provided in this chapter, be subject to and governed by chapter 9 of Title 12A of the New Jersey Statutes.

N.J.S.A. 39:10-11(emphasis added).

As spelled out in N.J.S.A. 39:10-11(J), compliance with N.J.S.A. 39:10-8; N.J.S.A. 39:10-9 and N.J.S.A. 39:10-11 constitutes perfection of a security interest in a motor vehicle and is in lieu of all filing requirements under Article 9 of the NJUCC, N.J.S.A. 12A:9.

Plaintiff's theory that a failure to comply with the Motor Vehicle Law's requirement of a notice of release of lien, set forth in N.J.S.A. 39:10-10, is "by proxy," a violation of the UCC secured transaction Article's requirement of a termination statement, set forth in N.J.S.A. 12A:9-513, is not supported by the express terms of the law. The mechanism for the filing and release of security interests is set forth in the express terms of the Motor Vehicle Law. Hence, this mechanism displaces any similar mechanisms for the filing and release of security

-13-

interests contained in the NJUCC.  This is consistent with the reasoning employed by then Judge Handler, now Retired Justice of the New Jersey Supreme Court, in Muir, when he concluded that the Motor Vehicle Law "determines exclusively the mechanics for the perfection of a security interest in an automobile," and that recourse to the NJUCC was appropriate only in the absence of express provisions. See Muir, 108 N.J. Super. at 591-92.

Thus, the holder of a security interest in a motor vehicle is not required to file a termination statement under N.J.S.A. 12A:9-513, but instead is required to file a notice of release of lien under N.J.S.A. 39:10-10.  Moreover, a violation of the requirement to file a notice of release of lien under N.J.S.A. 39:10-10 does not constitute a violation of N.J.S.A. 12A:9-513. Accordingly, a violation of N.J.S.A. 39:10-10 does not trigger liability for statutory damages under N.J.S.A. 12A:9-625(e).

**B.  The filing of termination statements under N.J.S.A. 12A:9-513 and the statutory damages for a violation of that provision under N.J.S.A. 12A:9-625 of the New Jersey Uniform Commercial Code does not apply to the creation and perfection of security interests in motor vehicles in New Jersey.**

N.J.S.A. 12A:9-513 of the NJUCC provides:

> (a) Consumer goods. **A secured party shall cause the secured party of record for a financing statement to file a termination statement for the financing statement if the financing statement covers consumer goods** and:

**(1) there is no obligation secured by the collateral covered by the financing statement** and no commitment to make an advance, incur an obligation, or otherwise give value; or

(2) the debtor did not authorize the filing of the initial financing statement.

(b) Time for compliance with subsection (a). **To comply with subsection (a), a secured party shall cause the secured party of record to file the termination statement:**

**(1) within one month after there is no obligation secured by the collateral covered by the financing statement** and no commitment to make an advance, incur an obligation, or otherwise give value; or

(2) if earlier, within 20 days after the secured party receives an authenticated demand from a debtor.

    . . .

N.J.S.A. 12A:9-513(a) & (c)(emphasis added).

N.J.S.A. 12A:9-625(e) provides in pertinent part:

**In addition to any damages recoverable under subsection (b), the debtor,** consumer obligor, or person named as a debtor in a filed record, as applicable, **may recover $500 in each case from a person that:**

    . . .

**(4) fails to cause the secured party of record to file or send a termination statement as required by 12A:9-513(a) or (c);**

    . . .

N.J.S.A. 12A:9-625(e)(emphasis added).

Although N.J.S.A. 12A:9-513 provides that a secured party shall file a termination statement of a financing statement that covers the purchase of consumer goods, the Official Comments to the NJUCC expressly except this requirement when there is a "certificate of title statute that contains a specific rule addressing a secured party's duty to cause a notation of a security interest to be removed from a certificate of title." Official Comment 2 to UCC §9-513. Thus, with respect to the release of security interests in motor vehicles, the requirements of N.J.S.A. 12A:9-513 are superseded by the requirements of N.J.S.A. 39:10-10, et seq.

Other sections of the UCC lead to this conclusion.[1] N.J.S.A. 12A:9-311(a) provides that "the filing of a financing statement is not necessary or effective to perfect a security interest" in a motor vehicle, where, as in New Jersey, there is a certificate of title statute that provides its own procedure for the removal of a notation of a security interest in motor vehicles.

