UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| Shanee N. Pollitt, on behalf of herself and those similarly situated, | Civil Action No. 3:10-cv-01285-AET-DEA |
| Plaintiff, | Filed Electronically |
| vs. | |
| DRS TOWING, LLC, d/b/a Advanced Financial Services; WACHOVIA DEALER SERVICES, INC. d/b/a WDS, Inc., WFS Financial, and WFS Financial Inc.; STATE LINE AUTO AUCTION, INC.; and John Does 1 to 10, | |
| Defendant. | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT WACHOVIA'S
MOTION TO DISMISS PLAINTIFF'S CLAIM UNDER N.J.S.A. 12A:9-513**

The Law Office of Christopher J. McGinn
P.O. Box 365
79 Paterson St.
New Brunswick, NJ 08901
Tel: (732) 937-9400
Fax: (800) 931-2408
cjmcginn@njconsumerprotection.com

Galex Wolf, LLC
Attorneys at Law
1520 U.S. Hwy 130 – Suite 101
North Brunswick, NJ  08902
Tel: (732) 257-0550
Fax: (732) 257-5654
*Attorneys for Plaintiff*

*On the brief:*
Andrew R. Wolf, Esq.
Henry P. Wolfe, Esq.
Elliot M. Gardner, Esq.
Christopher J. McGinn, Esq.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................. 1

I.   PRELIMINARY STATEMENT................................................................................... 2

II.   PLAINTIFF'S ALLEGATIONS................................................................................... 3

III.   ARGUMENT................................................................................................................. 4

    A.  Standard of Review............................................................................................... 4

    B.  Plaintiff Has Stated a Claim Under the New Jersey Uniform Commercial Code................. 5

        1.   The NJUCC Incorporates the MVCOL Requirements and Requires
            a Creditor to Remove Its Security Interest When the Obligation Has
            Been Satisfied............................................................................................. 5

        2.   Section 513 Is Not Superseded by the MVCOL.......................................... 6

            A.   Section 9-513 Was Enacted After the MVCOL and Is Not "Superseded".... 6

            B.   Unlike the UCC Section 9-513 and 9-625, the MVCOL Is Intended to
               Further  Motor Vehicle Administration and Not Consumer Protection......... 7

            C.   Compliance with Section 513 Is Consistent with MVCOL Requirements.... 8

        3.   The Consumer Protections Provided by Section 513 Complement the MVCOL
            and Serve an Important Function.................................................................. 9

IV.   CONCLUSION............................................................................................................. 12

# TABLE OF AUTHORITIES

## CASES

*A.J. Armstrong v. Janburt Embroidery*, 97 N.J.Super. 246 (Law Div. 1967)................................7

*Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004) ........................................ 5

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)............................................. 5

*Chasin v. Montclair State Univ.*, 159 N.J. 418 (1999)..................................................11

*Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002) ....................................... 6

*Hedges v. United States*, 404 F.3d 744 (3d Cir. 2005) ....................................... 5

*Kaplan v. Walker*, 164 N.J.Super. 130 (App.Div.1978)..................................................12

*Martin v. Nager*, 192 N.J. Super. 189 (Ch. Div. 1983)......................................8

*Merin v. Maglaki*, 126 N.J. 430 (1992)........................................................11

*Muir v. Jefferson Credit Corp.*, 108 N.J.Super. 586 (1970)............................................7-8

*National City Bank of New York v. Del Sordo*, 16 N.J. 530 (1954)..................................8

*New York v. Hill*, 528 U.S. 110 (2000) .......................................................... 5

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)......................................4-5

## STATUTES

N.J.S.A. 12A:1-103...............................................................................13

N.J.S.A. 12A:9-311 ...........................................................................7, 8

N.J.S.A. 12A:9-513 ................................................................... *passim*

