IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY - TRENTON VICINAGE

| | |
|---|---|
| SHANEE N. POLLITT, on behalf of herself and all others similarly situated,<br><br>  Plaintiff<br><br>  v.<br><br>DRS TOWING, LLC, d/b/a ADVANCED FINANCIAL SERVICES, WACHOVIA DEALER SERVICES, INC. d/b/a WDS, INC., WFS FINANCIAL, WFS FINANCIAL, INC., STATE LINE AUTO AUCTION, INC. and JOHN DOES 1 to 10 | NO. 10-CV-01285 (AET) (DEA)<br><br>**JURY OF 12 DEMANDED** |

**DEFENDANT, STATE LINE AUTO AUCTION INC.'S ANSWER
TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, State Line Auto Auction, Inc., by and through its attorneys, Bennett, Bricklin & Saltzburg LLC, answers plaintiffs' amended complaint as follows:

## NATURE OF CASE

1. Denied.

2. Admitted in part and denied in part. It is admitted, upon information and belief, that Wachovia repossessed plaintiff's vehicle. The remaining averments of this paragraph are denied.

3. It is admitted that plaintiff so alleges.

4. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the allegations of this paragraph, denies the same, and demands proof thereof at trial.

5. Admitted in part and denied in part. It is admitted that plaintiff was required to pay State Line $644.00 to obtain her vehicle. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the allegations regarding payments made to or demanded by Wachovia. The remaining averments of this paragraph are denied.

6-7. Denied.

## JURISDICTION

8. Admitted in part and denied in part. It is admitted that this matter was removed from the New Jersey Superior Court. The remaining averments as to the contents of the notice of removal are denied, as the notice of removal is a document that speaks for itself.

## ALLEGATIONS OF FACT

9-12. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands proof thereof at trial.

13. Admitted.

14. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of this paragraph, denies the same, and demands proof thereof at trial.

15. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of this paragraph, denies the same, and demands proof thereof at trial.

16-19. Denied, as the RISC is a document that speaks for itself.

20-27. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands proof thereof at trial.

28. Admitted in part and denied in part. It is admitted that the vehicle was transported from Sicklerville, New Jersey to State Line Auto Auction in Waverly, New York. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the remaining averments of this paragraph, denies the same, and demands proof thereof at trial.

29-31. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands proof thereof at trial.

32-33. Denied, as the Notice is a document that speaks for itself.

34-43. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands proof thereof at trial.

44. Admitted in part and denied in part. It is admitted that Wachovia was not billed for services until a vehicle was sold. It is denied that Wachovia did not have access to charges accrued to date. To the contrary, some charges were available on the electronic inventory management system, and up-to-date charges could be obtained by contacting State Line. After reasonable investigation, answering defendant is unable to form a belief as to Wachovia's knowledge at the relevant time, denies the same, and demands strict proof thereof at trial.

45. Admitted in part and denied in part. It is admitted that at the time of the redemption, Wachovia did not have in its "possession" the exact fees that State Line would charge to Pollitt. It is denied that Wachovia did not have this information "available." To the contrary, some charges were available on the electronic inventory management system, and up-to-date charges could be obtained by contacting State Line.

46-55. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands proof thereof at trial.

56. Admitted.

57-58. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands proof thereof at trial.

59. Admitted in part and denied in part. It is admitted that Pollitt contacted State Line prior to appearing to collect the vehicle. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the allegations regarding the contents of those

communications.  By way of further response, it is State Line's usual practice to advise redeemers that their vehicles are being stored at answering defendant's facility in Waverly, New York.

60. Admitted in part and denied in part.  It is admitted that Pollitt contacted State Line prior to appearing to collect the vehicle.  After reasonable investigation, answering defendant is unable to form a belief as to the truth of the allegations regarding the contents of those communications.  By way of further response, it is State Line's usual practice to advise redeemers of the amount of payment required before the vehicle would be released**.**  After reasonable investigation, answering defendant is unable to form a belief as to the truth of the remaining allegations of this paragraph, denies the same, and demands strict proof at trial.

61. Admitted in part and denied in part.   It is admitted that Pollitt contacted State Line prior to appearing to collect the vehicle.  After reasonable investigation, answering defendant is unable to form a belief as to the truth of the allegations regarding the contents of those communications.  By way of further response, it is State Line's usual practice to advise redeemers that payment must be made in cash and only during designated business hours.

62. Admitted.

63. Admitted.

64. Admitted.

65. Denied.

66. Admitted in part and denied in part.  After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments regarding Wachovia's "policy," denies the same, and demands proof thereof at trial.  It is admitted only that Wachovia authorized State Line to collect its fees prior to the release of the vehicle.  The remaining allegations of this

paragraph are denied as stated.

67. Denied.

68. Admitted in part and denied in part. It is admitted that plaintiff appeared at State Line's facility to obtain her vehicle. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the remaining averments of this paragraph, denies the same, and demands proof thereof at trial.

69. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of this paragraph, denies the same, and demands proof thereof at trial.

70-72. Admitted.

73. Denied, as the receipt is a document that speaks for itself.

74-75. Denied as a conclusion of law to which no response is required.

76. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of this paragraph, denies the same, and demands proof thereof at trial.

77. Admitted.

78-79. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands proof thereof at trial.

80-81. Denied.

82-83. Denied, as the contract is a document that speaks for itself.

84-86. Denied.

87. Denied, as the contract is a document that speaks for itself.

88. Admitted.

89-132. After reasonable investigation, answering defendant is unable to form a belief as to

the truth of the averments of these paragraphs, denies the same, and demands proof thereof at trial.

133.    Denied, as the RISC is a document that speaks for itself.

134-135.    After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands proof thereof at trial.

136.    Admitted in part and denied in part. It is admitted only that plaintiff paid State Line $644.00. All allegations of agency are denied as conclusions of law to which no response is required. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the remaining averments of this paragraph, denies the same, and demands proof thereof at trial.

137.    Admitted.

138-141.    After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands proof thereof at trial.

142.    Denied.

143.    After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of this paragraph, denies the same, and demands proof thereof at trial.

144.    Admitted in part and denied in part. It is admitted that more than 50 persons have appeared at State Line's facility to obtain vehicles repossessed by Wachovia. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments regarding the residency of any such persons. The remaining averments of this paragraph are denied.

145-147.    After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands proof thereof at trial.

## Class Allegations

148.    It is admitted only that plaintiff so alleges.

149.    It is admitted that plaintiff alleges the classes stated.  It is denied that the classes alleged satisfy the requirements of Federal Rule of Civil Procedure 23 to maintain a class action.

150-157.   Denied.

158.    After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of this paragraph, denies the same, and demands proof thereof at trial.

159-163.   Denied.

164.    After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of this paragraph, denies the same, and demands proof thereof at trial.

## COUNT ONE
## Violations of NJUCC

165.    Answering defendant incorporates by reference its responses to paragraphs 1 to 164 of the Amended Complaint as if fully set forth here at length.

166-180.   Denied.

## COUNT TWO
## Violations of the Consumer Fraud Act

181.    Answering defendant incorporates by reference its responses to paragraphs 1 to 180 of the Amended Complaint as if fully set forth here at length.

182-188.   Denied.

189.    After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of this paragraph, denies the same, and demands proof thereof at trial.

190.    Denied.  By way of further response, it is denied that answering defendant took and

7

held the personal property contained in the vehicles of plaintiff and the members of Class B.

191-203.  Denied.

## COUNT THREE
### Violations of the Truth-in-Consumer Contract, Warranty, and Notice Act

204.  Answering defendant incorporates by reference its responses to paragraphs 1 to 203 of the Amended Complaint as if fully set forth here at length.

205-206.  Denied as conclusions of law to which no response is required.

207-215.  Denied.

WHEREFORE, defendant, State Line Auto Auction, Inc, demands that judgment be entered in its favor, together with the costs of defense of this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The named plaintiff and putative class members have failed to meet the requirements of Federal Rule of Civil Procedure 23 to maintain a class action.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff and putative class members have failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The claims of plaintiff and/or the putative class members are barred by the applicable period of the statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The claims of plaintiff and/or the putative class members  are barred, in whole or in part, by

the Doctrines of Estoppel, Waiver and/or Laches.

## FIFTH AFFIRMATIVE DEFENSE

The claims of plaintiff and/or the putative class members are barred, in whole or in part, by the doctrines of Payment, Release and Accord and Satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members have failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of plaintiff and/or the putative class members are barred, in whole or in part, by the doctrines of fraud or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The alleged damages claimed by plaintiff and/or the putative class members may have been the result of an independent, intervening agency, party or instrumentality over which answering defendant had no control nor duty to control.

## NINTH AFFIRMATIVE DEFENSE

The alleged damages claimed by plaintiff and/or the putative class members were caused in whole or in part by their own conduct.

## TENTH AFFIRMATIVE DEFENSE

Answering defendant did not engage in the "sale" or "advertisement" of "merchandise" within the meaning of the New Jersey Consumer Fraud Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering defendant did not engage in any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment,

suppression or omission of any material fact with the intent that others rely upon such concealment within the meaning of the New Jersey Consumer Fraud Act.

## TWELFTH AFFIRMATIVE DEFENSE

This matter is governed by the laws of the State of New York.

## THIRTEENTH AFFIRMATIVE DEFENSE

The New Jersey Consumer Fraud Act does not apply to answering defendant's conduct, which is alleged to have occurred in the State of New York.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members did not sustain any ascertainable loss within the meaning of the New Jersey Consumer Fraud Act as a result of answering defendant's alleged conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

The alleged damages claimed by plaintiff and/or the putative class members were not proximately caused by the conduct of answering defendant.

WHEREFORE, defendant, State Line Auto Auction, Inc, demands that judgment be entered in its favor, together with the costs of defense of this matter.

