The Wolf law Firm, LLC
1520 U.S. Hwy 130 – Suite 101
North Brunswick, NJ 08902
Tel: (732) 545-7900
Fax: (732) 545-0550

RECEIVED

OCT - 7 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

The Law Office of Christopher J. McGinn
75 Raritan Avenue.
Highland Park, NJ 08904
Tel: (732) 937-9400
Fax: (800) 931-2408

Attorneys for Plaintiff and the putative class

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

SHANEE N. POLLITT, on behalf of herself
and those similarly situated,

              Plaintiff,

     v.

DRS TOWING, LLC, d/b/a ADVANCED
FINANCIAL SERVICES, WACHOVIA
DEALER SERVICES, INC. d/b/a WDS, INC.,
WFS FINANCIAL and WFS FINANCIAL,
INC.; STATE LINE AUTO AUCTION; and
JOHN DOES 1 to 10,
              Defendant.

Hon. Anne E. Thompson, U.S.D.J.
Hon. Douglas E. Arpert, U.S.M.J.

Civil Action No. 10-CV-01285 (AET) (DE)

**ORDER**

     **THIS MATTER** presented for hearing before the Honorable Douglas E. Arpert, U.S.M.J., in order for this Court to conduct a preliminary hearing to determine whether the proposed Class Action Settlement Agreement between Plaintiff Shanee N. Pollitt and Defendant DRS Towing, LLC, d/b/a Advanced Financial Services (the "Moving Parties") is fair, reasonable and adequate, to provisionally certify the Settlement Class, to address the appointment of Class Counsel and Class Representative, and to schedule a Fairness Hearing; and the Plaintiff and

Settlement Class members being represented by Class Counsel and Defendant DRS Towing, LLC being represented by its attorneys;

**AND THE COURT,** having considered the Class Action Settlement Agreement between Plaintiff Shanee N. Pollitt and Defendant DRS Towing, LLC, d/b/a Advanced Financial Services, the Memorandum in Support of Joint Motion for Preliminary Approval of Class Action Settlement, the declarations submitted in support of the motion, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1.   This litigation was commenced as a class action by Plaintiff in the Superior Court of New Jersey Middlesex County, Law Division.

2.   The Wachovia Defendants removed this matter to the District Court of New Jersey and Plaintiff subsequently amended the Complaint to add State Line Auto Auction as a Defendant.

3.   The settlement before the Court only involves Plaintiff, the proposed Settlement Class and Defendant DRS Towing, LLC, d/b/a Advanced Financial Services.

4.   Litigation between Plaintiff and the other Defendants is ongoing.

5.   In her class action Complaint and First Amended Complaint, Plaintiff alleged, in part, that the Defendant DRS Towing, LLC, d/b/a Advanced Financial Services violated the New Jersey Consumer Fraud Act (CFA) (N.J.S.A. 55:8-1 et seq.) by refusing to return her personal possessions taken from her repossessed vehicle unless she paid an allegedly unlawful fee.

6.   Defendant DRS has denied any and all liability alleged in the Complaint and the First Amended Complaint.

7.   As a result of arm's-length negotiations between Class Counsel and counsel for Defendant DRS, the Parties reached a settlement that provides, among other relief, monetary

relief to the Settlement Class members in exchange for the Settlement Class Members releasing certain claims.

8.    The Moving Parties now request approval of a Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3).

9.    The Court has read and considered the Settlement Agreement, the Brief and declarations submitted in support of it, the accompanying documents and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

10.   The motion for Preliminary Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to comply with the schedule as set forth in this Order.

11.   The Court has jurisdiction over the subject matter of this matter and over the Parties hereto.

12.   In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 and the terms of the Settlement Agreement, Defendant DRS shall comply with its obligation to serve written notice of the proposed class settlement to the appropriate governmental representatives no later than ten (10) days of the date of this Order.

13.   Pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class is certified for purposes of preliminary approval of settlement:

> All persons who at any time since June 25, 2008 A) paid DRS a fee related to property in a motor vehicle repossessed by DRS at the request of WDS; or B) were the primary obligor in a loan with Wachovia and the collateral vehicle to secure that loan was repossessed by DRS and where the records of DRS do not indicate whether DRS collected a fee related to retrieval of personal property.
>
> This definition is predicated on certain factual representations made by DRS, including that:
>
> 1. The records of Defendant DRS indicate that every person meeting the definition of Part A paid DRS the fee of $60 and no such person paid DRS a fee of more than $60; and

2.  No person meeting the definition of Part A made more than one payment to DRS during the relevant time period and that no person; and no person meeting the definition of Part A also meets the definition of Part B.

Excluded from the proposed Class are:

> ➢ The officers, directors, employees, and legal representatives of DRS and the officers and legal representatives of Wachovia, as well as their immediate family members;

> ➢ The officers, directors, employees, and legal representatives of any repossession company, motor vehicle auction company, or any other company directly involved in the repossession or disposition of collateral of any Settlement class member; and

> ➢ Any Judge or Magistrate presiding over this action and members of their immediate families.

14.   The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. Specifically, the Court finds that the Settlement Class satisfies the prerequisites for class certification under Rule 23 in that:

a.      The members of the above defined class are so numerous that joinder of all members is impracticable.

b.      There are questions of law and fact common to the Settlement Class.

c.      The claims of the Class Representative (appointed below) are typical of the claims of the Settlement Class.

d.      The Class Representative fairly and adequately represents the interests of the Settlement Class.  There are no conflicts of interest between the Class Representative and members of the Settlement Class.

e.      Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Class.

f.      Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

15.   The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement attached hereto as **Exhibit A**, is fundamentally fair, reasonable, adequate and is in the best interests of the Settlement Class members, especially in light of the benefits

achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class members.

16.    Pursuant to Fed. R. Civ. P. 23, the Court finds that Plaintiff Shanee N. Pollitt fairly and adequately represents and protects the interests of the Settlement Class and appoints her as Class Representative.

17.    Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Christopher J. McGinn, Esq. of the law office of Christopher J. McGinn and Andrew R. Wolf, Esq., Henry P. Wolfe, Esq. and Elliot M. Gardner, Esq. of the Wolf Law Firm, LLC as Settlement Class Counsel.

18.    The Settlement Agreement, a copy of which is attached hereto as **Exhibit A**, provides in part for Defendant DRS to (1) pay each Settlement Class member the amount of $150; (2) pay the costs of administering the settlement and (3) pay Plaintiff's reasonable counsel fees, costs and expenses and the Class Representative's incentive award, if approved by the Court.

19.    The Court approves A. B. Data, Ltd. as the Settlement Administrator. The Settlement Administrator shall be responsible for administering the Settlement according to the terms set forth in the Settlement Agreement and as Ordered herein.

20.    Defendant DRS shall create an electronic database containing the identifying information of Settlement Class Members pursuant to the Settlement Agreement. The electronic database shall be provided to the Settlement Administrator and shall be provided to Class Counsel, as required by the Settlement Agreement.

