The Wolf Law Firm, LLC
1520 U.S. Hwy 130 – Suite 101
North Brunswick, NJ 08902
Tel: (732) 545-7900
Fax: (732) 545-7900 - FAX

The Law Office of Christopher J. McGinn
75 Raritan Ave. - Suite 220
Highland Park, NJ 08904
(732) 937-9400
(800) 931-2408 - FAX

*Attorneys for Plaintiff and the settlement class*



RECEIVED
MAR - 6 2012
AT 8:30
WILLIAM T. WALSH
CLERK

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### TRENTON VICINAGE

| | |
|---|---|
| Shanee N. Pollitt, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br>vs.<br><br>DRS TOWING, LLC, d/b/a Advanced Financial Services; WACHOVIA DEALER SERVICES, INC. d/b/a WDS, Inc., WFS Financial, and WFS Financial Inc.; STATE LINE AUTO AUCTION, INC.; and John Does 1 to 10,<br><br>Defendant. | Civil Action No.<br>3:10-cv-01285-AET-DEA<br><br>Filed Electronically<br><br><br><br><br>ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT WITH DRS, AWARDING FEES AND COSTS TO CLASS COUNSEL, AND GRANTING INCENTIVE AWARD TO PLAINTIFF |

**THIS MATTER** having come before the Honorable Douglas E. Arpert, U.S.M.J. on March 6, 2012, at a final fairness hearing to determine whether the proposed Settlement Agreement between Plaintiff and defendant DRS Towing LLC LLC d/b/a Advanced Financial Services ("DRS Defendant") is fair, reasonable and adequate, to consider Class Counsel's application for an award of attorneys' fees and costs, and to consider the incentive awards to the

Plaintiff; and the Plaintiff and Settlement Class members being represented by Class Counsel and the DRS Defendant being represented by its attorneys;

**AND THE COURT,** having read and considered the DRS Settlement Agreement and all the papers appurtenant thereto filed by Class Counsel, having reviewed and considered Plaintiff's Memorandum and the declarations submitted in support of the application, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1. On October 7, 2011, the Court preliminary approved the Settlement in this action alleging violations of the New Jersey Consumer Fraud Act, certified this case as a class action for settlement purposes, appointed a Settlement Administrator, approved Plaintiffs as Settlement Class Representatives, and appointed Christopher J. McGinn, Esq., and Andrew R. Wolf, Esq. as Class Counsel. The Settlement Class was defined as:

> All persons who at any time since June 25, 2008 A) paid DRS a fee related to property in a motor vehicle repossessed by DRS at the request of WDS; or B) were the primary obligor in a loan with Wachovia and the collateral vehicle to secure that loan was involuntarily repossessed by DRS and where the records of DRS do not indicate whether DRS collected a fee related to retrieval of personal property.
>
> Excluded from the proposed Class are:
>
> ➢ The officers, directors, employees, and legal representatives of DRS and the officers and legal representatives of Wachovia, as well as their immediate family members;
>
> ➢ The officers, directors, employees, and legal representatives of any repossession company, motor vehicle auction company, or any other company directly involved in the repossession or disposition of collateral of any Settlement class member; and
>
> ➢ Any Judge or Magistrate presiding over this action and members of their immediate families.

2. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, the DRS Defendant served notices of the proposed settlement on the appropriate federal and state officials.

3. Pursuant to the Preliminary Approval Order, Notice was mailed to members of the Settlement Class. Class Counsel and the Settlement Administrator have reported to the Court that no Settlement Class Member has raised an objection to the settlement or requested to be excluded from the Settlement Class.

4. The Court has not received any objection to the settlement.

5. Plaintiff now requests final approval of the settlement.

6. The Court has read and considered the Settlement Agreement, the Brief and Declarations submitted in support of it, the accompanying documents and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

7. The Court has jurisdiction over the subject matter of this matter and over all Parties hereto.

8. The motion for Final Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order.

9. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement attached as Exhibit A to the Court's October 7, 2011 Order, is fundamentally fair, reasonable, adequate and is in the best interests of the Settlement Class members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class members.

10. For her efforts on behalf of the Class and to settle her individual claims, Plaintiff is hereby awarded $5,000 in accordance with the Settlement Agreement. The amount will be paid by Defendants within fifteen (15) days of the date of this Order.

11. Upon entry of this Order and final approval of the Settlement, Plaintiff and each member of the Settlement Class will release claims as set forth in the Settlement Agreement.

12. Defendant DRS Towing LLC shall pay Class counsels' fees and costs in the amount of $47,000.00, which payment includes costs and expenses, time already spent and time to be spent attending hearings, and the monitoring of the settlement. The fees are in addition to the settlement benefits each class member will be receiving and are the sole property of class counsel, not Plaintiff or the class. The Courts finds that this award is fair and reasonable. Pursuant to the Settlement Agreement, this payment shall be made within twenty (20) days of the date of this Order via check made payable to The Wolf Law Firm, LLC, which shall be delivered to the office of The Wolf Law Firm, LLC in North Brunswick for the full amount set forth in this Order.

13. Within fourteen (14) days of the date this Order, Defendant shall establish a settlement fund with the Settlement Administrator in the amount required by the Settlement Agreement.

14. Within seven (7) days of receiving the funds, the Settlement Administrator shall mail relief checks to all class members who did not opt-out of the settlement as set forth in the Settlement Agreement.

15. The relief checks will be good for 125 days from the date they are mailed by the Settlement Administrator.

16. Any funds remaining in the escrow account after the last check expiration date shall be paid as a *cy pres* award to Legal Services of New Jersey (LSNJ), 100 Metroplex Drive, Suite 402, Edison, NJ 08818, as set forth in the Settlement Agreement.

17. The *cy pres* check shall be issued by the Settlement Administrator payable to Legal Services of New Jersey, Inc. within 10 days after the last settlement check expires and be provided to Class Counsel, Andrew R. Wolf, Esq., who shall deliver it to Legal Services of New Jersey within ten (10) days of receipt thereof.

18. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

19. This Action against Defendant DRS Towing LLC only is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the Action and all Parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement. Nothing in this Order shall affect this action so far as it relates to defendants other than DRS Towing LLC other than the release of claims as set forth in the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: *March 6, 2012*

_____
HON. DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE

— unopposed/consent
+ terminate dkt. entry no. 68