The Wolf Law Firm, LLC
1520 U.S. Hwy 130 – Suite 101
North Brunswick, NJ  08902
Tel: (732) 545-7900
Fax: (732) 545-7900 - FAX

The Law Office of Christopher J. McGinn
75 Raritan Ave. - Suite 220
Highland Park, NJ 08904
(732) 937-9400
(800) 931-2408 - FAX

RECEIVED

JUN 20 2012

AT 8:30 _____M
WILLIAM T. WALSH
CLERK

*Attorneys for Plaintiff and the settlement class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| Shanee N. Pollitt, on behalf of herself and those similarly situated,<br><br>        Plaintiff,<br>   vs.<br><br>DRS TOWING, LLC, d/b/a Advanced Financial Services; WACHOVIA DEALER SERVICES, INC. d/b/a WDS, Inc., WFS Financial, and WFS Financial Inc.; STATE LINE AUTO AUCTION, INC.; and John Does 1 to 10,<br><br>        Defendants. | **Civil Action No.**<br>**3:10-cv-01285-AET-DEA**<br><br>Filed Electronically<br><br><br><br>**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT WITH WACHOVIA DEALER SERVICES, INC. AND STATE LINE AUTO AUCTION, INC., AWARDING FEES AND COSTS TO CLASS COUNSEL, AND GRANTING INCENTIVE AWARD TO PLAINTIFF** |

**THIS MATTER** having come before the Honorable Douglas E. Arpert, U.S.M.J. on June 20, 2012, at a final fairness hearing to determine whether the proposed Settlement Agreement between Plaintiff and Defendants Wachovia Dealer Services, Inc. ("Wachovia Defendant") and State Line Auto Auction, Inc. ("State

Line Defendant") is fair, reasonable and adequate, to consider
Class Counsel's application for an award of attorneys' fees and
costs, and to consider the incentive awards to the Plaintiff;
and the Plaintiff and Settlement Class members being represented
by Class Counsel and the Wachovia and State Line Defendants
being represented by their attorneys;

**AND THE COURT**, having read and considered the Wachovia
Settlement Agreement and all the papers appurtenant thereto
filed by Class Counsel, having reviewed and considered
Plaintiff's Memorandum and the declarations submitted in support
of the application, the oral arguments of counsel presented to
the Court, if any, and all papers filed and proceedings had
herein, and for good cause appearing, the Court finds the
following:

1. On February 1, 2012, the Court preliminary approved the
Settlement in this action alleging violations of the New Jersey
Consumer Fraud Act, certified this case as a class action for
settlement purposes, appointed a Settlement Administrator,
approved Plaintiff as Settlement Class Representative, and
appointed Christopher J. McGinn, Esq., and Andrew R. Wolf, Esq.
as Class Counsel. The Settlement Class was defined as:

> All consumer obligors who had a vehicle repossessed by
> WDS and where, as part of the redemption process, in
> addition to the payment to WDS, a payment was also
> made to an auction facility or repossession agent and
> where according to the records of Wachovia Dealer

Services ("WDS") the obligor: 1) purchased that vehicle from a New Jersey motor vehicle dealer or purchased the vehicle elsewhere but resided in New Jersey at the time of repossession and/or at the time of redemption; 2) had their vehicle repossessed from a location within New Jersey; and 3) redeemed the vehicle during the period from January 6, 2006 through December 15, 2011

Excluded from the proposed Class are:

➢    The officers, directors, employees, and legal representatives of DRS and the officers and legal representatives of Wachovia, as well as their immediate family members;

➢    The officers, directors, employees, and legal representatives of any repossession company, motor vehicle auction company, or any other company directly involved in the repossession or disposition of collateral of any Settlement class member; and

➢    Any Judge or Magistrate presiding over this action and members of their immediate families.

2.   In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, the Wachovia and State Line Defendants served notices of the proposed settlement on the appropriate federal and state officials. Nathan Stein Dec. ¶ 8.

3.   Pursuant to the Preliminary Approval Order, Notice was mailed to members of the Settlement Class.  Class Counsel and the Settlement Administrator has reported that no Settlement Class Member has raised an objection to the settlement or requested to be excluded from the Settlement Class.  Nathan Stein Dec. ¶ 6 and ¶ 7.