---

[1] Section 9-109(c), which defines the scope of Article 9, provides that Article 9 does not apply to the extent another statute of this state preempts this statute. N.J.S.A. 12A:9-109(c)("This chapter does not apply to the extent that: . . . a statute, regulation, or treaty of the United States preempts this chapter; . . .)

Under N.J.S.A. 12A:311(b), compliance with such a certificate of title statute "is equivalent to the filing of a financing statement under this article [UCC Article 9]."  It is on the basis of the foregoing provisions of UCC §9-311 that Official Comment 2 to §9-513 advises that a termination statement is not required where there is a specific provision, such as that in N.J.S.A. 39:10-10, that requires the removal of the notation of the secured party's lien from the certificate of title.  Official Comment 2 to NJUCC §9-513 provides that

> Under Section 9-311(b) compliance with a certificate of title statute is "equivalent to the filing of a financing statement under this article."  Thus, this section applies to a certificate of title **unless the section is superseded by a certificate of title statute that contains a specific rule addressing a secured party's duty to cause a notation of a security interest to be removed from a certificate of title.** In the context of a certificate of title, however, the secured party could comply with this section by causing the removal itself or providing the debtor with documentation sufficient to enable the debtor to effect the removal.

N.J.S.A. 12A:9-513, Official Comment 2 (emphasis added); see also, Kaplan v. Walker, 164 N.J. Super. 130 (App. Div. 1978) (noting compliance with the filing requirements is in lieu of the filing requirements imposed by Article 9 of the Uniform Commercial Code).

"Termination statement" is defined in N.J.S.A. 12A:9-102(a)(79). A termination statement is an "amendment of a financing statement" that indicates either "that it is a termination statement or that the identified financing statement is no longer effective." The statutory scheme of Article 39 does not provide for the filing of a financing statement, except in circumstances not applicable here.[2]  N.J.S.A. 39:10-11(C). Perfection of a security interest in a motor vehicle is not accomplished by the filing of a financing statement, but by a notation of the security interest on the certificate of title and the presentation of the certificate of ownership so noted to the Motor Vehicle Commission. N.J.S.A. 39:10-8; 39:10-9; 39:10-11(J); see also First County Nat'l Bank & Trust Co., 124 N.J. Super. at 159(holding that a security interest in a motor vehicle is perfected by a notation on the certificate of title "in lieu of the financing statement customarily required to perfect a security interest in other type collateral"); Manufacturers Credit Corporation, 441 F.2d at 1318 (concluding that filing of a financing statement with the Secretary of State in connection with a motor vehicle was "a legal nullity"). Likewise, termination of a security interest in a motor vehicle is not accomplished by filing a termination statement but by a

---

[2] There is an exception under N.J.S.A. 39:10-8 and N.J.S.A. 39:10-9 that provides for the filing of a financing statement with respect to inventory that is subject to Article 9.

notation on the certificate of title that the security interest has been removed. N.J.S.A. 39:10-10.

Thus, under the Motor Vehicle Law, there is no financing statement in the perfection of a security interest in a used motor vehicle such as Pollitt's. N.J.S.A. 39:10-11(A-C).[3] Without a financing statement, there can be no termination statement under the NJUCC since a termination statement, by definition is an "amendment to a financing statement." N.J.S.A. 12A:9-102(a)(79). Without any requirement of a financing statement or a termination statement, there can be no violation of N.J.S.A. 12A:9-513 for failure to file a termination statement.

---

[3] Pollitt's vehicle was purchased as a used car. The security interest in her vehicle was therefore created under N.J.S.A. 39:10-9. N.J.S.A. 39:10-11(C) expressly states that security interests created under N.J.S.A. 39:10-9 do not require financing statements.

## CONCLUSION

For all of the reasons set forth above, plaintiff's claims for damages under N.J.S.A. 12A:9-625 based upon Wachovia's alleged violation of N.J.S.A. 12A:9-513 should be dismissed as a matter of law.

> GREENBAUM, ROWE, SMITH & DAVIS LLP
> Attorneys for Wells Fargo Dealer
> Services, Inc. formerly known as
> Wachovia Dealer Services, Inc. and WFS
> Financial, Inc.
>
> By: _____
>
> JOHN D. NORTH

Date:   February 11, 2011