N.J.S.A. 12A:9-625(e)(4)........................................................................4, 6

N.J.S.A. 39:10-3 ..............................................................................8

N.J.S.A. 39:10-8 ..............................................................................7

N.J.S.A. 39:10-9 ..............................................................................7

N.J.S.A. 39:10-10. ................................................................. *passim*

N.J.S.A. 39:10-11. ...........................................................................9

## I.  PRELIMINARY STATEMENT

After repossessing her Toyota Camry, Wachovia demanded Plaintiff pay $9,534.26 to redeem the vehicle.  Plaintiff paid that amount in full via bank check.  When Plaintiff then attempted to retrieve her vehicle from the auto auction, Defendant State Line demanded she pay an additional $644 in cash or it would not release the car.  Plaintiff paid that amount and took possession of her Camry.  In all, Plaintiff paid Wachovia the full amount owed on the loan, plus $1,073 in fees related to the repossession.

Though Plaintiff paid Wachovia all of the amounts it demanded to satisfy the loan, Wachovia refused to remove the lien it had attached on the vehicle's certificate of title[1].  Plaintiff has alleged that Wachovia has failed to remove the liens on the titles of the vehicles of its New Jersey customers who have fully satisfied their loan obligations.

By failing to remove its lien on the titles of the vehicles owned by Plaintiff and those similarly situated, Wachovia violated two New Jersey statutes.  First, it violated the New Jersey Motor Vehicle Certificate of Ownership Law (MVCOL), N.J.S.A. 39:10-10, a statute designed to regulate title and ownership of vehicles.  MVCOL requires the creditor file an appropriate statement with the director of the Motor Vehicle Commission within 15 days of the satisfaction of the obligation.  Upon receipt of that statement, the director will remove the lien from the certificate of title. If the violation is discovered, Wachovia is subject to a $25 per violation statutory penalty payable to the Motor Vehicle Commission.  Plaintiff has not brought a claim under this statute, which provides no private right of action.

Second, Wachovia violated to N.J.S.A. 12A:9-513, a provision of the New Jersey Uniform Commercial Code, which provides for a private right of action when a creditor fails to

---

[1]  Wachovia admits that it "did not file a notice with the Motor Vehicle Commission of the release of its lien, as required by N.J.S.A. 39:10-10…" Defendant's Brief at p. 1.

timely remove its security interest.  Violations of Section 513 are subject to a $500 statutory

penalty payable to the aggrieved consumer.  Plaintiff seeks such statutory damages on behalf of

herself and those similarly situated for Wachovia's violations of Section 513.

Wachovia has moved to dismiss this particular aspect of Plaintiff's NJUCC claims on the

basis of its claim that the $25 penalty adopted by the Legislature in 1961, more than a year

before New Jersey enacted Article 9 of the UCC, meant that it also intended to preclude

consumers from making use of Section 513's private right of action.  This claim is inconsistent

with the plain text of the relevant statutes, their purpose, and how Courts have interpreted their

interaction.

Where there was a sharp conflict between the two statutory regimes as to the mechanism

to create a security interest in a motor vehicle, the Legislature resolved that conflict by explicitly

choosing which statute controls.  Such a conflict does not exist in the requirements of

encouraging a creditor to remove its lien when the obligation has been paid.  Accordingly the

Legislature chose not to supersede Section 513 with any amendment to the MVCOL nor did it

amend 513 itself to exclude termination statements related to certificates of title.  The Legislature

intended for Section 513 to compliment 39:10-10 so that Ms. Pollitt and those similarly situated

can seek justice when their bank refuses to remove its lien, long after the loans have been paid.

## II.  PLAINTIFF'S ALLEGATIONS

On or about March 24, 2006, Plaintiff entered a retail installment sales contract (RISC) to

finance the purchase of a 2002 Toyota Camry.  The dealer assigned the RISC to Wachovia.  First

Amended Complaint at ¶15 (attached as Exhibit A to Defendant's Brief).  On or about

September 10, 2009 Wachovia repossessed Plaintiff's Camry. The vehicle was then transported

from DRS's facilities to State Line Auto Auction located in Waverly, New York, approximately

233 miles from Plaintiff's residence. *Id*. at ¶¶27-28.