## CROSS CLAIMS

### COUNT I - CONTRIBUTION AND INDEMNITY
**State Line Auto Auction, Inc. v. Wachovia Dealer Services, Inc. and WFS Financial Inc.**

1. Answering defendant denies any liability to any party in this matter. However, if answering defendant is adjudicated to be liable, such liability is due to the negligence of defendants Wachovia Dealer Services, Inc. and WFS Financial Inc.. As such, answering defendant is entitled

to and hereby demands contribution from defendants Wachovia Dealer Services, Inc. and WFS Financial Inc. pursuant to the New Jersey Joint Tortfeasors' Contribution Act, N.J.S.A. 2A:53A-1 et. seq. and the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et. seq.

2. Answering defendant denies any liability to any party in this matter. However, if answering defendant is adjudicated to be liable, its liability would be passive and secondary only, and answering defendant is entitled to, and hereby demands, full indemnification from defendants Wachovia Dealer Services, Inc. and WFS Financial Inc.

WHEREFORE, defendant, State Line Auto Auction, Inc., demands judgment in its favor, but if liability is imposed upon answering defendant, it is requested that judgment be entered against defendants, Wachovia Dealer Services, Inc. and WFS Financial Inc., for contribution and indemnity together with the costs of defense of this matter.

## COUNT II - CONTRACTUAL ATTORNEYS FEES
**State Line Auto Auction, Inc. v. Wachovia Dealer Services, Inc. and WFS Financial Inc.**

1. Defendants, Wachovia Dealer Services, Inc. and WFS Financial Inc., have alleged cross-claims against answering defendant seeking contractual indemnity under the terms of the Auction Services Agreement between answering defendant and Wachovia Dealer Services, Inc. and WFS Financial Inc..

2. Answering defendant does not owe any indemnity obligation to Wachovia Dealer Services, Inc. and WFS Financial Inc..

3. Pursuant to paragraph 18(j) of the Auction Services Agreement, the prevailing party in any action brought to enforce or interpret the provisions of the Auction Services Agreement is entitled to reasonable attorneys fees.

11

    4.      If answering defendant prevails on the cross claim of defendants, Wachovia Dealer Services, Inc. and WFS Financial Inc., for contractual indemnity, answering defendant demands that it be awarded reasonable attorneys fees as provided by the Auction Services Agreement.

WHEREFORE, defendant, State Line Auto Auction, Inc., demands judgment in its favor on the cross claims of defendants, Wachovia Dealer Services, Inc. and WFS Financial Inc., together with the costs of defense of this matter.

                **BENNETT, BRICKLIN & SALZBURG LLC**

                BY:  s/ Warren F. Sperling
                      WARREN F. SPERLING, ESQUIRE
                      NICHOLAS A. CUMMINS, ESQUIRE
                      Executive Mews, Suite H-43
                      1930 E. Marlton Pike
                      Cherry Hill, NJ 08003
                      (856) 751-5285
                      (856) 751-5281 - fax
                      Email: sperling@bbs-law.com
                      Email: cummins@bbs-law.com
                      Attorneys for defendant,
Date:  May 23, 2011            State Line Auto Auction, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY - TRENTON VICINAGE

| | |
|---|---|
| SHANEE N. POLLITT, on behalf of herself and all others similarly situated, : : : | |
| v. : : | NO. 10-CV-01285 (AET) (DEA) |
| DRS TOWING, LLC, d/b/a ADVANCED FINANCIAL SERVICES, WACHOVIA DEALER SERVICES, INC. d/b/a WDS, INC., WFS FINANCIAL, WFS FINANCIAL, INC., STATE LINE AUTO AUCTION, INC. and JOHN DOES 1 to 10 : : : : : : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing Answer with Affirmative Defenses was served on this date upon all interested counsel by electronic filing with the court or regular mail, postage pre-paid, addressed as follows:

Christopher J. McGinn, Esquire
79 Paterson Street, P.O. Box 365
New Brunswick, NJ 08901-0365

Henry Paul Wolfe, Esquire
Galex Wolf LLC
1520 US Highway 130, Suite 101
New Brunswick, NJ 08902

Michael K. Willison, Esquire
Dickie, McCamey & Chilcote
41 South Haddon Ave, Suite 5
Haddonfield, NJ 08033

Emily A. Kaller, Esquire
Greenbaum Rowe Smith & Davis, LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095

        **BENNETT, BRICKLIN & SALZBURG LLC**

        BY: s/ Warren F. Sperling
           WARREN F. SPERLING, ESQUIRE
           NICHOLAS A. CUMMINS, ESQUIRE
           1930 E. Marlton Pike, Suite H-43
           Cherry Hill, NJ 08003
           (856) 751-5285
           (856) 751-5281 - fax
           Email: sperling@bbs-law.com
           Email: cummins@bbs-law.com
           Attorneys for defendant,

Date:  May 23, 2011            State Line Auto Auction, Inc.