21.    Defendant DRS shall furnish Class Counsel with a supporting Certification of Due Diligence confirming the completeness and accuracy of the electronic database pursuant to the Settlement Agreement.

22.   The costs of administering the settlement, including but not limited to, printing the Notice, updating the database and mailing the Notice and, thereafter, issuing and mailing the settlement checks shall be paid exclusively by Defendant DRS.

23.   The Court finds that the mailing and distribution of the Settlement Class Notice attached hereto as **Exhibit B** in the manner set forth herein and the Settlement Agreement is the best notice practicable under the circumstances, consistent with due process of law, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23.

24.   The Settlement Administrator shall cause the Notice to be postmarked and mailed to all Settlement Class members in accordance with the terms of the Settlement Agreement in substantially the same form as **Exhibit B**, by _November 28, 2011_ or within twenty-one (21) days after the entry of this Order.

25.   By no later than twenty (20) days prior to the date of the Fairness Hearing, the Settlement Administrator shall provide to Class Counsel and Defendant DRS' counsel one or more declarations attesting to compliance with the terms of this Order and the Settlement Agreement. The Moving Parties shall file the Settlement Administrator's declaration with the application for Final Approval.

26.   Any Member of the Settlement Class may elect to opt out of the Settlement Class. Those who desire to exclude themselves must submit to the Settlement Administrator at the address set forth in the Notice a signed Request for Exclusion that includes their name and a statement requesting exclusion from the Settlement Class in accordance with the terms set forth in the Settlement Agreement. To be effective, a Request for Exclusion must be received by the Settlement Administrator no later than 5:00 p.m. _January 6, 2012_ , no sooner than thirty-five days from the date of the initial mailing of the Notice.

27.    By no later than fourteen (14) days after the Request for Exclusion deadline date set forth in the preceding paragraph, the Settlement Administrator shall: (a) deliver to Class Counsel and to Defendant DRS' counsel copies of any and all Requests for Exclusion that have been received by the Settlement Administrator and the Settlement Administrator's determinations whether each Request for Exclusion was timely received and (b) notify in writing any Class Member for whom the Settlement Administrator has determined that a Request For Exclusion received from the Class Member was not timely received.

28.    No later than fourteen (14) days after the request to be excluded deadline set forth in ¶26, the Settlement Administrator provide copies to class counsel and Defendant DRS' counsel one or more declarations stating that the Notice was deposited in the United States Mail in accordance with the terms of this Order and as required by the Settlement Agreement along with statistics on how many Notices were mailed successfully, how many were returned as undeliverable and how many were re-mailed successfully and the declaration shall also state the number and identity of Class Members who submitted a valid and timely Request for Exclusion. The Moving Parties shall file the Settlement Administrator's declaration with the application for Final Approval.

29.    All Settlement Class Members who do not submit a valid and timely Request for Exclusion excluding themselves from the Class shall be bound by the terms of this Settlement Agreement and the Judgment and all Orders entered by the Court in connection with the Settlement, whether favorable or unfavorable to the Class.  All those who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Agreement and shall not be afforded any of the relief described in the Settlement Agreement.  Any member of the Settlement Class who excludes himself or herself from the Settlement Class cannot formally object to the terms of the settlement.

30.   Settlement Class Counsel shall file and serve an application for attorney's fees and expenses by no later than ten (10) days prior to the date of the Fairness Hearing.

31.   A Fairness Hearing shall be held before this Court at *10:00 AM*, on *March 6, 2012* (or sometime that week), which shall be no earlier than one-hundred-and-ten (110) days from the date of this Order, in Courtroom *6W* at the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street Room 2020, Trenton, NJ, 08608, on the proposed Settlement including: a) whether to grant final approval to the Settlement as fair, reasonable, and adequate and issue an Order dismissing the Complaint with prejudice; b) to decide the amount of reasonable attorney's fees and costs to be awarded to Class Counsel; and c) whether to approve the incentive award to Plaintiff.  This hearing may be adjourned from time to time without further or prior notice by oral announcement by the Court or by written order.

32.   Any Member of the Settlement Class may appear, in person or through counsel (at their own expense), at the aforementioned Fairness Hearing and be heard in support of or in opposition to the fairness, reasonableness and adequacy of the proposed Settlement, award of counsel fees, reimbursement of costs and expenses, and Settlement Class Representative incentive payment provided, however, no person shall be heard in opposition to the proposed Settlement or the award, and no paper or brief submitted by such person shall be received or considered by the Court unless such person has timely filed with the court a written objection and sent a copy to Settlement Class Counsel, DRS' Counsel and the Court in the manner described in the Notice.

33.   Objections not conforming to the requirements set forth in the Notice shall be stricken and shall not be considered or heard by this Court.  To be effective, a written objection must contain a concise statement of each objection being made; a detailed description of the facts underlying each objection; a description of the legal basis for each objection; a statement of

whether the objector intends to appear at the Fairness Hearing; a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits, and it must be received by the Court, Class Counsel and Defendant DRS' counsel by no later than 5:00 p.m. on _January 16, 2012_; no sooner than thirty-five days from the date of the initial mailing of the Notice.

34.   In the event that the Settlement Agreement is not approved by the Court, or if approval of the Settlement Agreement, including the entry of the Conditional Certification Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in the Settlement Agreement is not met, then the Conditional Certification Order and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved *ab initio* without further order of the Court, and become null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant DRS to, among other things, (i) oppose any subsequent efforts by the Plaintiff to certify this action as a class action, and (ii) all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiff and the putative Settlement Class.

**IT IS SO ORDERED.**

Dated: _October 7, 2011_

_____
HON. DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE

— _Unopposed / Consent_

* _Terminate dkt. entry no. 62_

Page 9 of 9

# Exhibit A

**CONFIDENTIAL - For Settlement Purposes Only**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release (referred to herein as "Agreement", "Settlement Agreement" or "Settlement") is made and entered into this ___ day of July 2011, by and between the Parties: Shanee N. Pollitt (Pollitt) and DRS Towing, LLC d/b/a Advanced Financial Services ("DRS") to the action titled Pollitt v. DRS Towing LLC et al. filed in the New Jersey Superior Court and removed to federal Court, Civil Action No. 3:10-cv-1285 ("the Lawsuit"), with reference to the following:

**WHEREAS**, a dispute has arisen between Pollitt and DRS collecting what it calls an "administrative fee" of $60 from Pollitt in conjunction with the return of her personal property from her vehicle that DRS had repossessed on behalf of Wachovia Dealer Services, Inc. and WFS Financial Inc. (collectively "Wachovia").  Plaintiff subsequently filed the Lawsuit alleging claims on behalf of herself and other similarly situated against DRS and Wachovia related to the fee, including that the demand for the fee violated the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et. seq.).  In that Complaint also brought a number of additional claims against Wachovia on behalf of herself and other similarly situated related to the repossession and disposition of collateral automobiles, including claims related to the DRS fee.  Wachovia is not a party to this settlement and Pollitt's lawsuit against Wachovia continues as to the claims not related to the DRS fee.