4.  The Parties have not received any objection to the settlement or request for exclusion.

5.  Plaintiff and Defendants Wachovia and State Line now request final approval of the settlement.

6.  The Court has read and considered the Settlement Agreement, the Brief and Declarations submitted in support of it, the accompanying documents and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

7.  The Court has jurisdiction over the subject matter of this matter and over all Parties hereto.

8.  The motion for Final Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order.

9.  The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement attached hereto as Exhibit A,[1] is fundamentally fair, reasonable, adequate and is in the best interests of the Settlement Class members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited

---

[1]  See Paragraph 21 on pages 8-9 of the Settelment Agreement, which was corrected to include all repossession agents and auction houses where class members redeemed their vehicles.

amount of any potential recovery that could be shared by the Settlement Class members.[2]

10. For her efforts on behalf of the Class and to settle her individual claims, Plaintiff is hereby awarded $10,000 in accordance with the Settlement Agreement. The amount will be paid by Defendants within seven (7) days of the date of this Order pursuant to the terms of the Settlement Agreement.

11. Upon entry of this Order and final approval of the Settlement, Plaintiff and each member of the Settlement Class will release claims as set forth in the Settlement Agreement.

12. Pursuant to the terms of the Settlement Agreement, Defendants shall pay Class counsels' fees and costs in the amount of $164,000.00, which payment includes costs and expenses, time already spent and time to be spent attending hearings, and the monitoring of the settlement. The fees are in addition to the settlement benefits each class member will be receiving and are the sole property of class counsel, not Plaintiff or the class. The Courts finds that this award is fair and reasonable. Pursuant to the Settlement Agreement, this payment shall be made within seven (7) days of the date of this Order via check made payable to The Wolf Law Firm, LLC, which shall be delivered to the office of The Wolf Law Firm, LLC in North Brunswick for the full amount set forth in this Order.

---

[2] Order for Preliminary Approval

13. Within fourteen (14) days of the date this Order, Defendants shall establish a settlement fund with the Settlement Administrator in the amount required by the Settlement Agreement.

14. Within seven (7) days of receiving the funds, the Settlement Administrator shall mail relief checks to all Settlement Class Members as set forth in the Settlement Agreement.

15. The relief checks will be good for 125 days from the date they are mailed by the Settlement Administrator.

16. Any funds remaining in the escrow account after the last check expiration date shall be paid as a *cy pres* award to Legal Services of New Jersey (LSNJ), 100 Metroplex Drive, Suite 402, Edison, NJ 08818, as set forth in the Settlement Agreement.

17. The *cy pres* check shall be issued by the Settlement Administrator payable to Legal Services of New Jersey, Inc. within 10 days after the last settlement check expires and be provided to Class Counsel, Andrew R. Wolf, Esq., who shall deliver it to Legal Services of New Jersey within ten (10) days of receipt thereof.

18. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

19. This Action is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the

Action and all Parties to interpret and enforce the terms,
conditions and obligations of this Settlement Agreement.

**IT IS SO ORDERED.**

Dated: *June 20, 2012*

_____
HON. DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE
JUDGE

— *unopposed / Consent*

\* *Terminate dkt. entry no. 71*

\* *Close Case → civil action terminated*

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release (referred to herein as "Agreement", "Settlement Agreement" or "Settlement") is made and entered into by and between the Settling Parties: Plaintiff Shanee N. Pollitt (Pollitt) and Wells Fargo Bank, N.A., successor to defendants Wachovia Dealer Services, Inc., WFS Financial, Inc (referred to below as "Wells Fargo Dealer Services" or "Wells Fargo") and State Line Auto Auction, Inc. ("State Line"). These Defendants are referred to collectively as the Settling Defendants.

**WHEREAS,** as dispute has arisen between Pollitt and Settling Defendants presently being litigated in the matter of <u>Pollitt v. DRS Towing LLC et al.</u>, Civil Action No. 3:10-cv-1285. Plaintiff raised claims concerning the manner by which Wells Fargo Dealer Services attempted to comply with its obligations under the New Jersey Uniform Commercial Code in its transactions with consumers whose vehicles it repossessed from locations within the State of New Jersey, including but not limited to the manner by which the redemption amounts were disclosed and the fees charged by it and its agents, including but not limited to State Line.