Plaintiff contacted Wachovia and was told that in order to redeem her vehicle she would have to pay Wachovia the redemption amount of $9,534.26. *Id*. at ¶46. Plaintiff paid Wachovia the redemption amount of $9,534.26 via bank check that Wachovia received and deposited. *Id*. at *Id*. at ¶¶49, 51.

After receiving Plaintiff's check, Wachovia informed Plaintiff her vehicle was being stored at State Line Auto Auction. Plaintiff contacted State Line whose representative informed her to obtain possession of her vehicle she must travel to its location in Waverly, New York and pay it $644 in cash for various fees. State Line's representative told Plaintiff that the vehicle would not be released to her unless she paid its fees and that those fees must be paid in cash *Id*. at ¶¶59-62. Plaintiff paid this amount and took possession of her vehicle. *Id*. at ¶¶71-77.

After Ms. Pollitt redeemed her vehicle, Wachovia did not amend the security instrument related to that vehicle that was filed with the New Jersey Motor Vehicle Commission as required upon the termination of the security interest pursuant to N.J.S.A. 39:10-10 (and, by proxy, 12A9:-513) nor did it file with the director of the New Jersey Motor Vehicle Commission the requisite notice containing evidence of such performance or termination as required by N.J.S.A. 39:10-10. Wachovia violated N.J.S.A. 12A:9-625(e)(4) by failing to cause the secured party of record to file or send a termination statement as required by 12A:9-513(a) in its transactions with Ms. Pollitt and those similarly situated. . *Id*. at ¶¶140-141, 180.

### III. ARGUMENT

**A. Standard of Review**

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations

omitted). "The defendant bears the burden of showing that no claim has been presented[,]"
*Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and the motion should be granted
only if the complaint lacks "enough facts to state a claim to relief that is plausible on its face."
*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).   "Federal Rule of Civil Procedure
8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled
to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon
which it rests.'" *Twombly*, 127 S. Ct. at 1964 (internal citations omitted). "While a complaint
attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a
plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than
labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
do." *Id*. at 1964-65 (internal citations omitted); see also Fed. R. Civ. P. 8(a)(2).

Dismissal with prejudice is a "harsh remedy[,]" *New York v. Hill*, 528 U.S. 110, 118
(2000) and is only appropriate if amendment would be futile.  *Alston v. Parker*, 363 F.3d 229,
235 (3d Cir. 2004).  The Third Circuit has threefold held that "[w]hen a plaintiff does not seek
leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform
the plaintiff that he has leave to amend within a set period of time, unless amendment would be
inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**B.  Plaintiff Has Stated a Claim Under the New Jersey Uniform Commercial Code**

    **1.  The NJUCC Incorporates the MVCOL Requirements and Requires a Creditor
to Remove Its Security Interest When the Obligation Has Been Satisfied**

Pursuant to N.J.S.A. 12A:9-513, when the obligation has been satisfied in a transaction
involving consumer goods, the secured party must "file a termination statement for the financing
statement".  N.J.S.A. 12A:9-513(a)(1).   The termination statement must be filed within one
month of the debt being paid or, if the consumer makes an authenticated demand, within 20 days

5

of that event.  N.J.S.A. 12A:9-513(b.  This "affirmative duty" was placed on the creditor because "many consumers will not realize the importance to them of clearing the public record." Uniform Commercial Code Comment 2 to N.J.S.A. 12A:9-513.  The NJUCC provides for a statutory penalty of \$500[2] for each violation of Section 513(a).  N.J.S.A. 12A:9-625(e)(4).

Although Section 513 only refers explicitly to a filed "financing statement" when describing a secured creditor's duty to clear the public record upon satisfaction of a secured debt, the official Comment 2 to Section 513 clarifies that the Section also "applies to a certificate of title unless the section is **superseded** by a certificate-of-title statute that contains a specific rule addressing a secured party's duty to cause a notation of a security interest to be removed from a certificate of title." (emphasis added.)