**WHEREAS**, DRS denies Pollitt's claims and denies any wrongdoing or liability to Pollitt or to any other person with respect to the allegations made by Pollitt.

**WHEREAS**, Pollitt and DRS now desire to avoid the further expense, inconvenience and distraction of litigation, to put to rest all further controversy, to compromise their claims and differences, and to effect a release of all claims and potential claims arising out of the

Page 1 of 17

## CONFIDENTIAL - For Settlement Purposes Only

subject matter of the Lawsuit, which have been, could have been, or could be asserted by DRS, Pollitt or any member of the proposed settlement class arising out of, related to, or based on the fee charged by DRS, upon the terms and conditions set forth hereafter.

**WHEREAS,** for purposes of settlement only, Pollitt seeks to represent all New Jersey residents who fall within the Settlement Class definition set forth herein and included in the Preliminary Approval Order in this action.

**WHEREAS,** Pollitt agrees to resolve her claims and those of the members of the Settlement Class upon the terms and provisions set forth below after considering the risks of litigation and the benefits that the settlement will confer and to put to rest all claims based on the matters alleged in the Lawsuit which have been, could have been, or could be asserted by Pollitt or any member of the potential class arising out of, related to, or based on DRS' practice of charging a fee in connection with the retrieval of personal property from vehicles repossessed on behalf of Wachovia.

**WHEREAS,** DRS, as a part of this settlement and compromise, is willing to monitor and ensure the best possible compliance with a number of its business practices complained of by Pollitt and to provide compensation to the Settlement Class as set forth below.

**NOW, THEREFORE,** Pollitt and DRS, by and through themselves, their respective undersigned attorneys and/or their authorized representatives, intending to be legally bound hereby and in exchange for valuable consideration as set forth herein, including the release of claims as set forth in paragraph 26, do agree that the Lawsuit and claims be settled, and that the Complaint will be dismissed with prejudice against DRS and amended to remove claims related to the DRS administrative fee from the claims against Wachovia, subject to the preliminary and final approval of the Court, on the following terms and conditions.

## CONFIDENTIAL – For Settlement Purposes Only

### I.   Class Certification for Settlement Purposes

1.     Pollitt and DRS, collectively referred to as "the Parties", agree, solely for purposes of Settlement and not for any other purpose, that Pollitt should be designated as the class representative and that she will fairly and adequately represent the interests of the Settlement Class (the "Settlement Class") with respect to the Settlement, and that for purposes of settlement only, a Settlement Class shall be certified because, for purposes of this settlement, the Settlement Class meets the standards recited in the New Jersey Court Rules.

2.     DRS represents that there are approximately 249 persons who meet the criteria of the definition below. The Settlement Class shall be defined, for purposes of settlement only, as:

> For the purposes of this offer, the Settlement Class is defined as:
>
> All persons who at any time since June 25, 2008 A) paid DRS a fee related to property in a motor vehicle repossessed by DRS at the request of WDS; or B) were the primary obligor in a loan with Wachovia and the collateral vehicle to secure that loan was repossessed by DRS and where the records of DRS do not indicate whether DRS collected a fee related to retrieval of personal property. WDS has tentatively identified the number of people meeting the definition of part A as 66 and the number of people meeting the definition of part B as 183.
>
> This definition is predicated on certain factual representations made by DRS, including that:
>
> 1. Its records indicate that every person meeting the definition of part A paid DRS the fee of $60 and no such person paid DRS a fee of more than $60.
>
> 2. No person meeting the definition of part A made more than one payment to DRS during the relevant time period and that no person; and no person meeting the definition of part A also meets the definition of part B;
>
> Excluded from the proposed Class is:
>
> > ➤  The officers, directors, employees, and legal representatives of DRS and the officers and legal representatives of Wachovia, as well as their immediate family members;

CONFIDENTIAL - For Settlement Purposes Only

> The officers, directors, employees, and legal representatives of any repossession company, motor vehicle auction company, or any other company directly involved in the repossession or disposition of collateral of any Settlement class member; and

> Any Judge or Magistrate presiding over this action and members of their immediate families.

> Need proposed language for the commercial lease exclusion

3.    The Parties further stipulate, for settlement purposes only, to the appointment of Christopher J. McGinn, Esq. of the Law Office of Christopher J. McGinn and Andrew R. Wolf, Esq. and Henry Wolfe, Esq. of the law firm of The Wolf Law Firm, LLC as counsel for the Settlement Class ("Class Counsel") and to Pollitt as Class Representative.  DRS does not agree to certification of any Class or appointment of particular counsel to represent a Class for any purpose other than to effectuate the Settlement described herein.

4.    The Parties agree that, in connection with the approval of this Settlement, the Court may make findings respecting class certification that, absent the existence of this Settlement, would be contested.  The Parties acknowledge that while the agreements provided for in this Settlement Agreement and Release are intended to give rise to a finding that a class may be certified in accordance with the requirements of the Federal Rules of Court, any such finding is for settlement purposes only and may not be used in this or any other proceeding for any other purpose.

II.   **Agreement to Collectively Apply for Preliminary and Final Approval of the Settlement**

5.    The Parties will cooperate in seeking certification of the Settlement Class under the Federal Rules of Court and preliminary and final approval of the Settlement consistent with the terms and provisions of this Agreement.  The drafting of documents related to seeking preliminary certification of the settlement class and final approval of the

## CONFIDENTIAL - For Settlement Purposes Only

Settlement shall be prepared by the Class Counsel and provided to DRS's Counsel for suggested edits prior to filing with the Court. Such documents shall be consistent with the substance of this agreement.

6.      By _____, the Parties shall jointly request that the Court enter an order making a preliminary finding that the terms of the Settlement Agreement are fair, reasonable and adequate as to all Settlement Class Members; establishing a date by which Notice shall be provided to Settlement Class Members, establishing a date by which Settlement Class Members must opt out or object to the Settlement and setting a date for a hearing on Final Approval Order of the Settlement.

7.      If any material provision of this Settlement is not approved by the Court, then (a) this Settlement Agreement and any resulting certification of the Settlement Class provided for herein shall be vacated and the Lawsuit will proceed as though the Settlement Class had never been certified, without prejudice to any Party's position on the issue of class certification; (b) the Parties shall be returned to the *status quo ante* with respect to every issue of fact and law as they stood on the date of signing of this Settlement Agreement, as if this Settlement Agreement had not been entered into; (c) any Order entered pursuant to this Settlement Agreement shall be vacated and of no further force or effect; (d) neither this Settlement Agreement nor any provision thereof nor any Order entered on or pursuant to this Settlement Agreement shall be used or relied on in the Lawsuit for any purpose; and (e) all negotiations, proceedings and statements made in connection with this Settlement Agreement shall be without prejudice to any person, entity or Party and shall not be deemed an admission by any person, entity or Party of any act, failure to act, matter, fact, issue of law or proposition and may not be used in the Lawsuits or in any other proceeding for any purpose.