**WHEREAS,** the Settling Defendants deny Pollitt's claims and deny an wrongdoing or liability to Pollitt or to any other person with respect to the allegations made by Pollitt.

**WHEREAS,** Pollitt and the Settling Defendants now desire to avoid the further expense, inconvenience and distraction of litigation, to put to rest all further controversy, to compromise their claims and differences, and to effect a release of all claims and potential claims arising out of the subject matter of the Lawsuit, which have been, could

have been, or could be asserted by the Settling Parties, Pollitt or any member of the proposed settlement class arising out of, related to, or based on the repossession, intended disposition, or redemption of collateral motor vehicles by Wells Fargo Dealer Services, upon the terms and conditions set forth hereafter.

**WHEREAS,** for purposes of settlement only, Pollitt seeks to represent all New Jersey residents who fall within the Settlement Class definition set forth herein and included in the Preliminary Approval Order in this action.

**WHEREAS,** Pollitt agrees to resolve her claims and those of the members of the Settlement Class upon the terms and provisions set forth below after considering the risks of litigation and the benefits that the settlement will confer and to put to rest all claims based on the matters alleged in the Lawsuit which have been, could have been, or could be asserted by Pollitt or any member of the potential class arising out of, related to, or based on the repossession, intended disposition, or redemption of collateral motor vehicles by Wells Fargo Dealer Services, upon the terms and conditions set fort hereafter.

**WHEREAS,** the Settling Defendants, as a part of this settlement and compromise are willing to provide certain benefits to the Settlement Class as set forth below.

**NOW, THEREFORE,** Pollitt and the Settling Defendants, by and through themselves, their respective undersigned attorneys and/or their authorized representatives, intending to be legally bound hereby and in exchange for valuable consideration as set forth herein, including the release of claims as set forth below, do agree that the Lawsuit and claims be settled, and that the Complaint will be dismissed with prejudice against the Settling Defendants subject to the preliminary and final approval of the Court, on the following terms and conditions.

I.     **Settlement Class Definition**

1.     The Settlement Class shall be defined, for purposes of settlement only, as:

All consumer obligors who had a vehicle repossessed by Wachovia Dealer Services ("WDS") and where, as part of the redemption process, in addition to the payment to WDS, a payment was also made to an auction facility or repossession agent and where according to the records of WDS the obligor: 1) purchased that vehicle from a New Jersey motor vehicle dealer or purchased the vehicle elsewhere but resided in New Jersey at the time of repossession and/or at the time of redemption; 2) had their vehicle repossessed from a location within New Jersey; and 3) redeemed the vehicle during the period from January 6, 2006 through December 15, 2011.

2.     The names and last known addresses of the Settlement Class Members, the dates they redeemed their vehicles, the locations where they redeemed their vehicles, and the amounts of the payments they are to receive pursuant to this Settlement Agreement have been provided to Class Counsel.

II.    **Preliminary and Final Approval of the Class Settlement**

3.     The Settling Parties will cooperate in seeking certification of the Settlement Class under the Federal Rules of Court and preliminary and final approval of the Settlement consistent with the terms and provisions of this Agreement.

4.     Plaintiff's counsel shall file joint applications for preliminary approval and for final approval. Plaintiff's counsel shall prepare, subject to approval by the Settling Defendants' attorneys, a proposed form of Preliminary Approval Order, Notice to Settlement Class, and a Final Approval Order. Any dispute over the content or wording of those documents, which cannot be resolved by the parties' respective attorneys, shall be submitted to the Court for immediate resolution.

5.     The Settling Parties shall recommend to the Court the following procedures for

opting out of the Settlement Class and for objecting to the Settlement. Only persons who

have not excluded themselves may file an objection to the Settlement.

        a.      Settlement Class Members who wish to opt out of this settlement must
mail to the Settlement Administrator a written statement opting out of this
settlement which must include: (1) the Settlement Class member's name
and address, and (2) a statement that the Settlement Class member wishes
to be excluded from the Settlement Class. Such notice must be received
by the Settlement Administrator no later than 5:00 pm on the date set forth
in the Preliminary Approval Order and in the Class Notice.