The Comment also contemplates a mechanism for the creditor to satisfy its obligation under Section 513 when the security interest is held in the certificate of title of a motor vehicle:

> In the context of a certificate of title, however, the secured party could **comply with this section** by causing the removal itself or providing the debtor with documentation sufficient to enable the debtor to effect the removal."  Uniform Commercial Code Comment 2 to N.J.S.A. 12A:9-513.

(emphasis added).   Thus, the drafters of the UCC intended certificate of title statutes, and specifically provisions regarding the removal of satisfied security interests from the public record, to be incorporated into Section 9-513.

### 2.  Section 513 Is Not Superseded by the MVCOL

#### A.  Section 9-513 Was Enacted *After* the MVCOL and Is Not "Superseded"

Adopted in 1931, the MVCOL predates the Uniform Commercial Code by several decades.  In fact, Section N.J.S.A. 39:10-10 was last amended in 1961, more than one year

---

[2]   When the NJUCC was recodified in 2001, the Legislature increased the amount of the statutory penalty awardable to consumers from \$100 to \$500.

before New Jersey adopted the initial version of the UCC. *A. J. Armstrong Co., Inc. v. Janburt Embroidery Corp.*, 97 N.J.Super. 246, 255 (Law Div. 1967)(The "Code became operative on January 1, 1963.)[3]  Black's Law Dictionary defines "supersede" as "[t]o annul, make void, or repeal by taking the place of", for example, the 1996 statute supersedes the 1989 act.  Black's Law Dictionary (9th ed. 2009).   Thus, in order for a one statute to "supersede" or "take the place" of another, the "superseded" statute must logically exist first or some other later created mechanism would be required.   Thus, the UCC Section 9-513 cannot possibly have been "superseded" by the MVCOL.

### B.  Unlike the UCC Section 9-513 and 9-625, the MVCOL Is Intended to Further Motor Vehicle Administration and Not Consumer Protection

It is undisputed by Plaintiff that New Jersey's Motor Vehicle Certificate of Ownership Law governs the perfection of a security interest in a motor vehicle. N.J.S.A. 12A:9-311(a)(2). *See also Muir v. Jefferson Credit Corp.*, 108 N.J.Super. 586, 591 (1970)("perfection of a security interest in an automobile is governed by Title 39 of the New Jersey Revised Statutes.")  While the MVCOL sets forth a mechanism for a perfecting security interest, it also has a provision relating to the removal of that security interest:

> When the contract or terms of the security agreement noted on the certificate of origin, or certificate of ownership have been performed the seller or secured party shall deliver to the buyer the certificate of ownership thereto, executed as provided in this chapter, with proper evidence of satisfaction of the contract or termination of the security interest. Within 15 days after the performance of the contract or termination of the security interest, the seller or secured party shall file with the director a notice, in such form as the director shall prescribe, containing evidence of such performance or termination. The director shall thereupon cause a notation to be made on his records of certificate of ownership of the motor vehicle that the contract has been satisfied or the security interest terminated.

N.J.S.A. 39:10-10.

---

[3]  The Legislature is not averse to amending the MVCOL.  In 2008 it amended N.J.S.A. 39:10-8 and 10-9.

This provision of the MVCOL provides for a $25 fine, payable to the Motor Vehicle Commission. The modest fine of the statute and its lack of a private right of action, is consistent with the MVCOL's purpose "to be an exclusive method of regulation of title and evidence of ownership of motor vehicles to prevent fraud and theft of motor vehicles..." *National City Bank of New York v. Del Sordo*, 16 N.J. 530, 540 (1954). *See also Martin v. Nager*, 192 N.J. Super. 189, 197 (Ch. Div. 1983)(The purpose of the MVCOL is to protect innocent purchasers of motor vehicles).