## CONFIDENTIAL - For Settlement Purposes Only

8. Subject to the Court's approval, DRS agrees to pay Class Counsels' reasonable attorneys' fees and costs. Following the execution of this agreement, the parties will attempt to negotiate the amount of Class counsels' fees and costs to be paid by DRS in the amounts awarded by the Court, which payment may include costs and expenses, time already spent and time to be spent including finalizing the Settlement Agreement, preparing settlement documents, drafting briefs, communicating with the settlement class, attending hearings, and monitoring of the settlement. The fees are in addition to the settlement benefits each Settlement Class Member will be receiving and are the sole property of Class Counsel, not the members of the Settlement Class. This payment shall be made by DRS via check made payable to The Wolf Law Firm, LLC delivered to Andrew Wolf, Esq. at the firm's North Brunswick office no later than twenty (20) days of final approval of settlement by the Court following either a final agreement of the parties concerning class counsels' reasonable fees and costs or the entry of an order awarding fees and costs following class counsels' fee application through the procedure outlined in the paragraph which immediately follows this paragraph. The Wolf Law Firm, LLC and the Law Office of Christopher J. McGinn have previously agreed to the manner in which such counsel fees and costs are to be divided between them. The Wolf Law Firm, LLC shall have sole responsibility for payment of the McGinn firm's share of such counsel fees and costs. The amount set forth herein does not include any time that may be spent enforcing any breach of this Settlement Agreement.

If the parties cannot agree to an amount to be paid for class counsel's attorneys' fees and costs following the execution of this agreement, Class Counsel will file an initial application for attorneys' fees and costs for time spent and costs incurred through the date that a Final Approval Hearing is scheduled. Class Counsel will file one or more supplemental fee

CONFIDENTIAL - For Settlement Purposes Only

application(s) for any time spent and costs incurred beyond that date.  Class Counsel's fee application(s) shall be made pursuant to relevant New Jersey law and may include a request for a fee enhancement.  DRS's counsel shall be afforded notice of such application(s) and an opportunity to file papers objecting to the reasonableness of Class Counsels' lodestar (hourly rates and time spent), fee enhancement and costs requested by Class Counsel but not their entitlement to an award of attorneys' fees and costs.  The Payment of an award of counsel fees and costs pursuant to this paragraph shall be made via check made payable to The Wolf Law Firm, LLC and delivered to Andrew Wolf, Esq. at the firm's North Brunswick office no later than twenty (20) days following the entry of an order awarding fees and/or costs unless the time frame set forth herein is otherwise ordered by the court.  The award of attorneys' fees and costs shall be the sole property of Class Counsel, not Plaintiffs or the settlement class.  The Parties agree that the amount of the attorneys' fee and cost award is not part of the substantive terms of this Settlement and will be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.

III.    Effective Date and Finality of Settlement

9.      The Effective Date of the Settlement embodied in this Settlement Agreement shall be the day on which all of the following events and conditions have occurred:

(a)     All Parties through their duly-authorized representatives have executed this Settlement Agreement; and

(b)     The Court has entered the Final Approval Order approving the terms of this Settlement, as set forth in this Agreement.

**CONFIDENTIAL - For Settlement Purposes Only**

**IV.    Monetary Relief to the Settlement Class**

10.    In connection with this Settlement, DRS agrees as follows:

DRS agrees to pay $150 to each Settlement Class Member within 30 days of the entry of the Final Approval Order approving the terms of this Settlement.

To accomplish these payments, DRS shall, within fourteen (14) days of the date of Final Approval fund the settlement payment account with the Settlement administrator via electronic payment the total funds payable under this provision. The Settlement Administrator shall then mail checks to the appropriate class members within seven days of receipt of the funds. The refund checks shall expire 125 days after the date they are mailed.   The Settlement Administrator shall resend any returned checks after searching for an updated address.  If a Settlement Class Member has not received a check sent by the Administrator, the Administrator shall cancel the check sent and resend a check.

If any checks remain un-cashed at the end of the period 125 days from the last check issued, the funds remaining in the settlement fund shall be paid as a *cy pres* award to Legal Services of New Jersey (LSNJ) located in Edison, NJ. No later than ten (10) days after the check expiration date the Settlement Administrator shall send a check payable to LSNJ to The Wolf Law firm at their office in North Brunswick, NJ. No later than ten (10) days after receipt of the *cy pres* check the check shall be provided to LSNJ.

**V.    Injunctive Remedies**

11.    As part of this Settlement, DRS agrees to the following injunctive remedies:

A.  Comply with the contracts entered into with the entities on whose behalf it repossesses motor vehicles.

**1.    Fees for the Collection of Property**

12.    DRS agrees to cease charging fees to customers related to the return of personal property found in repossessed vehicles unless such a fee is explicitly provided for in the contract between DRS and the creditor, auction house, or other entity that authorized the repossession work.  If such a fee is provided for in such a contract, DRS will:  a) maintain electronic records of each fee that was collected; b) collect and remit any applicable sales taxes; c) accept payment of any such fees via the same methods of payment by which DRS accepts fees from customers for other services including but not limited to credit card and

CONFIDENTIAL – For Settlement Purposes Only

personal check. DRS agrees that if it were to charge any such fee it will not refuse to release any property as a condition for payment of any such fee.

### 2.    Create Property Inventories

13.    DRS agrees to create a property inventory if so required by its contract with a creditor, auction house, or other entity that authorized the repossession work. If required to send copies of such property inventories to the creditor, DRS will do so in a timely manner.

## VI.    Confirmatory Discovery

### A.    Confirmatory Discovery of Class Size

14.    Within 14 days of the execution of this settlement agreement, DRS will provide to Class Counsel an electronic compilation (Excel spreadsheet or other database that is easily usable) that includes at a minimum, the name and address of each Settlement class member, the amount of the fee paid, and the date the fee was collected.

15.    Along with the database, DRS shall provide a detailed and specific Certification of Due Diligence setting forth in detail how Settlement Class Members were selected, how and why any potential Settlement Class Members were excluded from the compilation, how the compilation was prepared, who prepared it, who was consulted in its preparation, what documents were reviewed in its preparation, the methodology used to compile the information and its completeness. Upon the request of Class Counsel, DRS will provide Class Counsel with copies of the original source documents used to create the database for up to 20% of the settlement class members selected by Class Counsel.

16.    Class Counsel will be entitled to one confirmatory deposition of each person identified in the Certification of Due Diligence, beginning with the person who signed it. Such depositions shall be limited to three hours and the issue of compilation of the database and selection of Settlement Class Members. DRS shall make available the witnesses for the

CONFIDENTIAL - For Settlement Purposes Only

deposition within two weeks of its providing to Class Counsel the database and Certification of Due Diligence.  DRS agrees to pay the costs of the depositions.