        b.      Settlement Class Members who wish to object to the settlement must
notify the Court, Class Counsel and counsel for Settling Defendants, in
writing, of their intent to object to the Settlement. Such written statement
or notice must be filed with the Court and served on Class Counsel and
Settling Defendants' counsel no later than 5:00 pm on the date set forth in
the Preliminary Approval Order and in the Class Notice. The written
notice must include a statement of each objection being made; a
description of the facts underlying each objection; a description of the
legal authorities underlying each objection; a statement of whether the
objector intends to appear at the Fairness Hearing; a list of witnesses
whom the objector may call by live testimony and the facts or opinions to
which they will testify, oral deposition testimony or affidavit that will be
presented during the Fairness Hearing; and a list of exhibits which the
objector may offer during the Fairness Hearing, along with copies of all of
the exhibits.

        c.      The deadlines for opt-outs and exclusions shall be the day five (5) weeks
after the Class Notice is mailed or the next business day thereafter if that
day is on a weekend or holiday.

6.     Every Settlement Class Member who does not timely opt out shall be deemed a

Settlement Class Member.

7.     Settlement Class Members who fail to file and serve timely written objections or

notice of intention to appear and object in the manner specified above shall be deemed to

have waived any objections and shall be foreclosed from making any objection (whether

by appeal or otherwise) to this settlement.

8.      The Settling Parties stipulate, for settlement purposes only, to the appointment of Christopher J. McGinn, Esq. of the Law Office of Christopher J. McGinn and Andrew R. Wolf, Esq. and Henry Wolfe, Esq. of the law firm of Wolf Law Firm, LLC as counsel for the Settlement Class ("Class Counsel") and to Pollitt as Class Representative. The Settling Defendants do not agree to Certification of any Class or appointment of particular counsel or Class Representative for any purpose other than to effectuate the Settlement described herein.

9.      The Settling Parties agree that, in connection with the approval of this Settlement, the Court may make findings respecting class certification that, absent the existence of this Settlement, would be contested. The Settling Parties acknowledge that while the agreements provided for in this Settlement Agreement and Release are intended to give rise to a finding that a class may be certified in accordance with the requirements of the Federal Rules of Court, any such finding is for settlement purposes only and may not be used in this or any other proceeding for any other purpose.

10.     If any material provision of this Settlement is not approved by the Court, then:

    a.      this Settlement Agreement and any resulting certification of the Settlement Class provided for herein shall be vacated and the Lawsuit will proceed as though the Settlement Class had never been certified, without prejudice to any Party's position on the issue of class certification;

    b.      the Settling Parties shall be returned to the *status quo ante* with respect to every issue of fact and law as they stood on the date of signing of this Settlement Agreement, as if this Settlement Agreement had not been entered into;

    c.      any Order entered pursuant to this Settlement Agreement shall be vacated and of no further force or effect;

    d.      neither this Settlement Agreement nor any provision thereof nor any Order entered on or pursuant to this Settlement Agreement shall be used or relied on in the Lawsuit for any purpose; and

-5-

    e.    all negotiations, proceedings and statements made in connection with this Settlement Agreement shall be without prejudice to any person, entity or Party and shall not be deemed an admission by any person, entity or Party of any act, failure to act, matter, fact, issue of law or proposition and may not be used in the Lawsuits or in any other proceeding for any purpose.

11.    Within twenty (20) days after this Settlement Agreement has been executed, the Settling Parties shall jointly request that the Court to enter an Order Preliminarily Approving the terms of the settlement and the form of the Notice to settlement class members, setting a schedule for providing Notice to settlement class members and Notice to the appropriate Attorneys' General pursuant to the Class Action Reform Fairness Act (CAFA) (28 U.S.C. 1715), and setting a date for a final approval hearing.

12.    The "final approval date" for the purposes of this agreement shall mean the later of: (a) forty-six (46) days after the date that the Court has entered the Final Order and Judgment if a timely objection has been filed with no appeal taken or (b) if an appeal is taken the date of final dismissal of any appeal taken or affirmance of the Final Order which is not subject to further review by any court with appellate jurisdiction over the Litigation if any objection is timely filed, or (c) the date the final approval order is filed if no objection is filed.

13.    On or before the date specified in the Preliminary Approval Order Settling Defendants shall serve the Notifications to appropriate officials as required by CAFA.