The MVCOL includes an "Interpretation of Chapter" provision that states:

> This chapter shall be so interpreted and construed as to effectuate its general purpose to regulate and control titles to, and possession of, all motor vehicles in this state, so as to prevent the sale, purchase, disposal, possession, use or operation of stolen motor vehicles, or motor vehicles with fraudulent titles, within this state.

N.J.S.A. 39:10-3.

### C. Compliance with Section 513 is Consistent with the MVCOL Requirements

N.J.S.A. 39:10-10 merely requires a creditor to file with the Director of the Motor Vehicle Commission a notice indicating that the contract has been performed or that its security interest has terminated. Such a filing must occur within 15 days of such an event. This filing requirement, which requires only a modest effort on behalf of the creditor, is entirely consistent with the creditor's obligation under Section 513.

Section 513 requires that a creditor remove its security interest within 30 days of the satisfaction of the obligation or within 20 days if the consumer makes an authenticated demand. As the Uniform Commercial Code Comment 2 makes it clear that because Section 9-311(b) makes a compliance with a certificate-of-title statute the "equivalent to the filing of a financing

statement under this article," Section 513 "applies to a certificate of title unless the section is superseded by a certificate-of-title statute that contains a specific rule addressing a secured party's duty to cause a notation of a security interest to be removed from a certificate of title."

Interpreting this text is at the core of the dispute to be decided in Wachovia's Motion. The initial clause, that Section 513 applies to a certificate of title, clearly indicates that drafters of the comment believed that the statute's reference to filing a "termination statement" for the "financing statement" was not intended to preclude this Section from applying to security interests in certificates of title. The second clause in the Official Comment, that Section 513 applies to certificates of title unless the section "is superseded by a certificate-of-title statute that contains a specific rule addressing a secured party's duty to cause a notation of a security interest to be removed from a certificate of title", is the centerpiece of Wachovia's opposition.

While it is true that N.J.S.A. 39:10-10 contains a rule that requires the secured party to submit a writing notifying the Director of the Motor Vehicle Commission that the contract had been performed of the security interest terminated, no part of the MVCOL was intended to supersede the New Jersey Uniform Commercial Code. As noted above, N.J.S.A. 39:10-10 has not been amended since 1961, and could not have been intended to supersede any part of Article 9, which first became law in New Jersey in 1963. Section 513 became law when New Jersey adopted the Revised Article 9 in January of 2002, 41 years after N.J.S.A. 39:10-10 took effect.

### 3. The Consumer Protections Provided by Section 513 Complement the MVCOL and Serve an Important Function

Although the MVCOL does not supersede the NJUCC when it comes to a consumer's remedies for a secured creditor's failure to clear a satisfied motor vehicle lien from the public record, the MVCOL *does* control with respect to the *mechanics* involved in perfecting a security interest. N.J.S.A. 12A:9-311(a)(2) makes this clear. Because the NJUCC and the MVCOL have

9

conflicting requirements as to the perfection of a security interest, it was necessary for the Legislature to provide a specific provision to the NJUCC effectively choosing the process for perfecting security interests in the title of motor vehicles. Had the Legislature not specified that preference, the sharp conflict between the two schemes could have been resolved in favor of the later enacted NJUCC.

While the Legislature made it clear that the MVCOL would control the process for perfecting a security interest in the titles of motor vehicles, it did not intend for UCC Section 9-513, which related to the termination of a security interest, to be superseded. Unlike the sharp conflict between the two statutory regimes in the area of perfecting a security interest, no such conflict exists in removing the security interest. A creditor's compliance with the MVCOL would fully satisfy its obligations under Section 513. As noted above, the Official Comment specifically contemplates that Section 513 would be applicable to certificates of title. The Official Comment states that Section 513 would only not apply to a security interest on a motor vehicle's certificate of title if the certificate of title statute superseded Section 513. In this case, neither N.J.S.A. neither 39:10-10 nor any other provision of the MVCOL, supersedes Section 513.