**B.     Confirmatory Discovery of Injunctive Remedies**

17.     At the request of Class Counsel, DRS shall provide Class Counsel with two Certifications to confirm compliance with the remedies of the Settlement Agreement.  The Certification will set forth with specificity details regarding DRS's actions taken to comply with the injunctive remedies of this Agreement.  One Certification shall be provided within 45 days of final approval and another shall be provided on the one-year anniversary of final approval. Nothing in this paragraph or any of the preceding paragraphs discussing injunctive remedies is intended or should be construed to impose any obligation or duty on counsel for DRS to monitor or ensure DRS's compliance with the injunctive remedies set forth herein. The duty to comply with the injunctive remedies contemplated by this Agreement shall be solely that of DRS.  Nothing in this Agreement is intended to create any responsibility or potential liability on the part of counsel for DRS in association with DRS's compliance with the injunctive remedies or the monitoring thereof.

**VII.    Payment of Incentive Award.**

18.  ·   DRS agrees to provide an incentive awards in the amount of $5,000 to Pollitt in recognition of her efforts made on behalf of the settlement class.  Within fifteen (15) days of the Effective Date, DRS shall deliver to Andrew Wolf, Esq. at the firm's North Brunswick office the incentive award in the form of a check made payable to Shanee N. Pollitt in the amount of $5,000.

**VIII.   Administration, Class Notice and Cost of Settlement**

19.     DRS shall agree to pay all reasonable and necessary costs associated with administering the settlement including but not limited to providing Notice and relief to

CONFIDENTIAL - For Settlement Purposes Only

settlement class members.  Defendant and Class Counsel agree that Defendant shall engage the services of A.B. Data, Ltd. as the Settlement Administrator.

20.    In the event that the Settlement Administrator determines that the address for any Class Member is no longer current or is inaccurate either before the Notice or any relief is mailed or after a mailed Notice or relief is returned, DRS shall use all reasonable efforts, including providing the Settlement Administrator with any such class member's Social Security Number (SSN) if DRS is in possession of the SSN, to assist the Settlement Administrator in obtaining a current address for that Class Member. DRS shall provide the class member's SSN or other identifying information to the Settlement Administrator within 2 business days after receipt of an e-mail or fax request from the Settlement Administrator for additional identifying information for a class member.  The retention agreement between DRS and the Settlement Administrator shall include a provision to ensure that the Settlement Administrator shall maintain as confidential all class members' personal information including social security numbers.  The Parties agree that the compilation referred to herein shall be treated as confidential and shall not be filed (except under seal) nor communicated to any third party except as required by law.

21.    On or before the date specified in the Preliminary Approval Order, the Settlement Administrator shall deposit or cause to be deposited the Notice in the United States Mail, first class postage prepaid, addressed to those Class Members identified through the database provided by DRS.  The Settlement Administrator shall update the addresses of those Settlement Class members by means of the National Change of Address Databank maintained by the U.S. Postal Service prior to the initial mailing of the Notice and shall update the addresses by other methods available to the Administrator after receipt of returned

CONFIDENTIAL - For Settlement Purposes Only

undeliverable mailed Notices.  In addition, if any Class Member contacts the Settlement Administrator stating that the Class Member did not receive the mailed Notice, the Settlement Administrator shall send the Class Member the Notice via first class mail.  The Settlement Administrator shall use the same process and methods set forth herein to provide relief checks to Settlement Class Members after final approval of the Settlement. On or before the date specified in the Preliminary Approval Order Defendant shall provide the Notifications to appropriate federal and State Officials as required by the Class Action ~~Reform~~ Fairness Act (CAFA) (28 U.S.C. 1715).

22.    Defendant shall pay all Costs of Notice and Settlement Administration Costs, including the Settlement Administrator's fees and expenses, associated with the Notices, providing relief to settlement class members and other acts described herein.

23.    Class counsel shall prepare the form of the Notice to the Settlement Class upon the execution of this Settlement Agreement and Release.  The form of the Notice shall be subject to DRS's counsel's comments and edits and Court approval. The Notices will afford the Class Members the opportunity to opt out of or object to the settlement.  Class counsel shall also prepare the form of the letter to the Settlement Class that will be included with the relief checks, which letter shall comply with the non-disparagement provisions in ¶29.

24.    DRS has represented to Class Counsel that it contains an address for each member of the Settlement Class.  Based on this representation, Class Counsel believes that mailed notice is adequate.  Should the Court determine that additional notice including publication notice is necessary, DRS agrees to pay all costs for the additional notice.

CONFIDENTIAL - For Settlement Purposes Only

IX.   **Continuing Jurisdiction**

25.   The parties agree that the Court will have continuing jurisdiction after the Settlement becomes a Final Order concerning enforcement of this Settlement Agreement.

X.    **Release of Claims**

26.   Upon final approval of the settlement by the Court, Pollitt and the Settlement Class Members who do not successfully opt-out of the Settlement Class for themselves and for their heirs, executors, administrators, successors and assigns, shall hereby release, acquit and forever discharge DRS and Wachovia for themselves and for their officers, directors, shareholders, successors and assigns from all claims, demands, sums of money, damages, causes of action, judgments, suits at law or in equity of any kind or nature between the Parties, relating to any fee that DRS charged related to the retrieval of personal property.

This release further applies to those class claims asserted in this action against DRS and asserted against Wachovia based on any alleged acts or omissions on the part of DRS or out of any alleged act or omission by Wachovia in its hiring and supervision of DRS related to the fees that DRS charged Plaintiff and class members for the retrieval of personal property.

In executing this release, it is the intention of Pollitt to release DRS from any and all claims asserted, or which she could have asserted in this action against DRS in the lawsuit captioned Shanee Pollitt, on behalf of herself and those similarly situated, v. DRS Towing, LLC d/b/a Advanced Financial Services; Wachovia Dealer Services, Inc. d/b/a WDS, Inc.; WFS Financial and WFS Financial, Inc., Superior Court of New Jersey, Middlesex County, Docket No. MID-L-473-10, subsequently removed to the United States District Court for the District of New Jersey – Trenton Vicinage, Docket No. 10-CV-1285 and bearing the caption Shanee Pollitt, on behalf of herself and those similarly situated, v. DRS Towing, LLC d/b/a

Page 13 of 17

CONFIDENTIAL - For Settlement Purposes Only

Advanced Financial Services; Wachovia Dealer Services, Inc. d/b/a WDS, Inc.; WFS Financial; WFS Financial, Inc and State Line Auto Auction, Inc., following the filing of Plaintiff's Amended Complaint ("The Action.")

Pollitt covenants with DRS that she shall not assert any claim against Wachovia arising out of DRS's conduct or out of Wachovia's business relationship with DRS, including, without limitation, any claim of vicarious liability as DRS's principal and any claim for negligent hiring or supervision of DRS. Settlement Class Members who do not opt out of the Settlement Class covenant with DRS that they will not assert any claim against Wachovia related to fees DRS charged for the retrieval of personal property, including any claim of vicarious liability and any claim of negligent hiring or supervision of DRS with regard to such fees. This covenant not to sue is made to induce DRS to enter into this settlement agreement, and to induce Wachovia to dismiss its crossclaims against DRS in the pending litigation. Wachovia is an intended beneficiary of this Article X.