**III.    Relief to the Members of the Settlement Class**

14.    Each Settlement Class Member who redeemed their vehicle from WDS and collected the vehicle from an auto auction facility will be paid $1,200.

15.     Each Settlement Class Member who redeemed their vehicle from WDS and collected the vehicle from a repossession agent other than an auto auction will be paid $700.

16.     Wells Fargo Dealer Services shall make a *cy pres* payment for the total amount of the funds remaining in the settlement fund after all of the checks have either expired or been cashed.  The *cy pres* award shall be paid to Legal Services of New Jersey to be used for solely for consumer issues.

17.     Should a Settlement Class Member be unable to remove the Wells Fargo Dealer Services' lien that was on the title at the time of the repossession, Wells Fargo Dealer Services agrees to provide reasonable assistance to the Settlement Class Member in removing the lien.

**IV.     Procedure for Notification of Redemption Amounts**

18.     As part of the Settlement, Wells Fargo Dealer Services agrees to institute a procedure under which New Jersey obligors who call Wells Fargo Dealer Services requesting information about redeeming their motor vehicles will be provided with the total amounts known as of the date and time of the phone call that must be paid at that time in order for the obligors to redeem their motor vehicles, including amounts known to be payable to Wells Fargo Dealer Services and/or amounts known to be payable to repossession agents and/or auction facilities.

**V.     State Line**

19.     Within 10 days of the final approval date, State Line shall pay to Wells Fargo the sum of $20,000.00.  Upon such payment, State Line's obligations under this Settlement Agreement shall be fully satisfied.  State Line shall have no further obligation for making

any payment directly to Pollitt or other Members of the Settlement Class, for implementing any changes in its business procedures or for settlement administration.

## VI.    Release of Claims

20.    Upon final approval of the settlement by the Court, Pollitt for herself and for her heirs, executors, administrators, successors and assigns, shall hereby release Wells Fargo Bank, N.A. and State Line, for themselves and for their predecessors and successors in interest, their affiliates, including without limitation, Wells Fargo Dealer Services f/k/a Wachovia Dealer Services, and for their officers, directors, employees, agents and representatives and State Line for themselves and for their officers, directors and employees from all claims which were or could have been asserted in the Pollitt v. DRS Towing LLC, et al. Civil Action referred to above.    Other Members of the Settlement Class shall hereby specifically release Wells Fargo Bank, N.A. and State Line, for themselves and for their predecessors and successors in interest, their affiliates, including without limitation, Wells Fargo Dealer Services f/k/a Wachovia Dealer Services, and for their officers, directors, employees, agents and representatives and State Line from the claims alleged in the Amended Complaint and any and all other claims arising out of a redemption for which the Member of the Settlement Class received a payment pursuant to this Settlement Agreement.

21.    The release further applies to those class claims asserted in the Pollitt v. DRS Towing LLC, et al. Civil Action referred to above against Wells Fargo based on any alleged acts or omissions on the part of Wells Fargo in its hiring and supervision of ADESA Auto Auction, Advanced Financial Services (a/k/a DRS Towing, LLC), American Lenders, Diversified Vehicle Services, IFA Group, Kar Auto Recovery,

Manheim Auto Auction, Millenium Recovery, Peak Recovery, PPS Recovery, State Line Auto Auction, and Wesley Auto Recovery. Pollitt and Settlement Class Members who do not opt out of the Settlement Class covenant with Wells Fargo that they will not assert any claim against ADESA Auto Auction, Advanced Financial Services (a/k/a DRS Towing, LLC), American Lenders, Diversified Vehicle Services, IFA Group, Kar Auto Recovery, Manheim Auto Auction, Millenium Recovery, Peak Recovery, PPS Recovery, State Line Auto Auction, and Wesley Auto Recovery, arising out for their conduct in connection with the repossession or remarketing of vehicles in which Wells Fargo has had a security interest, including any claims related to personal property found in such vehicles.

## VII.   Confirmatory Discovery

### A.   Confirmatory Discovery of Class Size

22.   Within 14 days of the execution of this settlement agreement, Wells Fargo Dealer Services shall provide Class Counsel with an electronic compilation (Excel spreadsheet or other database that is easily usable) that includes the name and address of each Settlement Class Member, the date of redemption (or date of payment of redemption amount), location from where vehicle was redeemed, and the Settlement Class Members.