N.J.S.A. 39:10-10 was first enacted more than 70 years ago to prevent fraud and theft of motor vehicles. The legislative intent of Section 513 is to provide a direct benefit to the consumer borrower who paid off their car loan. As the Official Comment notes, the "affirmative duty" was placed on the creditor because "many consumers will not realize the importance to them of clearing the public record." Uniform Commercial Code Comment 2 to N.J.S.A. 12A:9-513. The Legislature understood that to motivate a creditor like Wachovia to perform its affirmative duty, a significant monetary penalty is necessary. Section 513 requires Wachovia to

pay $500 for its failure to remove its security interest, an amount 20 times greater than the $25 penalty enacted by the MVCOL in 1961.

More importantly, Section 513 provides for a consumer cause of action, not contemplated by the MVCOL where the statutory penalty is collected by the Motor Vehicle Commission Director as part of the police powers of the State of New Jersey.  By enacting Section 513, the Legislature allows a consumer to enforce a right intended to benefit the consumer.

The utility of Section 513's $500 statutory penalty and independent cause of action is demonstrated in Plaintiff's case now before the Court.  Plaintiff redeemed her vehicle on or about September 28, 2009.  While Wachovia has known all along that it failed to remove its lien that failure was made clear when Plaintiff filed her Amended Complaint on October 13, 2010, nearly five months ago.  Yet, in its moving papers Wachovia admits that it has yet to file a notice of release of lien with the Motor Vehicle Commission.   It is apparent that the $25 statutory penalty has not provided the proper incentive for Wachovia to comply with New Jersey law. The Legislature's imposition of a $500 per violation penalty along with a private right of action was intended to allow consumers to take on powerful scofflaws.

Since there is no conflict between the two statutes they may exist in harmony, allowing consumers to use a private right of action to enforce their rights under Section 513 while allowing creditors to fulfill their obligations under N.J.S.A. 39:10-10 without incurring any liability.  When a newer statute and older statute do not sharply conflict with each other, they may each stand in complimentary fashion.  *See Chasin v. Montclair State Univ.*, 159 N.J. 418, 438-39, (1999) (when a later statute and a prior one are not fatally inconsistent they may function together) and *Merin v. Maglaki*, 126 N.J. 430, 435, (1992) (a Court's statutory interpretation

11

should strive to implement the intent of the Legislature, considering the language of the statutes as well as "the objects sought to be achieved").

Allowing Section 513 to coexist with N.J.S.A. 39:10-10 is consistent with the manner in which the NJUCC was intended to be interpreted:

> Unless displaced by the particular provisions of this Act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.

N.J.S.A. 12A:1-103. *See also Kaplan v. Walker*, 164 N.J.Super. 130, 395 A.2d 897, 898 (App.Div.1978) (Section 103 mandates the supplementation of the Uniform Commercial Code by principles of law and equity unless displaced by any particular provision of the Code).

In adopting Section 513, the Legislature created a consumer right of action to be used against a creditor unreasonably maintaining a security interest on property that should no longer be encumbered by an obligation.  The MVCOL provisions are not in any way undermined by Section 513.  Because there is no provision in the MVCOL or the NJUCC by which Section 513 is superseded by N.J.S.A. 39:10-10, the statute affords Plaintiff a cause of action against Wachovia for its refusal to remove a lien that was satisfied more than 68 weeks ago.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Wachovia's motion, or in the alternative, grant Plaintiff leave to amend.

Dated:  March 7, 2011                    s/ *Christopher J. McGinn*
                                         The Law Office of Christopher J. McGinn
                                         P.O. Box 365
                                         79 Paterson St.
                                         New Brunswick, NJ 08901
                                         Tel: (732) 937-9400; Fax: (800) 931-2408
                                         cjmcginn@njconsumerprotection.com
                                         *Attorneys for Plaintiff*

12