XI.    No Admission of Violation or Liability.

27.    This Agreement compromises claims that are contested, and nothing stated herein constitutes or shall be deemed an admission of any violation or liability on the part of DRS, and the terms or content of this Agreement shall not be admissible as evidence in any trial, arbitration or administrative proceeding or for any other purpose.

XII.    General Provisions.

28.    The Parties agree to cooperate and use their best efforts to effectuate Final Approval of this Settlement. In no event shall any Party or any counsel of record in the Lawsuits make any statement to encourage an objection to the Settlement or that supports disapproval of any term or provision of the Settlement.

Page 14 of 17

CONFIDENTIAL - For Settlement Purposes Only

29.   **Non-Disparagement** - For and in consideration of the terms and conditions hereof, Ms. Pollitt agrees not to make or issue any statement, written or verbal, or cause or encourage any other to make or issue any statement, written or verbal, that defames, disparages or in any way criticizes the business of DRS, its reputation, practices, conduct, its employees, directors or officers. For and in consideration of the terms and conditions hereof, DRS agrees not to make or issue any statement, written or verbal, or cause or encourage any other to make or issue any statement, written or verbal, that defames, disparages or in any way criticizes Ms. Pollitt.

DRS and its attorneys and Ms. Pollitt and her attorneys mutually agree not to initiate any communication with any form of media and/or any public entity about the lawsuit, settlement of the lawsuit, any of such settlement's terms or conditions and/or any discussion had in reaching this settlement. However, the parties are free to answer questions from the media or a public entity to confirm the terms of the settlement or to respond to inaccurate or disparaging accounts of this settlement.

30.   This Agreement is the result of arms' length negotiations between the undersigned counsel for Pollitt and the Settlement Class and counsel for DRS. Because no Party is the "drafter" of this Agreement, it shall not be construed against or in favor of any Party.

31.   This Agreement constitutes the entire agreement between and among the Parties with respect to the Settlement of this Lawsuit. No representation, warranty or inducement has been made by or to any Party concerning the terms or effect of this Agreement or the Released Claims, other than as expressly set forth in this Agreement. This Agreement supersedes all prior negotiations, statements and agreements.

CONFIDENTIAL - For Settlement Purposes Only

32.    This Agreement may be amended or modified only by a written instrument executed by all Parties or their respective successors-in-interest.

33.    No provision of this Agreement may be waived except by a writing executed by all Parties.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

34.    This Agreement may be executed in multiple counterparts, each of which shall be treated as an original.

35.    Each counsel or other person executing this Agreement or any other settlement document on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

36.    The Court shall retain jurisdiction to implement and enforce this Agreement and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

37.    If the Court indicates, prior to making a final ruling on the Settlement, that the Settlement will not be approved unless certain changes are made, the Parties will remain bound to the remaining terms of this Agreement (the terms to which the Court has not requested revision) for sixty (60) calendar days while the proposed changes are discussed and, if no agreement is reached concerning a revised settlement proposal, then either Party may unilaterally terminate this Agreement, or the Parties may jointly ask the Court for sufficient additional time to seek approval of the Settlement as revised.

38.    In any dispute between the Parties regarding the terms of this Settlement, all terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of New Jersey, without reference to its conflict of law principles.

**CONFIDENTIAL - For Settlement Purposes Only**

39.    The undersigned hereby certify that they are authorized to enter into this Settlement Agreement and Release on behalf of their respective clients.

**IN WITNESS WHEREOF,** the Parties hereto evidence their agreement by the signatures of their attorneys.

_____
Andrew R. Wolf, Esq.
The Wolf Law Firm, LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
Attorneys for Pollitt

Dated: July 8, 2011

_____
Mr. Christopher J. McGinn, Esq.
The Law Office of Christopher J. McGinn
75 Raritan Ave., Suite 220
Highland Park, NJ 08904
Attorneys for Pollitt

Dated: July ___, 2011

_____
Michael K. Willison, Esquire
Dickie, McCamey & Chilcote, P.C.
41 South Haddon Avenue, Suite 5
Haddonfield, NJ 08033
Attorneys for DRS

Dated: July 18, 2011

# Exhibit B

---

### Notice of Proposed Class Action Settlement and Fairness Hearing

**Pollitt v. DRS Towing LLC *et al.*, Case No.: 3:10-cv-1285**
**United States District Court, District of New Jersey**

---

➢ This is a Notice to inform you of a proposed settlement ("Settlement") in the lawsuit referenced above ("the Lawsuit") brought against DRS Towing, LLC doing business as Advanced Financial Services ("DRS").  The Lawsuit relates to the rights of certain New Jersey consumers who paid a fee to DRS related to retrieving personal property from a repossessed motor vehicle.

➢ You have received this Notice because you have been identified as a member of a proposed Settlement Class.  If you take no action, you will automatically remain in the Settlement Class and obtain those benefits of the Settlement for which you are eligible.

➢ Please note that the Settlement will only be final if given final approval by the Court, and either no appeals are taken or the order of final approval is not overturned on appeal.  If the Settlement is approved and becomes final:

   A. DRS will pay $150 for each Settlement Class Member who: A) paid DRS a fee related to the collection of personal property from motor vehicle repossessed on behalf of Wachovia Dealer Services Inc. or WFS Financial Inc. or B) was the primary obligor on a loan with Wachovia where a collateral vehicle was repossessed by DRS and the records of DRS do not indicate whether DRS collected a fee related to retrieval of personal property.  If you received this notice, DRS records show you are a member of the Settlement Class and eligible to receive the $150 payment.

   B. DRS will cease charging fees to customers related to the return of personal property found in repossessed vehicles unless a fee is explicitly provided for in the contract between DRS and the creditor, auction house, or other entity that authorized the repossession work.  DRS will create a personal property inventory if it does collect such a fee and required to do so by contract.

➢ By remaining in the Settlement Class (and obtaining those benefits of the Settlement for which you are eligible) you will release certain of your claims against DRS and against Wells Fargo as described in this Notice.  If you wish to exclude yourself from the Settlement Class and not receive the benefits of the Settlement, you must follow the instructions in the answer to Question #11 on page XX below.  To exclude yourself from this Settlement, you must deliver your exclusion letter by ~~XXXPM on DATE, 2011.~~ *5:00 PM on January 6, 2012.*

➢ If you wish to stay in the Settlement Class and object to the Settlement, you must follow the instructions in the answer to Question #12 on page XX below.  To object to the Settlement, you must deliver your exclusion letter by ~~XXXXX PM on DATE, 2011.~~ *5:00 PM on January 16, 2012.*

**Do not be alarmed.  You are NOT being sued. A federal Court authorized this notice to inform you of a pending Settlement and Final Fairness Hearing.**
**This is not a solicitation.**

Page 1 of 7

# What This Notice Contains

Basic Information ............................................................................................... PAGES 4 – 5

    1.     What is this lawsuit about?
    2.     What is a class action and who is involved?
    3.     Why did I get this Notice?
    4.     Who is in the Settlement Class?
    5.     Why is there a Settlement?
    6.     Who represents the Settlement Class in this case?