### B.   Confirmatory Discovery Regarding Redemption Amount Notification

23.   At the request of Class Counsel, Wells Fargo Dealer Services shall provide Class Counsel with a Certification to confirm the adoption of the redemption amount notification practices set forth in paragraph 17. Once Certification shall be provided within 45 days of the Final Approval Date and another shall be provided on the one-year anniversary of the Final Approval Date.

24.     Nothing in this paragraph or any of the preceding paragraphs regarding redemption amount notification practices is intended or should be construed to impose any obligation or duty on counsel for Wells Fargo Dealer Services to monitor or ensure Wells Fargo Dealer Services' adoption of such practices.

**VIII.   Payment of Incentive Award**

25.     Wells Fargo Dealer Services agrees to provide an incentive award in the amount of $10,000 to Pollitt in recognition of her efforts made on behalf of the settlement class. Within seven (7) days of the Final Approval Date, Wells Fargo Dealer Services shall deliver to the Wolf Law Firm the incentive award in the form of a check made payable to Shanee N. Pollitt in the amount of $10,000.

**IX.    Settlement Administration**

26.     Wells Fargo Dealer Services agrees to pay all costs associated with administering the settlement including but not limited to delivering Notices and payment checks to settlement class members.

27.     Wells Fargo Dealer Services shall use the services of a Settlement Administrator, the selection of which should be upon the agreement of the Settling Defendants and Class Counsel. Class Counsel will not approve as the Settlement Administrator, Analytics, Garden City, First Class, EPIQ, Verus Claims Services, LLC or any entity affiliated with any of these firms. Class Counsel shall not object to the selection of Rust Consulting, Inc. or A.B. Data, Ltd., Dahl, Inc. or Strategic Claims Services as the Settlement Administrator.

28.     The Settlement Administrator will be hired by Wells Fargo Dealer Services to fulfill the requirements set forth in this agreement and the orders of Court. These

responsibilities include but are not necessarily limited to: (a) update mailing addresses; (b) mail notice; (c) establish the settlement account and mail checks; and (d) provide verifications to counsel and the Court.

29.    No later than ten (10) days after the date of preliminary approval of the Settlement by the Court, Wells Fargo Dealer Services shall provide the Settlement Administrator with an electronic compilation of all Settlement Class members which shall include the name, address, monetary relief amount, social security number and date of birth of each class member.

30.    The Settlement Administrator shall format, address, print and mail the Settlement Notice, by first class United States mail, postage prepaid, to the last known address of each Settlement Class member.  The Settlement Notices shall be individualized so that it identifies the amount of the monetary recovery.  The Notices will include an email address and phone number which a Settlement Class Member may use to request that the Settlement Administrator update his or her mailing address.

31.    The Settlement Administrator shall update the addresses of the Settlement Class members by means of the National Change of Address Databank maintained by the U.S. Postal Service or equivalent service prior to the initial mailing of the Notice to Settlement Class members **and** shall update the addresses by other reasonable methods available to the Settlement Administrator after receipt of Notices returned undeliverable as addressed (UAA).  Reasonable methods include the use of social security numbers and databases such Accurint, Westlaw and other similar databases.  The preliminary approval order shall expressly permit the use of such databases.

-11-

32.     The Settlement Administrator shall also format, address, print and mail the relief checks, **and** will also update the addresses of those Settlement Class members as necessary only after receipt of any relief checks returned to UAA.  Relief checks that are returned UAA shall be re-mailed only on additional time if a new address is found and without any extension of the check's expiration date.

33.     No later than five (5) days after the deadline for exclusions and objections, the Settlement Administrator shall provide to Class Counsel and Settling Defendants' attorneys one or more declarations stating that the Notice was deposited in the United States Mail in accordance with the terms of the Order Preliminarily Approving the Class Settlement and as required by this Settlement Agreement along with statistics on: how many Notices were mailed successfully; how many were returned as undeliverable; and how many were re-mailed successfully.

34.     The Settlement Administrator shall also provide to Class Counsel and Settling Defendants' attorneys a declaration that shall state the number and identity of Class Members who a required for exclusion to the Settlement Administrator and the date that each such request was received.