The Terms of the Settlement ............................................................................. PAGES 5 – 6

    7.     What are the terms of the proposed Settlement?
    8.     What claims am I releasing if I remain in the Settlement Class?
    9.     Do I need to submit a Claim Form?

Your Rights and Options ..................................................................................... PAGES 6 – 7

    10.    How do I participate in the Settlement?
    11.    How can I exclude myself from the Settlement Class?
    12.    Can I file with the Court an objection to the terms of the Settlement?
    13.    What is the difference between objecting to the Settlement and asking to be excluded from the Settlement Class?
    14.    What will happen at the Final Fairness Hearing?
    15.    How will I know if the Settlement is approved?

Additional Information ....................................................................................... PAGE 8

    16.    Where can I get more details about the case?
    17.    What if my address or phone number changes?

This description of the Settlement in this Notice is only a summary. You may obtain the complete text of the Class Action Settlement Agreement from the Settlement Administrator at the address in the response to Question 6.

# Basic Information

## 1.  What is this lawsuit about?

The Plaintiff filed a class action lawsuit related to the repossession of her motor vehicle and the charges she paid to get back her vehicle and her personal property that was in the vehicle when it was repossessed. She filed the case on behalf of certain people whose vehicles were repossessed by Wachovia Dealer Services, Inc. and/or WFS Financial Inc. ("Wachovia").

Part of the lawsuit involves claims against DRS, which had repossessed Plaintiff's vehicle on behalf of Wachovia. DRS charged Plaintiff $60 in connection with her retrieval of personal property that was in the vehicle when it was repossessed. Plaintiff alleged that in charging this fee DRS and Wachovia violated several laws, including the New Jersey Consumer Fraud Act.

DRS admits that it collected a $60 fee but denies that it violated any law or did anything wrong. No Court has decided whether Plaintiff or DRS are right or wrong on these claims. Plaintiff and DRS have agreed that in order to avoid the uncertainty, risk, expense and interference with ongoing business operations inherent in any litigation, they will resolve their differences by settlement. This Settlement between Plaintiff and DRS has to be approved by the Court.

Wachovia is not a party to this settlement. It has also denied any wrongdoing. Plaintiff's class action lawsuit claims against Wachovia and an automobile auction is ongoing.

## 2.  What is a class action and who is involved?

In a class action lawsuit, a person called a "Class Representative" (in this case, Ms. Pollitt) sues on behalf of others who have similar claims against the same Defendant. These people together are a "Class" or "Class Members." The Court has decided that Ms. Pollitt can adequately represent the Settlement Class.

## 3.  Why did I get this notice?

You received this Notice because DRS records show that you are a member of the Settlement Class as described in the answer to Question #4 below.

## 4.  Who is in the Settlement Class?

The Settlement Class includes all New Jersey consumers who at any time since June 25, 2008 A) paid DRS a fee related to property in a motor vehicle repossessed by DRS at the request of Wachovia; or B) who was the primary obligor in a loan with Wachovia and the collateral vehicle to secure that loan was repossessed by DRS and where the records of DRS do not indicate whether DRS collected a fee related to retrieval of personal property. The Settlement Class specifically excludes the following:

    a.   The officers, directors, employees, and legal representatives of DRS and the officers and legal representatives of Wachovia, as well as their immediate family members;

    b.   The officers, directors, employees, and legal representatives of any repossession company, motor vehicle auction company, or any other company directly involved in the repossession or disposition of collateral of any Settlement class member, and;

    c.   Any Judge or Magistrate presiding over this action and members of their immediate families.

## 5.  Why is there a Settlement?

The Settlement Class Representative and DRS have agreed to a settlement in order to avoid the risks and expenses of a trial and possible appeals. The Class Representative and Class Counsel believe the proposed Settlement is in the best interest of the Settlement Class. By settling the lawsuit, DRS does not admit any

wrongdoing, nor does DRS admit that this Lawsuit is one that could proceed as a class action if this Settlement is not approved.

## 6.  Who represents the Settlement Class in this case?

The Court appointed attorneys from two law firms to represent the Settlement Class: Christopher J. McGinn, Esq. of the Law Office of Christopher J. McGinn and Andrew R. Wolf, Esq. of The Wolf Law Firm, LLC.  These attorneys are called "Class Counsel".  They can be reached at:

| | |
|---|---|
| Andrew R. Wolf, Esq. | Christopher J. McGinn |
| The Wolf Law Firm | Law Office of Christopher J. McGinn |
| 1520 Highway 130, Suite 101 | 75 Raritan Ave., Suite 220 |
| North Brunswick, NJ 08902 | Highland Park, NJ 08904 |
| tel: (732) 545-7900 | tel: (732) 937-9400 |
| e-mail: info@wolflawfirm.net | e-mail: cjmcginn@njconsumerprotection.com |

These attorneys are experienced in representing class members in class action lawsuits.  You will not be charged for their services on behalf of the Settlement Class. You may choose to have your own attorney represent you in this matter.  If you want to be represented by your own lawyer, you will be responsible for paying his or her fees and expenses.

The Court has also approved A.B. Data, Ltd. to serve as the Settlement Administrator.  You may contact the Settlement Administrator to request a copy of this Notice or a copy of the Class Action Settlement Agreement.  You may also contact the Settlement Administrator should if you believe you received this notice in error or if you wish for the administrator to update your contact information.

You may contact the Settlement Administrator as follows: XXXXXXXXXX.

# The Terms of the Settlement

## 7.  What are the terms of the proposed Settlement?

In exchange for the benefits provided in the settlement, all Settlement Class Members will be releasing claims against DRS and Wachovia relating to any fee that DRS charged related to the retrieval of personal property, DRS has agreed to pay money to the Settlement Class members and to change its practices.

### Settlement Benefits for Settlement Class Members

If the Settlement becomes final, the following benefits will automatically be conferred on all Settlement Class Members who have not opted out of the Settlement Class.

First, DRS will pay $150 to each Settlement Class Member by check mailed directly to each person.  No claim must be submitted to obtain payment.  DRS will make such payments within 30 days of the date that the Court enters a Final Approval Order.   If any settlement checks remain un-cashed at the end of the period 125 days from the last check issued, the funds remaining in the settlement fund shall be paid to Legal Services of New Jersey located in Edison, New Jersey.

### DRS Will Cease the Challenged Practices

Without admitting any wrongdoing or liability or agreeing that any of Ms. Pollitt's allegations have merit, DRS agrees to cease charging fees to customers related to the return of personal property found in repossessed vehicles unless such a fee is explicitly provided for in the contract between DRS and the

creditor, auction house, or other entity that authorized the repossession work. Also, if a contract does authorize such a fee, DRS will create a personal property inventory, provided its contract requires it.

### DRS Will Pay All Costs of Administering the Settlement

DRS has agreed to bear all costs of providing the Notice and relief to class members, and the fees and expenses of the Settlement Administrator.

### DRS Will Pay the Fees and Expenses of Class Counsel

Under the terms of the Settlement, subject to Court approval, DRS shall pay Class Counsels' fees and costs in the amount of $47,500. Such payment includes costs and expenses, time already spent and time to be spent including finalizing the Settlement, preparing settlement documents, drafting briefs, attending hearings, and monitoring of the settlement and settlement administration. This payment is in addition to the settlement benefits each Settlement Class Member will receive.