35.     In addition, the Settlement Administrator shall deliver to Class Counsel and to Settling Defendants' attorneys copies of any and all Requests for Exclusion that are received by the Settlement Administrator.

36.     Within seven (7) days after the Final Approval Date, the Settlement Administrator shall establish an account from which to provide relief checks to settlement class members and ultimately from which to fund any *cy pres* aware to Legal Services of New Jersey.

37.     Within fourteen (14) days after the Final Approval Date, Wells Fargo Dealer Services shall fund the bank account established by the Settlement Administrator with the entire $141,900 settlement amount via wire transfer or any other method with immediate availability.   Within twenty-one (21) days after the Final Approval Date, the Settlement Administrator shall mail relief checks to all class members who did not opt-out of the settlement.

38.     The relief checks will be mailed along with a cover letter from Class Counsel.

39.     Each relief check shall conspicuously include:

    a.     The date on which the check shall expire.  This expiration date shall be 126 days from the date the checks are mailed.  If a check is reissued and remailed to a Settlement Class Member the new check shall have the initial expiration date as long as there are at least 30 days remaining from the date it is mailed until the expiration date, the re-issued check shall have an expiration date of 30 days from the date it is mailed.

    b.     The phrase: "Settlement Proceeds from the Class Action Settlement in Pollitt v. Wachovia et al."

40.     The checks shall be drawn on the account of a bank that has more than twenty (20) branches located in the State of New Jersey.

41.     The Settlement Administrator shall provide Class Counsel and Settling Defendants' attorneys with a certification containing a report of the number of checks cashed within thirty (30) days after the last class member check expiration date.   The report shall include a cumulative report of the number of checks cashed together with the names of the persons who either cashed or did not cash their respective check or if the check was undeliverable and the amount of the *cy pres* check.

42.     Along with the report referenced in the preceding paragraph, the Settlement Administrator shall deliver to Class Counsel via Andrew R. Wolf, Esq. at his office

located in North Brunswick, New Jersey, a check payable to Legal Services of New Jersey in the amount of the remaining funds in the settlement account. Class Counsel shall deliver to the *cy pres* check to Legal Services of New Jersey within ten (10) days of receipt.

43.     Wells Fargo Dealer Services has represented to Class Counsel that is records contain a last known address for each member of the Settlement Class. Based on this representation, Class Counsel believes that mailed notice is adequate. Should the Court determine that additional notice including publication notice is necessary, Wells Fargo Dealer Services agrees to pay all costs for the additional notice.

**X.     Reasonable Attorney's Fees and Costs**

44.     Subject to the Court's approval, Wells Fargo Dealer Services agrees to pay Class Counsels' reasonable attorneys' fees not to exceed $160,000 and costs in the amount of $4,000.

45.     The fees are in addition to the settlement benefits each Settlement Class Member will be receiving and are the sole property of Class Counsel, not the members of the Settlement Class. This payment shall be made via check made payable to The Wolf Law Firm, LLC deliverable to that firm no later than seven (7) days of final approval of the settlement by the Court following the Final Approval Date.

46.     The Wolf Law Firm, LLC and the Law Office of Christopher J. McGinn have previously agreed to the manner in which such counsel fees and costs are to be divided between them. The Wolf Law Firm, LLC shall have sole responsibility for payment of the McGinn firm's share of such counsel fees and costs. The amount set forth herein

-14-

does not include any time that may be spent enforcing any breach of this Settlement Agreement.

## XI. Miscellaneous

47. Settling Defendants deny any violation and liability, and this settlement agreement is not an admission of liability as to any claim or of any fact alleged by Plaintiff.

48. The Settling Parties will cooperate in seeking certification of the Class for settlement purposes and will cooperate in seeking both preliminary approval and final approval of the Settlement consistent with the terms and provisions of this Agreement.

49. The Setting Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to this Litigation and the Released Claims. The Settlement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim.

50. If the Court indicates, prior to making a final ruling on the Settlement, that the Settlement will not be approved unless certain changes are made, the Settling Parties will attempt in good faith to reach agreement to those changes prior to withdrawing from this agreement. However, if no such agreement can be reached within sixty days Plaintiff or Settling Defendants may terminate this Agreement. If this Agreement is terminated under such circumstances, Plaintiff, Settling Defendants, and each of the Settling Class Members shall be deemed to be in the same position as existed prior to its execution, with the same *status quo* ante rights and interests as they may have had absent the entry by Settling Defendants and Plaintiff into this Agreement and all other understandings and

agreements between the parties and their respective counsel relating to the settlement, shall be deemed to be null and void and of no force and effect. In that event, the parties will jointly notify the Court of the need to decide class certification as a contested motion.

51.     If the proposed settlement does not receive the Court's final approval, should final approval be reversed on appeal, or should the proposed settlement otherwise fail to become effective for any reason, the Court's preliminary approval of certification of the settlement Classes shall be vacated and become null and void without further Court action or Order of the Court. In that even, the Settling Parties shall be placed in the *status quo ante* the settlement agreement being executed. In addition, if any valid and timely objections to the Settlement are filed by a Settlement Class Member, then the time periods specified herein shall be extended and occur only after the expiration of all appeal periods or after a resolution is reached by the Settling Parties.

52.     The Agreement may be amended or modified only by a written instrument executed by all Settling Parties or their respective successors-in-interest.

53.     Nothing in this Agreement shall obligate Settling Defendants to pay any fees, costs, or expenses of any Class Member who objects to or opts out of the Settlement.

54.     In any dispute between the Settling Parties regarding the terms of this Settlement, all terms of this Agreement shall be governed and interpreted according to the substantive laws of the State of New Jersey, without reference to its conflict of law principles. This agreement shall be deemed to have been drafted equally by the Settling Parties and shall not be construed strictly against Plaintiff of Settling Defendants.

55.   This Agreement may be executed in counterparts and/or by facsimile signatures with the same force and effect as if executed in one complete document with the original signature of the Settling Parties.

56.   Counsel for the Settling Parties named herein represent that they are authorized to enter into this Agreement with full knowledge and authority of their clients.

This Settlement is agreed to effective January *26*, 2012 by:

**IN WITNESS WHEREOF,** the Settling Parties hereto evidence their agreement by the signatures of their attorneys.

Andrew R. Wolf, Esq.
The Wolf Law Firm, LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
Attorneys for Pollitt

Dated: January *26*, 2012

Christopher J. McGinn, Esq.
The Law Office of Christopher J. McGinn
75 Raritan Ave., Suite 220
Highland Park, NJ 08904
Attorneys for Pollitt

Dated: January *26*, 2012

John D. North, Esq.
Greenbaum, Rowe, Smith & Davis LLP
99 Wood Avenue South
Iselin, NJ 08830
Attorneys for Wells Fargo Dealer Services

Dated: January *26*, 2012

Warren F. Sperling
Bennett, Bricklin & Salzburg LLC
Executive Mews, Suite H-43
1930 E. Marlton Pike
Cherry Hill, NJ 08003
Attorneys for State Line
Dated: January _____, 2012

-17-

55.    This Agreement may be executed in counterparts and/or by facsimile signatures with the same force and effect as if executed in one complete document with the original signature of the Settling Parties.

56.    Counsel for the Settling Parties named herein represent that they are authorized to enter into this Agreement with full knowledge and authority of their clients.

This Settlement is agreed to effective January _26_, 2012 by:


IN WITNESS WHEREOF, the Settling Parties hereto evidence their agreement by the signatures of their attorneys.


Andrew R. Wolf, Esq.
The Wolf Law Firm, LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
Attorneys for Pollitt

Dated: January _26_, 2012


Christopher J. McGinn, Esq.
The Law Office of Christopher J. McGinn
75 Raritan Ave., Suite 220
Highland Park, NJ 08904
Attorneys for Pollitt

Dated: January _26_, 2012

John D. North, Esq.
Greenbaum, Rowe, Smith & Davis LLP
99 Wood Avenue South
Iselin, NJ 08830
Attorneys for Wells Fargo Dealer Services

Dated: January _____, 2012


Warren F. Sperling
Bennett, Bricklin & Salzburg LLC
Executive Mews, Suite H-43
1930 E. Marlton Pike
Cherry Hill, NJ 08003
Attorneys for State Line
Dated: January _26_, 2012

-17-