### DRS Will Pay $5,000 to the Settlement Class Representative

Subject to Court approval, Ms. Pollitt will receive a payment of $5,000 as an incentive payment in recognition of her efforts on behalf of the class.

## 8. What claims am I releasing or giving up if I remain in the Settlement Class?

If the Court approves this settlement, each member of the Settlement Class will release all claims related to the fees charged by DRS for the retrieval of personal property from vehicles that it repossessed on behalf of Wachovia.

The actual language releasing the claims of Settlement Class Members is as follows:

> Upon final approval of the settlement by the Court, Pollitt and the Settlement Class Members who do not successfully opt-out of the Settlement Class for themselves and for their heirs, executors, administrators, successors and assigns, shall hereby release, acquit and forever discharge DRS and Wachovia for themselves and for their officers, directors, shareholders, successors and assigns from all claims, demands, sums of money, damages, causes of action, judgments, suits at law or in equity of any kind or nature between the Parties, relating to any fee that DRS charged related to the retrieval of personal property.

> This release further applies to those class claims asserted in this action against DRS and asserted against Wachovia based on any alleged acts or omissions on the part of DRS or out of any alleged act or omission by Wachovia in its hiring and supervision of DRS related to the fees that DRS charged Plaintiff and class members for the retrieval of personal property.

> This release specifically excludes all other claims pending against Wachovia Dealer Services, Inc. d/b/a WDS, Inc.; WFS Financial; WFS Financial, Inc and State Line Auto Auction, Inc. as set forth in the Amended Complaint filed in this action.

## 9. Do I need to file a claim form?

**No**, you do not need to file a claim form to participate in the Settlement. If you remain in the Settlement Class and the Court approves the Settlement, you will be mailed a check without your having to take any action.

## Your Rights and Options

## 10. How do I participate in the Settlement?

You will remain a Settlement Class Member and, if the Settlement becomes final, you will receive the stated benefits _automatically_ unless you exclude yourself.

## 11. How can I exclude myself from the Settlement Class?

If you timely submit a written request to be excluded from the Settlement Class you will receive no further notifications and you will not be entitled to share in any relief that may be awarded by the Court. If you exclude yourself you will not be bound by any final judgment in this matter. You would retain your right to sue DRS and/or Wachovia related to any personal property fee.

The Court will exclude you only if the Settlement Administrator receives your written request to be excluded no later than ~~XXXPM on DATE, 2011.~~ _5:00 PM on January 6, 2012_
Your written request must state: "_I do not want to be part of the DRS Settlement Class in Pollitt v. DRS Towing LLC et al.,_ Case Number: 3:10-cv-1285 " and contain your address, printed name, and signature.

Your request must be addressed to the _Pollitt v. DRS Towing, LLC_ Settlement Administrator, ADDRESS. If you submit a valid and timely request for exclusion, you will have no rights under the Settlement and will not release any claims you may have against DRS or Wachovia related to the personal property fee. You may wish to keep a record of your request for your records. _5 P.M. on January 6, 2012_

If the Settlement Administrator receives your request to be excluded after ~~XXXPM on DATE, 2011~~, your request will be considered untimely and you will continue to be a member of the Settlement Class.

## 12. Can I object to the terms of the Settlement?

You may object to the Settlement, only if you remain in the Settlement Class. You, or your counsel, should you choose to retain one, may appear at the Fairness Hearing in order to object to the Settlement to be heard to the extent allowed by the Court in opposition to the fairness, reasonableness, and adequacy of the Settlement, including the payment of Class Counsel fees, reimbursement of expenses and costs and the Settlement Class Representative incentive award.

If you wish to object, you must send a written notice as set forth below identifying the reasons for your objection to the Clerk of Court, and to the lawyers representing the parties in this case.   Any written objection made by a Settlement Class Member must be sent to:

The Court
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608
Re: Pollitt v. DRS Towing LLC et al., Case No.: 3:10-cv-1285

Attorneys for DRS                    Settlement Class Counsel
Michael K. Willison, Esq.            Andrew R. Wolf, Esq.
Dickie, McCamey & CHilcote, P.C.     The Wolf Law Firm
41 South Haddon Ave, Suite 5         1520 Route 130, Suite 101
Haddonfield, NJ 08033                North Brunswick, NJ 08902          _5:00 PM on January 16, 20_

Your written objection must be received by all three parties identified above no later than ~~XXXPM on DATE~~, 2011. All documents must contain a reference to case number 3:10-cv-1285.

Page 6 of 7

The written objection must include notice of your intention to appear, along with a written statement that indicates the reasons for your objection to the Settlement and any documentation or legal authority you believe supports your position.

Any Settlement Class Member who does not object in the manner provided herein shall be deemed to have waived objection and shall forever be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed settlement or payment of Class Counsel fees, reimbursement of costs and expenses, and payment of the Class Representative incentive award.

## 13. What is the difference between objecting to the Settlement and asking to be excluded from the Settlement Class?

Objecting is telling the Court that you will remain in the Settlement Class but that you disagree with the proposed settlement. You can object only if you remain in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class and do not wish to participate in the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you. You may not object and then exclude yourself.

## 14. What will happen at the Final Fairness Hearing?

The Final Fairness Hearing is presently scheduled for at _10:00_ a.m. or p.m., on _March 6, 2012_ (or sometime that week), in Courtroom _6W_ at the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street Room 2020, Trenton, New Jersey. At the Final Fairness Hearing the Judge will decide whether the Settlement is fair, reasonable, and adequate and the amount of the payment of attorneys' fees, reimbursement of expenses and costs to Class Counsel, and the payment of the Settlement Class Representative incentive award should be approved. If there are objections, the Court may consider them. Unless you wish to object to the settlement, _you are not required to attend the Final Fairness Hearing_. You are welcome to attend at your own expense. The Court may adjourn the Final Fairness Hearing without further written Notice to the Settlement Class.

## 15. How will I know if the Settlement becomes final?

If you remain part of the Class, and if Settlement becomes final, you will receive the benefits of the settlement and Class Counsel will post the final order at this website address: XXXXXXXXXX.com

# Additional Information

## 16. Where can I get more details about the case?

Do not contact the judge or the Clerk of Court for legal questions or advice. If you wish to obtain any additional information, you may obtain copies of documents filed in this lawsuit from the Clerk of Court, at the address set forth in the answer to Question #12. You will need to provide the name of the lawsuit and the case number: _Pollitt v. DRS Towing LLC et al_, Case Number: 3:10-cv-1285. You may also contact the Settlement Administrator whose contact information is identified in the answer to Question #6.

## 17. What if my address or phone number changes?

If your address or phone number has changed, or changes in the future, you should send your new address and telephone number to _Pollitt v. DRS Towing LLC et al_ Settlement Administrator, XXXXXXXXXX.

SO ORDERED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY